Timothy T. Scott (SBN 126971)
tscott@sidley.com
Geoffrey M. Ezgar (SBN 184243)
gezgar@sidley.com
Paul L. Yanosy (SBN 233014)
pyanosy@sidley.com
Ryan M. Sandrock
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone:    (415) 772-1200
Facsimile:     (415) 772-7400

Paul E. Kalb, M.D.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:    (202) 736-8000
Facsimile:     (202) 736-8711

Nina M. Gussack
Andrew R. Rogoff
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:    (215) 981-4000
Facsimile:     (202) 981-4750

Attorneys For Defendant
ELI LILLY AND COMPANY

**Conformed Copy**

C 07 4911

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

EMC

| | |
|---|---|
| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

F1 1471964v.3

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that defendant Eli Lilly and Company, Inc. ("Lilly") hereby

3    removes to this Court the above-captioned case, originally filed in the Superior Court of California

4    in and for the City and County of San Francisco, on federal question grounds pursuant to 28 U.S.C.

5    §§ 1331, § 1367, and 1441(b).

6    As explained in detail below, this Court has original jurisdiction under 28 U.S.C. § 1331 in

7    this case because Plaintiffs expressly allege violations of, and "liability under," the federal False

8    Claims Act, 31 U.S.C § 3729. *See* Compl. ¶¶ 64, 210-211 & p.43. In addition, and independent of

9    Plaintiffs' claims under the federal False Claims Act, this Court also has jurisdiction of Plaintiffs'

10    state law claims for violation of the California False Claims Act under 28 U.S.C. § 1331 because

11    those claims "necessarily depend[] on resolution of a substantial question of federal law." *Franchise*

12    *Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Grable & Sons Metal*

13    *Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

14    In support of removal, Lilly states as follows:

15    1.    This action was originally filed on May 11, 2007 *under seal* in the Superior Court of

16    the State of California in and for the City and County of San Francisco, captioned as *State of*

17    *California ex. rel. Jaydeen Vicente and Jadeen Vicente Individually, Plaintiffs, v. Eli Lilly and*

18    *Company, Defendant*, Case Number CGC-07-463338.

19    2.    On July 10, 2007, the State of California declined to intervene in this action.

20    3.    Plaintiffs served Lilly with a copy of the Complaint and Summons on August 22,

21    2007. This Notice of Removal is timely, having been filed within thirty (30) days of service. *See* 28

22    U.S.C. § 1446(b).

23    4.    This action involves allegations regarding the FDA-approved medicine Zyprexa®,

24    which allegations are also made in multidistrict litigation captioned *In re Zyprexa Products Liability*

25    *Litigation*, MDL No. 1596, pending before the Honorable Jack B. Weinstein in the United States

26    District Court for the Eastern District of New York. Similar Zyprexa-related suits against Lilly by

27    several States are already pending in MDL No. 1596.

28

Fl 1471964v.3

5.      Lilly intends to file shortly a Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation ("JPML"), asking this Court to stay this action pending its transfer to MDL No. 1596. A stay will conserve the Court's and the parties' resources and prevent inconsistent rulings on global issues that arise repeatedly in actions involving Zyprexa. For this reason, courts in more than 100 other cases have granted stays pending transfer of Zyprexa-related actions to MDL No. 1596

6.      True and correct copies of the Civil Case Cover Sheet, Proof of Service of Summons, State of California's Notice of Election to Decline Intervention Pursuant to Government Code Section 12652(c)(8)(D)(ii), Confidential Cover Sheet – False Claims Action, Civil Case Cover Sheet, Notice to Plaintiff of Case Management Conference, Stipulation to Alternative Dispute Resolution, and Judicial Mediation Program and Alternative Dispute Resolution (ADR) Information Package, Service of Process Summary Transmittal Form, Confidential Cover Sheet – False Claims Action, Proof of Service of Relators' Statement on the Office of the Attorney General in Sacramento, Proof of Service of Relators' Statement on the Office of the Attorney General in San Francisco, Proof of Service of Complaint For Damages [Under Seal]; Civil Case Cover Sheet; Confidential Cover Sheet – False Claims Action; Confidential Cover Sheet – False Claims Action on the Office of the Attorney General in Sacramento, and Complaint for Damages served on Lilly are attached hereto as Exhibit A. Exhibit A constitutes all process, pleadings or orders served on Lilly as of the date of filing this Notice of Removal.

7.      Lilly will be filing a true and correct copy of this Notice of Removal with the Superior Court of California in and for the City and County of San Francisco and will serve the same on all parties of record pursuant to 28 U.S.C. § 1446(d).

## THE COMPLAINT

8.      Plaintiffs' Complaint alleges that Lilly illegally promoted the drug Zyprexa® for indications not approved by the United States Food and Drug Administration ("FDA") in violation of the Federal Food Drug and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and federal regulations promulgated thereunder. *See, e.g.*, Compl. ¶¶ 37-51, 54-63.

F1 1471964v.3

1    9.    The Complaint further alleges that Lilly violated the federal Medicare and Medicaid

2    Anti-Kickback Statute, 42 U.S.C. § 1320, *et seq.* ("AKS"), by allegedly paying to physicians "illegal

3    remuneration" in the forms of "'speaker fees,' honoraria, unrestricted educational grants and other

4    gratuities as *quid pro quo* for volume prescription writing of Zyprexa" to patients. Compl. ¶¶ 198

5    (p. 40, 42)[1], 192-201 (pp. 38-40), 202-211 (pp. 43-44).[2]

6    10.    Plaintiffs surmise that, a result of Lilly's alleged violations of *federal* law – including

7    Lilly's alleged "off-label" promotion of Zyprexa in violation of the FDCA and its alleged illegal

8    payments to physicians and others in violation of AKS – false claims for reimbursement were

9    submitted to *both* the federal Medicare and state Medicaid programs. *See, e.g.,* Compl. ¶ 50

10   (alleging that numerous allegedly false claims were submitted to the "Medicaid/Medicare programs

11   for reimbursement").

12   11.    According to Plaintiffs' Complaint, these claims were "false" because *federal law*

13   precluded reimbursement of claims that did not meet the federal definition of "covered outpatient

14   drug" and each of the individual uses for which the drug was prescribed (and a claim for

15   reimbursement submitted) was not "approved by the FDA, or supported by one of the three

16   specifically identified compendia." Compl. ¶ 39 (citing 42 U.S.C.A. §§ 1396r-8, 1396(k)(3),

17   1396(k)(6) & 1396(g)(1)(b)(i)). Plaintiffs contend that the alleged submission of these claims that

18   were not eligible for reimbursement constitutes "**[p]redicate Acts Giving Rise to Liability Under**

19   **the State <u>and Federal False Claim Acts</u>**." Compl. at p.43 (underline added, bold in original).

20   12.    Based on these allegations (which are incorporated by reference in each of Plaintiffs'

21   Causes of Action), the Complaint purports to allege the following four counts, entitled: (1) First

22   Cause of Action, California False Claims Act, California Government code § 12650 et seq.; (2)

23   Second Cause of Action, Conspiracy to Submit False Claims in Violation of the California False

24   Claims Act, California Government Code § 12651(a)(3); (3) Third Cause of Action, Violation of

25

26

27   [1] The Complaint contains two different versions of paragraphs 194-208 (pp. 39-44). Citations to both paragraph and page therefore have been included where necessary to eliminate any confusion.
     [2] Lilly denies all of Plaintiffs' allegations of wrongdoing.

28

FI 1471964v.3

1   Business & Professions Code § 17200; and (4) Fourth Cause of Action, Violation of Business &

2   Professions Code § 17500.

3       13.    Plaintiffs seek treble damages, civil penalties and fines, attorney fees, and costs of

4   suit.

### FEDERAL QUESTION JURISDICTION

**A.    This Court Has Original Jurisdiction Over Plaintiffs' Federal False Claims Act Claims**

7      14.    Title 28 U.S.C. § 1441(b) provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

15.    Although Plaintiffs have artfully avoided enumerating or captioning their federal False Claims Act allegations as one of their four Causes of Action, Plaintiffs' Complaint expressly alleges liability under the federal False Claims Act. *See* Compl. at p. 43 (alleging that Lilly is liable "[u]nder the State and Federal False Claim Acts") (emphasis added); ¶ 210 (alleging "Lilly's liability under §§ 3729(a)(1) and (a)(2) of the Federal False Claims Act . . . .") (emphasis added); ¶ 211 (alleging "Lilly's conduct is also punishable under . . . the Federal False Claims Act") (emphasis added); ¶ 64 (citing federal False Claims Act).[3]

16.    Because Plaintiffs expressly allege violations of the federal False Claims Act, this Court has federal question jurisdiction over those claims, and Plaintiffs' entire Complaint is properly removable to this Court. *See* 28 U.S.C. § 1367 (providing supplemental jurisdiction over all related state law claims).

---

[3] The fact that Plaintiffs' federal False Claims Act claims are procedurally improper or wholly without merit does not defeat removal jurisdiction. *See* Schwarzer, Tashima & Wagstaffe, California Practice Guide – Federal Civil Procedure Before Trial §2:700 at 2D-48 (The Rutter Group 2007) ("If plaintiff is asserting a federal claim (whether or not meritorious), defendant has the right to a federal forum. Removal is therefore proper even if plaintiff's federal claim is meritless") (citing *Barraclough v. ADP Automotive Claims Services*, 818 F. Supp. 1310, 1312 (N.D. Cal. 1993) ("A plaintiff should not be permitted to effectuate remand by pointing out the flaws in her own compliant, in effect arguing for dismissal of that claim.")).

**B.    Plaintiffs' California False Claims Act Allegations Necessarily Depend on Resolution of Disputed and Substantial Federal Questions**

17.    Independent of Plaintiffs' federal False Claims Act claims, this Court also has federal-question jurisdiction over Plaintiffs' state law Claims for violation of the California False Claims Act (the First and Second Causes of Action) under 28 U.S.C. § 1331 and the principles set forth in *Grable*, 545 U.S. 308.

18.    The United States Supreme Court's decision in *Grable* held that federal question jurisdiction did not require the plaintiff to have asserted a violation of a federal statute providing a private parallel right of action.[4]  Rather, under *Grable*, a case asserting only state law causes of action is removable if it raises a substantial federal question, "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable,* 545 U.S. at 314-320.

19.    As more fully explained below, Plaintiffs' claims require construction and application of three areas of federal law:  (1) the FDCA, 21 U.S.C. § 301, *et seq.* and implementing federal regulations which govern approval of new drugs and regulate prescription drug manufacturers' promotional statements, including all aspects of warnings in labeling and advertising; (2) the federal Medicare and Medicaid Anti-Kickback Statute, 42 U.S.C. § 1320, *et seq.* ("AKS"), which prohibits certain remuneration with respect to the sale of prescription drugs; and (3) federal Medicaid law, which determines the drugs for which a State can decline to pay, *see* 42 U.S.C. §§ 1396r-8(d)(B), (d)(4).

20.    In *In re Zyprexa Prod. Liab. Litig.*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005), the federal court held that it had federal question jurisdiction over virtually identical state law claims by Louisiana involving Lilly's marketing of Zyprexa and Louisiana's payments for Zyprexa and under its Medicaid program.  The court found that references in the complaint to federal funding provisions and laws and allegations related to marketing for non-FDA approved uses demonstrate "a core of

---

[4] *Grable* limited *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804 (1986), to the extent *Merrell Dow* implied or held that a federal cause of action was required to remove a pharmaceutical product liability case.

F1 1471964v.3

1 | substantial issues" that were federally oriented. *Id. at 172-73; see also West Virginia v. Eli Lilly and*

2 | *Company*, 476 F. Supp. 2d 230 (E.D.N.Y. 2007) (denying motion to remand in action by Mississippi

3 | involving substantially same allegations).

4 |     21.    Similarly, in a case involving Medicaid drug pricing, this Court in *County of Santa*

5 | *Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022 (N.D. Cal. 2005) invoked federal question

6 | jurisdiction under *Grable* because the plaintiff's state law claims against pharmaceutical

7 | manufacturers for allegedly overcharging plaintiff for Medicaid drugs presented substantial

8 | questions of federal law. *Id.* at 1031. In concluding that Medicaid drug pricing issues merited

9 | federal jurisdiction, the court observed that one measure of evaluating substantiality is "the

10 | importance of the federal issue." *Id.* at 1027. The court noted that "[u]nder this approach, the

11 | following issues have been found to be substantial: those that directly affect the functioning of the

12 | federal government, those in an area reserved for exclusive federal jurisdiction, and those that impact

13 | a complex federal regulatory scheme." *Id.*

14 |     22.    Because Plaintiffs' claims in this case, like those in *Grable, In re Zyprexa, West*

15 | *Virginia* and *County of Santa Clara*,[5] will necessarily involve the resolution of disputed and

16 | substantial federal questions in the context of three complex and inter-related federal regulatory

17 | schemes, this Court has federal question jurisdiction

### 1.    Plaintiffs' Right to Relief Requires Resolution of Disputed and Substantial Issues Under the FDCA

20 |     23.    At the heart of this case are claims based on alleged violations of the FDCA by Lilly,

21 | in particular, that Lilly illegally promoted Zyprexa for various uses that are allegedly "off-label" and

---

[5] Although other federal courts have recently declined to exercise removal jurisdiction in Zyprexa-related false claims suits, those cases are all distinguishable because, unlike Plaintiffs' allegations herein, the plaintiffs in those cases did not allege violations of the *federal* False Claims Act. *See Alaska v. Eli Lilly & Co.*, 2006 WL 2168831 (D. Alaska July 28, 2006); *Utah. v. Eli Lilly & Co.*, 2007 WL 2482397 (D. Utah Sept. 4, 2007); *South Carolina v. Eli Lilly & Co.*, 2007 WL 2261693 (D. S.C. Aug. 3, 2007). The Utah decision is further distinguishable because, unlike in this case, there were independent state-law bases for deciding plaintiff's state False Claims Act claims, which relied on state-law definitions of, for example, "medically necessary." *See, e.g., Utah*, 2007 WL 2482397 at *4 (noting that plaintiff's claims were based in part on two provisions of Utah law and concluding that "[g]iven these multiple bases, resolution of [the state false claims act cause of action] does not hinge solely on a federal question.") Here, however, the Complaint does not allege any cognizable standard of California law as a basis for its claims under the California False Claims Act. Rather, resolution of Counts I and II will turn entirely on disputed and substantial federal questions. *See*, ¶¶ 17-37.

F1 1471964v.3

1   not "medically accepted indications," both concepts defined according to federal law, thereby

2   causing harm to California.[6]  For example, the Complaint alleges that by illegally marketing Zyprexa

3   for off-label uses, Lilly caused physicians and pharmacies to request Medicaid reimbursement for

4   uses for which Zyprexa was not eligible under the Medicaid Program.  Compl. ¶¶ 49-50.  The same

5   basic allegations were made by the States of Louisiana, West Virginia and Mississippi against Lilly

6   with respect to Zyprexa.  *See In re Zyprexa Prods. Liab. Litig.*, 375 F. Supp. 2d 170 (E.D.N.Y.

7   2005); *West Virginia v. Eli Lilly and Company*, 476 F. Supp. 2d 230 (E.D.N.Y. 2007); *Hood v. Eli*

8   *Lilly and Company*, 2007 WL 1601482 (E.D.N.Y. June 5, 2007).  Lilly disputes these allegations,

9   including specifically the allegation that it violated the FDCA by marketing the drugs for uses that

10  are not medically necessary or indications that are not medically accepted.

11          24.     As a currently marketed prescription drug, Zyprexa is subject to extensive regulation

12  by the FDA.  The FDCA requires the FDA to ensure that "drugs are safe and effective" for their

13  intended uses, 21 U.S.C. § 393(b)(2)(8), in part by "promptly and officially reviewing clinical

14  research and taking appropriate action on the marketing of regulated products."  21 U.S.C.

15  § 393(b)(1).  The Commissioner of the FDA has the authority to promulgate regulations to enforce

16  the FDCA, which are codified in the *Code of Federal Regulations*, 21 C.F.R. § 1, *et seq.  See*

17  21 U.S.C. § 371(a).

18          25.     Promotional claims to physicians about Zyprexa are regulated by the FDA to ensure

19  that the claims are in compliance with the FDCA and FDA implementing regulations.  Of particular

20  relevance, the FDA reviews promotional materials to assure that they do not create new "intended

21  uses" for which adequate directions are, in the absence of FDA approval of the drug for that use,

22  lacking, thereby violating Section 502(f)(1) of the FDCA, 21 U.S.C. § 352(f)(1).  The FDA also

23  reviews promotional labeling to assure that it does not recommend or suggest conditions of use that

24  would make the drug an "unapproved new drug" under section 505(a), 21 U.S.C. § 355(a), the

25  distribution of which in interstate commerce would violate federal law.  Detailed regulations

26

27          [6] Promotion for non-FDA approved uses is "a promotion that violates the [FDA's] strictures on off-label
    marketing."  *United States ex rel. Franklin v. Parke-Davis, Div. of Warner-Lambert Co.*, 2003 WL 22048255, at *2 (D.
28  Mass. Aug. 22, 2003).

NOTICE OF REMOVAL

F1 1471964v.3

1   implementing these general provisions, as well as a general statutory prohibition against labeling that

2   is false or misleading "in any particular," appear in 21 C.F.R. § 201 and 202. *See also* 21 C.F.R. §§

3   310 and 314 ("new drug" and "new drug" approval requirements).

4         26.    As an integral part of this comprehensive statutory and regulatory scheme governing

5   the content of promotional claims, the FDA has crafted a number of rules and policies expressly

6   allowing manufacturers to engage in the non-promotional dissemination of information to physicians

7   about new drugs and new uses of approved drugs. FDA regulations expressly permit scientific

8   exchange by manufacturers and their representatives about investigational new drugs and

9   investigational uses of approved new drugs. *See* 21 C.F.R. 312.7(a). The FDA has also recognized

10   that manufacturer dissemination of scientific information – through reprints of medical journal

11   articles, support of CME, and responses to unsolicited requests for information – is not only allowed

12   but entirely appropriate and, indeed, a necessary corollary of the agency's long-standing policy of

13   non-interference in physician decisions to prescribe approved drugs off-label as part of medical

14   practice. *See, e.g.*, 59 Fed. Reg. 59,820, 59,823 (Nov. 18, 1994) ("The agency has recognized the

15   need among health care professionals for peer review and dissemination of the latest significant

16   scientific data and information on drugs an devices in scientific journals."); 21 C.F.R. § 312.7 (pre-

17   approval promotion ban "is not intended to restrict the full exchange of scientific information

18   concerning the drug, including dissemination of scientific findings in scientific or lay media.").

19   Taken together, the content regulatory provisions of the FDCA and FDA regulations describe above,

20   and the various policies established by FDA to facilitate scientific exchange about off-label uses,

21   comprise a careful federal system balancing the scientific informational needs of physicians and the

22   public interest in assuring that commercial communications are truthful and non-misleading. And

23   above and beyond this, the courts have made clear that another source of federal law – the

24   Constitution – limits the government's ability to restrict the dissemination of truthful non-misleading

25   information concerning their products. *See, e.g.*, *Washington Legal Found. v. Friedman*, 13 F. Supp.

26   2d 51 (D.D.C. 1998), vacated on other grounds, *Washington Legal Found. v. Henney*, 128 F. Supp.

27

28

FI 1471964.v.3

1   2d 11 (D.D.C. 2000). Allegations regarding any specific communication must be resolved with

2   reference to this carefully balanced complex of *federal* law.

3       27.     The FDA's responsibility to regulate prescription drugs sold in the United States, and

4   to enforce laws with respect to such drugs, inclusive of the precise content and format of prescription

5   drug labeling (*e.g.*, the instructions, warning, precautions, adverse reaction information provided by

6   manufacturers, and marketing materials), is plenary and exclusive. *See* 21 U.S.C. § 301, *et seq.*

7       28.     Plaintiffs have made alleged violations of federal law a critical element of one or

8   more of its claims against Lilly. Accordingly, Plaintiffs' claims regarding the safety, labeling,

9   promotion and marketing of Zyprexa necessarily raise substantial federal questions by requiring the

10  Court to interpret the meaning of the FDCA and its implementing regulations.

11              **2.     Plaintiffs' Right to Relief Requires Resolution of Disputed and
                         Substantial Issues Under the AKS**

12

13      29.     Plaintiffs' False Claims Act claims also require resolution of disputed and substantial

14  issues under the federal AKS because they require resolution of whether specific items of

15  remuneration allegedly paid by Lilly would constitute a violation of the federal kick-back

16  prohibitions. For example, while Plaintiffs allege at paragraph 198 of the Complaint that Lilly

17  allegedly paid kick-backs in the form of "speaker fees,' honoraria, unrestricted educational grants

18  and other gratuities as *quid pro quo* for volume prescription writing of Zyprexa," Plaintiffs

19  elsewhere acknowledge (Compl. ¶ 200, p. 40), as they must, that not every payment made to a

20  physician violates AKS. To the contrary, the federal AKS only prohibits payments meant to

21  "induce" the recipient (1) to refer an individual to a person for the furnishing of or arranging for the

22  furnishing of any item or service for which payment may be made in whole or in part under a

23  Federal health care program, or (2) to purchase or lease, order or arrange for or recommend

24  purchasing, leasing or ordering any good, facility, service or item for which payment may be made

25  in whole or in part under a Federal Health care program. Compl. ¶ 192 (quoting 42 U.S.C. § 1320a-

26  7b(b)(2)(A) & (B)).

27      30.     Although Plaintiffs conclude that such remuneration was, in fact, paid, thereby

28  resulting in false claims being filed with the government, Plaintiffs cannot dispute (and indeed

10

NOTICE OF REMOVAL

FI 1471964 v.3

1   allege) that at least the stated purposes of those payments were legitimate, including speaker fees,

2   honoraria, and educational grants.  Compl. ¶ 198 (p. 40, 42) (alleging that "Lilly paid, and physicians

3   accepted, cash payments thinly-veiled as 'speaker fees,' honoraria, and . . . educational grants").

4   Calling them "thinly-veiled," however, only begs the question.  In each instance, Plaintiffs must

5   prove and the Court examine the individual circumstances of the payment and services provided to

6   determine if there was a violation of the AKS.  Furthermore, there are statutory exceptions and

7   regulatory safe harbors under the federal AKS that expressly protect certain payments, including

8   payments provided by pharmaceutical manufacturers to both physician and non-physician service

9   providers, that comply with the safe harbor requirements.  Indeed, depending on the circumstances

10  of the payments and the services provided, the personal services safe harbor, 42 C.F.R. §

11  1001.952(d), may in fact insulate as a matter of law many of the payments Plaintiffs allege were

12  improper.  Determination of the alleged impropriety of these payments thus involves an analysis of

13  complex *federal* statutes and regulations.

14        31.     California's Health & Safety Code §§ 119400-02 (also cited by Plaintiffs) does not

15  provide an alternative and independent state law basis for imposing False Claims Act liability.

16  Unlike the AKS, the California statutes do not impose any substantive limits on remuneration to

17  health care providers; rather, as Plaintiffs' allegations make clear, they merely require manufacturers

18  to establish compliance programs which implement a self-imposed and self-defined "'specific

19  annual dollar limit on gifts, promotional materials, or items or activities" that the manufacturer may

20  provide to medical or health care professionals.'"  Compl. ¶ 206 (p. 41) (quoting Calif. Health &

21  Safety Code § 119402(c)-(d)).  Plaintiffs do not allege that Lilly failed to adopt such a compliance

22  policy or failed to adhere to the policy it adopted.  Moreover, nothing in that compliance policy is in

23  any way tied to a claim for reimbursement, which is, of course, a necessary element for liability

24  under the California False Claims Act.

25

26

27

28

FI 1471964v.3

### 3.  Plaintiffs' Right to Relief Requires Resolution of Disputed and Substantial Issues Under Federal Medicaid Law

32.    Plaintiffs' claims also raise disputed and substantial questions of federal law under the Social Security Act because they depend upon the interpretation and application of federal statutory provisions governing a State's reimbursement for prescription medicines. Plaintiffs' Complaint admits as much. *See* Compl. ¶ 37 (alleging that "[f]ederal statutes and regulations restrict the drugs and drug uses that the federal and state governments will pay for Medicaid programs."). In particular, the Complaint alleges that, under federal law, reimbursement of Medicaid claims is limited to "covered outpatient drug[s]," defined as "those drug[s] prescribed to treat medically excepted [sic] indications." Compl. ¶ 39 (citing 42 U.S.C. § 1396(k)(3). According to the Complaint, federal law further defines a "medically accepted indication" as "any use approved by the FDA, or supported by one of the three specifically identified compendia." Compl. ¶ 39 (citing 42 U.S.C.A. § 1396(k)(6)).

33.    These federal definitions and rules are indispensable to Plaintiffs' state law causes of action for violation of the California False Claims Act. For example, Plaintiffs allege that "[w]hether the use of a drug is medically necessary was material to Medicaid's decision to reimburse for prescription" (Compl. ¶ 42), however, "[u]se of Zyprexa, for example, for dementia, or for anxiety or depression in the elderly is not supported by the compendia as medically safe and effective, and therefore should not have been covered by the State of California's Medicaid programs." Compl. ¶¶ 42-43.

34.    The federal Medicaid program authorizes federal grants to states to provide medical assistance to low income individuals. 42 U.S.C. § 1396, *et seq*. "Although participation in the program is voluntary, participating States must comply with certain requirements imposed by the Act and regulations promulgated by the Secretary of Health and Human Services." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 502 (1990).

35.    Federal law requires the States, subject to certain narrow exceptions, to reimburse FDA-approved prescription drugs of any manufacturer that has entered into and complies with a

F1 1471964v.3

1    rebate agreement with the Secretary of Health and Human Services, 42 U.S.C. § 1396r-8(d)(4)(B).

2    Thus, California is required under federal law to reimburse for drugs, such as Zyprexa, if the

3    manufacturer complies with federal requirements.

4          36.    The only time a state can exclude from its formulary (or preferred drug list) a covered

5    outpatient drug subject to a rebate agreement is "with respect to the treatment of a specific disease or

6    condition for an identified population . . . if, based on the drug's labeling . . . the excluded drug does

7    not have a significant clinically meaningful therapeutic advantage in terms of safety, effectiveness,

8    or clinical outcome of such treatment for such population over other drugs included in the formulary

9    and there is a written explanation (available to the public) of the basis for the exclusion." 42 U.S.C.

10    § 1396r-8(d)(4)(D). Moreover, even a decision to require prior authorization must satisfy federally-

11    mandated requirements. 42 U.S.C. §§ 1396r-8(d)(4)(E), (d)(5). Thus, every step a state takes with

12    regard to Medicaid coverage of an FDA-approved drug is subject to strict federal mandates.

13          **4.    The Federal Interest in Providing a Forum**

14          37.    The federal government has a strong interest in having a federal court decide several

15    of the issues in this case. Among these issues are (1) whether any conduct of Lilly, including the

16    alleged marketing of Zyprexa for unapproved or non-medically necessary uses, violated any federal

17    laws or regulations related to the labeling and marketing of drugs; (2) whether Lilly's alleged

18    dissemination of information about such uses was protected by the First Amendment of the United

19    States Constitution; (3) whether the federal AKS prohibited certain payments made by Lilly to

20    physicians for, *inter alia*, speaker fees, honoraria, and educational grants; and (4) whether federal

21    Medicaid law permitted reimbursement for the uses in which Zyprexa was prescribed.

22          38.    Plaintiffs' claims may be vindicated or defeated only by construction of federal

23    statutes and regulations. The availability of a federal forum to protect the important federal interests

24    at issue is therefore consistent with *Grable*, and determination by a federal court of the substantial

25    and disputed federal issues that lie at the heart of this case would not "disturb any congressionally

26    approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

27              *     *     *     *     *

28

Fl 1471964v.3

1
WHEREFORE, Lilly notices the removal of this case to the United States District Court for

2
the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1367, & 1441, et seq.

3

4
Dated:  September 21, 2007                    SIDLEY AUSTIN LLP

5

6
By:

7
Geoffrey M. Edgar

8
Attorneys For Defendant
ELI LILLY AND COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF1 1471964v.3

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Sidley Austin LLP, 555 California Street, San Francisco, California 94104.

On September 21 , 2007, I served the foregoing document(s) described as **NOTICE OF REMOVAL** on all interested parties in this action as follows (or as on the attached service list):

☒ (U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope for collection and mailing at Sidley Austin LLP, San Francisco, California. I am readily familiar with the Firm's business practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid.

☐ (U.S. EXPRESS MAIL) I served the foregoing document(s) by Express Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope for collection and mailing at Sidley Austin LLP, San Francisco, California. I am readily familiar with the Firm's practice for collection and processing of correspondence for mailing via Express Mail. Under that practice, the Express Mail would be deposited in the United States Postal Service on that same day in the ordinary course of business, with Express Mail postage thereon fully prepaid.

☐ (FACSIMILE) I caused the foregoing document(s) to be served by facsimile transmission from facsimile machine number (415) 772-7400 to the interested party at the facsimile telephone numbers shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☐ (FEDERAL EXPRESS) I served the foregoing document(s) by Federal Express as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope for collection and mailing at Sidley Austin LLP, San Francisco, California. I am readily familiar with the Firm's practice for collection and processing of correspondence for mailing via Federal Express (an express service carrier which provides overnight delivery). Under that practice, the sealed, addressed envelope(s) are delivered to an authorized courier or driver authorized by Federal Express the same date they are collected and processed, with all charges paid.

☐ (HAND DELIVERY) I caused the document(s) to be delivered by hand by a courier service to the addressee(s) shown above unless otherwise noted.

☐ (E-MAIL) I caused the document(s) to be delivered by e-mail to each interested party as shown above.

☐ (LEXIS NEXIS) I caused the document(s) to be delivered by e-mail by Lexis Nexis File & Serve to each interested party as shown above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 21, 2007, at San Francisco, California.

By: _Gabriela Rodriguez_

Gabriela Rodriguez

FI 1471964v.3

## SERVICE LIST

Nancy Hirsh, Esq., State Bar No. 49091 (By Hand Delivery and U.S. Mail)
Mark E. Burton, Jr. Esq., State Bar No. 178400
Rachel Abrams, Esq., State Bar No. 209316
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
(415) 441-5544

Mark Zahner, Chief Prosecutor, State Bar No. 137732
Brian V. Frankel, Supervising Attorney General, State Bar No. 116802
1455 Frazee Road, Suite 315
San Diego, CA 92108
(619) 688-6065

Edmund G. Brown, Jr., Attorney General of the State of California
Office of the Attorney General
1300 "I" Street
P.O. Box. 944255
Sacramento, CA 94244-2550

F1 1471964v.1

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | CALIFORNIA STATE BAR | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
NANCY HERSH, ESQ.
HERSH & HERSH, A Professional Corp.
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6396

CALIFORNIA STATE BAR
49091

TELEPHONE NO.: (415) 441-5544     FAX NO.:

ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, CA  94102
CITY AND ZIP CODE:
BRANCH NAME: Unlimited Jurisdiction

IMAGED

CASE NAME:   VICENTE v. ELI LILLY AND COMPANY

**FILED**
San Francisco County Superior Court

MAY 1 1 2007

GORDON PARK-LI, Clerk
BY: Param Watt
Deputy Clerk

AUG 2 8 2007

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-07-463338  JUDGE:  DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   - a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* 4

5. This case [ ] is [✓] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2007

RACHEL ABRAMS
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

4010

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NANCY HERSH, ESQ.<br>HERSH & HERSH, A Professional Corp.<br>601 Van Ness Avenue, Suite 2080<br>San Francisco, CA 94102-6396<br>    TELEPHONE NO.: (415) 441-5544     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>    ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>San Francisco County Superior Court<br><br>MAY 2 1 2007<br><br>GORDON PARK-LI, Clerk<br>BY_____<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
|---|
|     STREET ADDRESS: 400 McAllister Street |
|     MAILING ADDRESS: San Francisco, CA 94102 |
|     CITY AND ZIP CODE: |
|     BRANCH NAME: Unlimited Jurisdiction |

| | |
|---|---|
| PLAINTIFF/PETITIONER: JAYDEEN VICENTE<br><br>DEFENDANT/RESPONDENT: ELI LILLY AND COMPANY | CASE NUMBER:<br>CGC-07-463338 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [V] summons
   b. [V] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [V] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [V] other *(specify documents):* Confidential Cover Sheet-Complaint; Confidential Cover Sheet-Civil Case Cover Sheet
3. a. Party served *(specify name of party as shown on documents served):* Attorney General of California

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 1300 "I" Street, P.O. Box 944255, Sacramento, CA 94244-2550
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

       (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

PLAINTIFF/PETITIONER: JAYDEE      CENTE                                    BER:
                                                                          CGC-07-463338
DEFENDANT/RESPONDENT: ELI LILLY AND COMPANY

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. ☑ **by other means** *(specify means of service and authorizing code section):*
by certified mail, return receipt requested, pursuant to
Government Code §12652(c)(3)

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
a. Name: Judy Olasov
b. Address: 601 Van Ness Avenue, Suite 2080, San Francisco, CA 94102
c. Telephone number: (415) 441-5544
d. The fee for service was: $ -0-
e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
        (i) ☐ owner ☐ employee ☐ independent contractor.
        (ii) Registration No.:
        (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: May 21, 2007

JUDY OLASOV                ▶ *[signature]*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE )

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X *Matthew Woods*   □ Agent   □ Addressee <br> B. Received by ( *Printed Name* )   C. Date of Delivery |
| 1. Article Addressed to: <br><br> Office of the Attorney General <br> 1300 "I" Street <br> P.O. Box 944255 <br> Sacramento, CA 94244-2550 | D. Is delivery address different from item 1?   □ Yes <br> If YES, enter delivery address below:   □ No |
|  | 3. Service Type <br> ☒ Certified Mail   □ Express Mail <br> □ Registered   □ Return Receipt for Merchandise <br> □ Insured Mail   □ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)   □ Yes |
| 2. Article Number <br> (*Transfer from service label*) | 7004 0550 0000 1512 4932 |
| PS Form 3811, February 2004    Domestic Return Receipt | 102595-02-M-1540 |

1 | EDMUND G. BROWN JR.
Attorney General of the State of California

2 | MARK ZAHNER
Chief Prosecutor

3 | State Bar No. 137732
BRIAN V. FRANKEL

4 | Supervising Deputy Attorney General
State Bar No. 116802

5 | 1455 Frazee Road, Suite 315
San Diego, CA 92108

6 | Telephone: (619) 688-6065
Fax: (619) 688-4200

7 | Attorneys for STATE OF CALIFORNIA

**F I L E D**
San Francisco County Superior Court

JUL 1 0 2007

GORDON PARK-LI, Clerk

BY _____
Deputy Clerk

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF SAN FRANCISCO

10 |

11 | **THE STATE OF CALIFORNIA, ex rel.
JAYDEEN VICENTE and JAYDEEN**

12 | **VICENTE Individually,**

13 | **Plaintiffs,**

14 | v.

15 | **ELI LILLY AND COMPANY,**

16 | **Defendants.**

CASE NO. CGC-07-463338

**STATE OF CALIFORNIA'S
NOTICE OF ELECTION TO
DECLINE INTERVENTION
PURSUANT TO GOVERNMENT
CODE SECTION 12652(c)(8)(D)(ii)**

NO HEARING REQUIRED

Dept: 212

Trial Date: None Set
Action Filed: May 11, 2007

**[FILED UNDER SEAL Pursuant to
Government Code sections 12652
subdivision (c)(2) and
and California Rules of Court, rule
243.6]**

17 |
18 |
19 |
20 |
21 |
22 |

23 | **TO THE SUPERIOR COURT, STATE OF CALIFORNIA:**

24 |
25 | PLEASE TAKE NOTICE that pursuant to Government Code section 12652(c)(8)(D)(ii), the

Attorney General of the State of California elects to decline intervention in this matter.

26 | / / /

27 | / / /

28 |

---

1       In accordance with the provisions of California Government Code section 12652(f)(1), the

2   Attorney General of the State of California requests that he be served with copies of all future

3   pleadings filed in this action.

4   Dated: July 9, 2007.

                                        Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California
MARK ZAHNER
Chief Prosecutor
BRIAN V. FRANKEL
Supervising Deputy Attorney General

By BRIAN V. FRANKEL
Supervising Deputy Attorney General

Attorneys for STATE OF CALIFORNIA

---

**State of California's Notice of Election to Decline Intervention**

1

## DECLARATION OF SERVICE BY U.S. MAIL

2 Case Name: **THE STATE OF CALIFORNIA, ex rel. JAYDEEN VICENTE and JAYDEEN VICENTE v. ELI LILLY AND COMPANY**

3

Case No.: **CGC-07-463338**

4

I declare:

5

6 I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is: 110 West "A" Street, Suite 1100, San Diego,

7 California 92101.

8 On July 9, 2007, I served the attached **STATE OF CALIFORNIA'S NOTICE OF ELECTION TO DECLINE INTERVENTION** by placing a true copy thereof enclosed in a sealed envelope

9 with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

10

11 **Nancy Hersh, Esq.**
**Hersh & Hersh, APC**
12 **601 Van Ness Avenue, Ste. 2080**
**San Francisco, CA 94102-6388**
13 *Counsel for Relator*

14 I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 9, 2007, at San Diego, California.

15

16

17

18 _____          _____
         Shakira N. Anderson

19          Declarant                              Signature

20

21

22

23

24

25

26

27

28

State of California's Notice of Election to Decline Intervention

**CONFIDENTIAL**                                                    MC-060

| ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| NANCY HERSH, ESQ., SBN 49091<br>HERSH & HERSH, A Professional Corporation<br>601 Van Ness Avenue, Suite 2080<br>San Francisco, CA 94102-6388<br>TELEPHONE NO.: 415-441-5544   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR: [✓] PLAINTIFF [ ] OTHER (specify): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Unlimited Jurisdiction

PLAINTIFF:            [UNDER SEAL]

DEFENDANT:            [UNDER SEAL]

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

MAY 1 1 2007
GORDON PARK-LI, Clerk
BY: _____ PARAM NATT
Deputy Clerk

**CONFIDENTIAL COVER SHEET—FALSE CLAIMS ACTION**

CASE NUMBER:
**CGC-07-46333Ω**

| INSTRUCTIONS: This civil action is brought under the False Claims Act, Government Code section 12650 et seq. The documents filed in this case are under seal and are confidential pursuant to Government Code section 12652(c).<br><br>This Confidential Cover Sheet must be affixed to the caption page of the complaint and to any other paper filed in this case until the seal is lifted.<br><br>You should check with the court to determine whether papers filed in False Claims Act cases must be filed at a particular location. | Seal to expire on (date):<br>July 10, 2007<br>**UNLESS:**<br>(1) Motion to extend time is pending; or<br>(2) Extended by court order |

1. The document to which this cover sheet is affixed is:
   a. [ ]  Complaint for damages for violation of the False Claims Act
   b. [✓]  Civil Case Cover Sheet (form 982.2(b)(1))
   c. [ ]  Motion for an extension of time to intervene
   d. [ ]  Affidavit or other document in support of the motion for an extension of time
   e. [ ]  Order extending time to intervene (specify date order expires):
   f. [ ]  Other order (describe):

   g. [ ]  Notice from the Attorney General of additional prosecuting authority that may have access to the file
   h. [ ]  Other (describe):

2. This Confidential Cover Sheet and the attached document must each be separately file-stamped by the clerk of the court.

Date: May 11, 2007

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
MC-060 [Rev. January 1, 2007]

**CONFIDENTIAL COVER SHEET**
**FALSE CLAIMS ACTION**

Gov. Code, § 12652(c);
Cal. Rules of Court, rules 2.570,2.573
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | CALIFORNIA STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NANCY HERSE, ESQ.
HERSH & HERSH, A Professional Corp.
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396

49091

TELEPHONE NO.: (415) 441-5544    FAX NO.:

ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME: Unlimited Jurisdiction

CASE NAME:  VICENTE v. ELI LILLY AND COMPANY

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

MAY 1 1 2007

GORDON PARK-LI, Clerk
PARAM NATT
BY: _____ Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount (Amount demanded demanded is exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-07-463338 JUDGE: DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☑ RICO (27)
☑ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive

4. Number of causes of action (specify): 4

5. This case ☐ is ☑ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 11, 2007

RACHEL ABRAMS
(TYPE OR PRINT NAME)                                      ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.230, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

CASE NUMBER: CGC-07-63338  (UNDER SEAL) VS. UNDER SEAL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|        |                          |
|--------|--------------------------|
| DATE:  | OCT-12-2007              |
| TIME:  | 9:00AM                   |
| PLACE: | Department 212           |
|        | 400 McAllister Street    |
|        | San Francisco, CA 94102-3680 |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation          ☐ Mediation Services of BASF    ☐   Judicial Mediation
☐ Binding arbitration                                                 Judge _____
☐ Non-binding judicial arbitration                                    Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David L. Ballati | The Honorable Tomar Mason |
| The Honorable Anne Bouliane | The Honorable James J. McBride |
| The Honorable Ellen Chaitin | The Honorable Kevin M. McCarthy |
| The Honorable John J. Conway | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Evans Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Curtis E. A. Karnow | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

ADR-1  1/06  (bc)                                                  Page 1

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  MICHAEL J. HARRINGTON
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

SOP Transmittal # CA51043

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ELI LILLY AND COMPANY
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate  in
the State of     CALIFORNIA     on this   22   day of      August     ,   2007  . The following is a summary of the document(s)
received:

1.      **Title of Action:** Plaintiff and Defendant Under Seal (See Package)

2.      **Document(s) served:**

> [ M. J. HARRINGTON
>
> AUG 24 2007

| | | |
|---|---|---|
| X Summons | __ Subpoena | __ Injunction |
| X Complaint | __ Third Party Complaint | __ Notice of |
| __ Petition | __ Demand for Jury Trial | __ Mechanics Lien |
| __ Garnishment | __ Default Judgement | __ Other: |

3.      **Court of Jurisdiction/**     San Francisco County Superior Court, Unlimited Jurisdiction
        **Case & Docket Number:** CGC-07-463330

4.      **Amount Claimed, if any:**

5.      **Method of Service** (select one):
        X Personally served by:   X Process Server       __ Deputy Sheriff       __ U. S Marshall
        __ Delivered Via:         __ Certified Mail       __ Regular Mail        __ Facsimile
                                  (Envelope enclosed)      (Envelope enclosed)

        __ Other (Explain):

6.      **Date and Time of Service:** 8/22/2007 4:17:27 PM PST (GMT -8)

7.      **Appearance/Answer Date:** 30 Days

8.      **Plaintiff's Attorney:**  Nancy Hersh
        (Name, Address & Telephone Number)  Hersh & Hersh, A Professional Corporation
                              601 Van Ness Avenue
                              Suite 2080
                              San Francisco, CA 94102
                              (415) 441-5544

9.   **Federal Express Airbill #** 790812034891

10.  **Call Made to:** Not required

11.     **Special Comments:**
Confidential Civil Cover Sheet - False Claims Action

**NATIONAL REGISTERED AGENTS, INC.**          **Copies To:** FAX: 3172766221
                                              MICHAEL J. HARRINGTON
                                              LILLY CORPORATE CENTER
Transmitted by: Joan Petty
                                              INDIANAPOLIS, IN 46285-0000

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a
legal opinion.  It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

## ORIGINAL

MC–060

| | |
|---|---|
| ATTORNEY (Name, state bar number, and address):<br>NANCY HERSH, ESQ., SBN 49091<br>HERSH & HERSH, A Professional Corporation<br>601 Van Ness Avenue, Suite 2080<br>San Francisco, CA  94102-6388<br>TELEPHONE NO.: 415-441-5544         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR:  [✓] PLAINTIFF  [  ] OTHER (specify): | FOR COURT USE ONLY<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>MAY 1 1 2007<br><br>GORDON PARK-LI, Clerk<br>BY:        PARAM NATT<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA  94102
BRANCH NAME:  Unlimited Jurisdiction

| | |
|---|---|
| PLAINTIFF:          [UNDER SEAL]<br><br>DEFENDANT:       [UNDER SEAL] | |
| CONFIDENTIAL COVER SHEET—FALSE CLAIMS ACTION | CASE NUMBER:<br>CGC-07-463330 |

| | |
|---|---|
| INSTRUCTIONS: This civil action is brought under the False Claims Act,<br>Government Code section 12650 et seq. The documents filed in this case<br>are under seal and are confidential pursuant to Government Code section<br>12652(c).<br><br>This Confidential Cover Sheet must be affixed to the caption page of the<br>complaint and to any other paper filed in this case until the seal is lifted.<br><br>You should check with the court to determine whether papers filed in False<br>Claims Act cases must be filed at a particular location. | Seal to expire on (date):<br>July 10, 2007<br>UNLESS:<br>(1) Motion to extend time is<br>    pending; or<br>(2) Extended by court order |

1. The document to which this cover sheet is affixed is:
   a. [  ] Complaint for damages for violation of the False Claims Act
   b. [✓] Civil Case Cover Sheet (form 982.2(b)(1))
   c. [  ] Motion for an extension of time to intervene
   d. [  ] Affidavit or other document in support of the motion for an extension of time
   e. [  ] Order extending time to intervene (specify date order expires):
   f. [  ] Other order (describe):

   g. [  ] Notice from the Attorney General of additional prosecuting authority that may have access to the file
   h. [  ] Other (describe):

2. This Confidential Cover Sheet and the attached document must each be separately file-stamped by the clerk of the court.

Date: May 11, 2007

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-060 [Rev. January 1, 2007] | CONFIDENTIAL COVER SHEET<br>FALSE CLAIMS ACTION | Gov. Code, § 12652(c);<br>Cal. Rules of Court, rules 2,570,2,573<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

UNDER "

Eli Lilly and Company
C% National Registered Agents, In.
2030 Main St., SUITE 1030
Irvine, CA. 92614

" UNDE
SEAL

**FedEx.**

From: (800)767-1553
National Registered Agents, Inc.
2030 Main Street
Suite 1030
Irvine, CA 92614

To: MICHAEL J. HARRINGTON (317)433-7016
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER

INDIANAPOLIS, IN 462860000

Ref: CA51043

TRK# 7908 1203 4891    FORM
0201

DELIVERY ADDRESS (FedEx~EDR)

46285-IN-US

** 2DAY **

SE GSHA
IND

CAD# 1124160
SHIP DATE: 22AUG07
WEIGHT: 1 LBS

FedEx Revenue Barcode

FRI
A1
Deliver by:
24AUG07

**FedEx.**

Bldg: 74
Floor: 09
D/C: 1093

Name: HARRINGTON MICHAEL J
Telephone: 3174337016

08/24/2007
09:18:40 AM










1  NANCY HERSH, ESQ., State Bar No. 49091
   MARK E. BURTON, JR., ESQ., State Bar No. 178400
2  RACHEL ABRAMS, ESQ., State Bar No. 209316
   HERSH & HERSH
3  A Professional Corporation
   601 Van Ness Avenue, 2080 Opera Plaza
4  San Francisco, CA  94102-6388
   (415) 441-5544
5

6  Attorneys for Plaintiffs

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11

12

| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually, | § § § | CIVIL ACTION NO.: CGC-07-463338 |
| Plaintiffs, | § § § | **PROOF OF SERVICE** |
| v. | § § § | |
| ELI LILLY AND COMPANY, | § § | |
| Defendant. | § | |



HERSHANDHERSH
A Professional Corporation

- 1 -
PROOF OF SERVICE

**PROOF OF SERVICE**

I, Alexandra Guardado, declare:

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within cause; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California 94102-6388.

On July 6, 2007, I served the following:

**RELATORS' STATEMENT**

in said action by placing a true copy thereof, enclosed in a sealed envelope, each envelope addressed as follows:

Office of the Attorney General
1300 "I" Street
P.O. Box 944255
Sacramento, CA 94244-2550

**X**   **(BY CERTIFIED U.S. MAIL RETURN RECEIPT REQUESTED)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

____   **(BY PERSONAL SERVICE)** I served by hand each such envelope to the addressee above.

____   **(BY OVERNIGHT DELIVERY)** I placed a true and correct copy of the document(s) listed above enclosed in a sealed envelope(s), and causing said envelope to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

____   **(BY FAX)** I transmitted via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

I declare under penalty of perjury that the above is true and correct. Executed on July 6, 2007, at San Francisco, California.

Alexandra Guardado

1  NANCY HERSH, ESQ., State Bar No. 49091
2  MARK E. BURTON, JR., ESQ., State Bar No. 178400
   RACHEL ABRAMS, ESQ., State Bar No. 209316
3  HERSH & HERSH
   A Professional Corporation
4  601 Van Ness Avenue, 2080 Opera Plaza
   San Francisco, CA  94102-6388
5  (415) 441-5544
6  Attorneys for Plaintiffs
7
8
9            SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                    COUNTY OF SAN FRANCISCO
11
12

| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually, | § § § | CIVIL ACTION NO.: CGC-07-463338 |
|---|---|---|
| Plaintiffs, | § § | **PROOF OF SERVICE** |
| v. | § § | |
| ELI LILLY AND COMPANY, | § § | |
| Defendant. | § § | |

FILED
San Francisco County Superior Court
JUL 10 2007
GORDON PARK-LI, Clerk
BY:

HERSH AND HERSH
A Professional Corporation

- 1 -
PROOF OF SERVICE

**PROOF OF SERVICE**

I, Alexandra Guardado, declare:

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within cause; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California 94102-6388.

On July 6, 2007, I served the following:

**RELATORS' STATEMENT**

in said action by placing a true copy thereof, enclosed in a sealed envelope, each envelope addressed as follows:

Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

_____ **(BY CERTIFIED U.S. MAIL RETURN RECEIPT REQUESTED)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

__X__ **(BY PERSONAL SERVICE)** I served by hand each such envelope to the addressee above.

_____ **(BY OVERNIGHT DELIVERY)** I placed a true and correct copy of the document(s) listed above enclosed in a sealed envelope(s), and causing said envelope to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

_____ **(BY FAX)** I transmitted via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

I declare under penalty of perjury that the above is true and correct. Executed on July 6, 2007, at San Francisco, California.

Alexandra Guardado

NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA  94102-6388
(415) 441-5544

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | | |
|---|---|---|
| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually, | § § § | CIVIL ACTION NO.: CGC-07-463338 |
| Plaintiffs, | § § | **PROOF OF SERVICE** |
| v. | § § | |
| ELI LILLY AND COMPANY, | § § | |
| Defendant. | § § | |

- 1 -
PROOF OF SERVICE

**PROOF OF SERVICE**

I, PORTLAND GRANT, declare:

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within cause; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California 94102-6396.

On May 11, 2007, I served the

COMPLAINT FOR DAMAGES [UNDER SEAL]; CIVIL CASE COVER SHEET; CONFIDENTIAL COVER SHEET-FALSE CLAIMS ACTION; CONFIDENTIAL COVER SHEET-FALSE CLAIMS ACTION

in said action by placing a true copy thereof, enclosed in a sealed envelope, each envelope addressed as follows:

Office of the Attorney General
1300 "I" Street
PO Box 944255
Sacramento, CA 94244-2550

**X**    **(BY CERTIFIED MAIL-RETURN RECEIPT REQUESTED)** I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

___    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of each addressee above.

___    **(BY OVERNIGHT DELIVERY)** I placed a true and correct copy of the document(s) listed above enclosed in a sealed envelope(s), and causing said envelope to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

___    **(BY FAX)** I transmitted via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

I declare under penalty of perjury that the above is true and correct. Executed on May 11, 2007, at San Francisco, California.

_Portland Grant_
PORTLAND GRANT

HERSH AND HERSH
A Professional Corporation

NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
(415) 441-5544

**FILED**
San Francisco County Superior Court

MAY 1 1 2007

GORDON PARK-LI, Clerk
BY: _Param Natt_
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

Attorneys for Plaintiffs

OCT 1 2 2007 -9:00 AM

**IMAGED**

AUG 2 8 2007

DEPARTMENT 212

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

HERSH AND HERSH
A Professional Corporation

| | |
|---|---|
| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | CIVIL ACTION NUMBER<br><br>**CGC-07-463338**<br>**COMPLAINT FOR DAMAGES**<br><br>**[UNDER SEAL]** |

Qui tam Plaintiff/Relator Jaydeen Vicente ("Plaintiff-Relator"), on behalf of the State of California and herself individually, for her Complaint against Defendant Eli Lilly and Company ("Lilly" or "Defendant Lilly") alleges based upon personal knowledge and relevant documents, as follows:

## I.    NATURE OF ACTION

1.    This is an action to recover damages and civil penalties on behalf of the State of California arising from 1) intentionally false and/or fraudulent records caused to be presented and 2) statements and records caused to be made to get false claims paid by Defendant Lilly and/or its agents, employees and co-conspirators to California's Medicaid

- 1 -
COMPLAINT FOR DAMAGES

HERSHANDHERSH
A Professional Corporation

1  Program, commonly known as Medi-Cal, in violation of the California False Claims Act,

2  Cal. Govt. Code §12650 *et seq.*

3      2.    The instant matter arises in principal part from Defendant Lilly's

4  nationwide, coordinated deceptive off-label marketing and promotional practices for its

5  potent atypical antipsychotic Zyprexa.  Specifically, Lilly devised, and successfully

6  implemented through its divisions of Zyprexa sales representatives, a marketing campaign

7  calculated to increase physicians' off-label use of Zyprexa within the State of California to

8  treat symptoms, mood disorders and patients within age demographics for which the drug

9  has not received FDA approval, nor which has been supported by the medical compendia

10  DRUGDEX, the American Hospital Formulary Service Drug Information or the United

11  States Pharmacopeia-Drug Information.

12      3.    The conduct alleged herein shows a pattern of conduct designed to maximize

13  profits at the California Medicaid Program's expense.

14      4.    Lilly's Zyprexa sales representatives were among primary resources used by

15  Lilly to dramatically increase Zyprexa sales for off-label uses to beneficiaries of

16  California's Medicaid program.

17      5.    Lilly organized its Zyprexa sales force into several divisions.  One such

18  division was a ***Long Term Care*** ("LTC") sales force consisting of 160 sales persons in

19  2000 to whom Lilly paid a generous salary and offered personal incentives such as bonus

20  programs in exchange for the unlawful and deceitful off-label promotion of Zyprexa in the

21  elderly demographic.  Lilly's Zyprexa LTC sales representatives' sole objective was to

22  promote the potent and expensive antipsychotic within the LTC market for a litany of

23  unapproved and untested off-label medical uses for the explicit and illicit purpose of

24  increasing market share and revenues derived from this coveted patient population – which

25  the drug was not, and still is not, FDA-approved to treat.

26      6.    Lilly provided extensive training and Zyprexa product support (including

27  advertising materials and exaggerated and misleading pro-Zyprexa studies) to its

28  "specialty" LTC sales force tailored to promoting Zyprexa's safety and efficacy to geriatric

- 2 -

COMPLAINT FOR DAMAGES

healthcare providers (closed-end pharmacies, geriatric physicians and LTC facilities) through misleading, deceptive and wanton means. In furtherance of its Zyprexa sales scheme, Lilly also paid kickbacks masquerading as speaker fees, honoraria, unrestricted educational grants, entertainment and other in-kind forms. Lilly disbursed its valuable kickbacks with the understanding and specific intent that the geriatric healthcare providers to which they were paid would increase their usage and/or dosage of Zyprexa in elderly LTC facilities. Lilly engaged in this conduct purposefully, with the foreseeable impact of increasing Zyprexa off-label sales revenues derived in principal part from Medicaid programs all across the country, including Medi-Cal.

7.    Lilly's illegal and zealous off-label over promotion of Zyprexa was calculated to increase sales of Zyprexa in the elderly population for dementia symptoms, agitation, insomnia and many other generic symptoms with reckless disregard for the safety of the elderly patients prescribed the drug for such untested and unapproved uses which Lilly targeted in its off-label marketing campaign.

8.    Plaintiff-Relator has personal knowledge that Lilly engaged in the Zyprexa off-label promotional effort in Long Term Care ("LTC") facilities and in primary care physicians' offices in the State of California as well as nationwide, as she was employed by Lilly as a LTC sales representative in the Northern California region.

9.    Lilly's illegal Zyprexa marketing campaign was calculated to, and did, cause billions of dollars of Zyprexa to be prescribed off-label to vulnerable, elderly long term care nursing home residents and adults (who at most were depressed or presented with other mood-related symptoms or illnesses) since Lilly's drug was released on the prescription drug market in 1996. These expensive prescription purchases were funded, in whole or in part, principally by government-funded healthcare programs including Medi-Cal.

10.    Lilly's off-label LTC Zyprexa scheme succeeded. Lilly's LTC sales force was the most successful of all Lilly's Zyprexa sales divisions. Specifically, Plaintiff-Relator gained personal knowledge from Lilly corporate employees during Lilly's regional and national sales conferences and from the sales data Lilly made available to her, that the

- 3 -
COMPLAINT FOR DAMAGES

Zyprexa revenues generated per LTC sales representative far exceeded the Zyprexa revenues generated per sales representative in any of its other Zyprexa sales division.

11.    The purchases of the billions of dollars of dangerous, potent off-label Zyprexa prescriptions in California were funded in principle part by and through the, *inter alia*, Medi-Cal program. The State of California would not have funded millions of dollars of Zyprexa purchases since the drug's launch in 1996 but for Lilly's unlawful, intentionally deceitful and aggressive marketing tactics alleged herein.

12.    Lilly's conduct endangered the health of Medi-Cal beneficiaries by placing them at great risk of harm of developing serious, irreversible and even life-threatening side effects that were known to Lilly at all times relevant to this Complaint, but which Lilly intentionally concealed to protect its windfall of billions of dollars of annual Zyprexa sales revenues.

13.    Hundreds of thousands of Medi-Cal beneficiaries have now and continue to fall victim to serious, irreversible diseases and or potentially life threatening medical conditions including diabetes and hyperglycemia, in addition to the substantially increased risk of death for certain patients, especially elderly patients with dementia, as a direct and proximate cause of Lilly's illegal and capricious Zyprexa marketing tactics.

14.    The California False Claims Act (Cal. Gov. Code §§ 12650 et seq.) permits any person discovering a fraud perpetrated against the State of California to bring an action for herself and for the State of California and to share in any recovery. Plaintiff-Relator commences this *qui tam* action individually and on behalf of the State of California to recover treble damages and civil penalties under the California False Claims California False Claims Act, Cal. Gov. Code §§ 12650 et seq.

15.    Although unfortunately, California's False Claims Act does not provide for a recovery of the exorbitant medical costs to treat the diseases and afflictions Lilly knew Zyprexa would cause, Plaintiff-Relator, on behalf of the State of California, seeks redress against Lilly under the California False Claims Act for each of the hundreds of thousands false claims for reimbursement for the prescription cost of Zyprexa Lilly intentionally and

- 4 -

COMPLAINT FOR DAMAGES

HERSHANDHERSH
A Professional Corporation

willfully caused to be submitted to the Medi-Cal program.

## II.    PARTIES

16.    Plaintiff-Relator brings this action on behalf the State of California to remedy the millions of dollars its Medicaid program has been fraudulently induced to pay as a result of false Zyprexa reimbursement claims submitted by, and caused to be submitted by, Defendant Lilly.  The State of California and Plaintiff-Relator Vicente will be collectively referred to as "Plaintiffs."

17.    Plaintiff-Relator Vicente is a citizen of the United States and resident of the State of California.  She resides at 7 Castle Hill Court, Vallejo, CA, 94591.  Plaintiff-Relator Vicente was employed by Lilly for three years beginning in February 2000 as a Long Term Care Pharmaceutical Representative in the State of California. In this capacity, Lilly trained, paid and directed Plaintiff-Relator to promote Zyprexa off-label to treat elderly LTC skilled nursing facility residents in Northern California.  Lilly offered Zyprexa selling incentives to Plaintiff-Relator by structuring a bonus program available to her based upon sales revenues of Zyprexa generated in her territory from LTC sales.

18.    Defendant Eli Lilly and Company is an Indiana corporation and has its principle place of business located at Lilly Corporate Center, Indianapolis, Indiana 46285. At all times relevant hereto, Lilly was engaged in the business of licensing, manufacturing, distributing, promoting and/or selling, either directly or indirectly, the pharmaceutical prescription drug Zyprexa throughout the State of California and the United States, through its third party agents and/or employees, including its LTC sales force and its primary care physician sales divisions.

## III.    FILING UNDER SEAL

19.    In accordance with California False Claims Act, Cal. Gov. Code §12652(c)(2) and California Rules of Court, Rule 2.570, this complaint is filed *in camera* and will remain under seal and will not be served on the Defendant Lilly until the Court so orders.  A copy of the complaint and written disclosure of substantially all material evidence and information the Plaintiff possesses have been served on the State of California

- 5 -

COMPLAINT FOR DAMAGES

1    pursuant to California False Claims Act, Cal. Gov. Code §12652(c)(3).

2    **IV.    ORIGINAL SOURCE**

3    20.    Through her employment as Lilly "specialty" LTC sales representative

4    assigned to the Northern California region, Plaintiff-Relator Vicente was trained and

5    employed by Lilly to promote Zyprexa for off-label uses, specifically, for use in the elderly

6    LTC demographic, as is alleged with particularity *infra*, Plaintiff-Relator acquired a wealth

7    of direct, independent and non-public knowledge of Lilly's unlawful acts described in this

8    Complaint.

9    21.    Plaintiff-Relator gained personal knowledge of Lilly's kickback payments to

10    physicians made for the purpose, and with the intent to, induce those physicians (both

11    geriatric physicians and PCPs) to prescribe Zyprexa to his or her Medicaid beneficiary

12    patients.

13    22.    Plaintiff-Relator has personal knowledge of Lilly's corporate endorsement of

14    this unlawful national off-label Zyprexa marketing scheme for the LTC market as well as

15    other markets including primary care and also has personal knowledge of the specific Lilly

16    corporate personnel responsible for implementing Zyprexa's off-label marketing.

17    23.    Accordingly, Plaintiff-Relator is an "original source" of the non-public

18    information alleged in this Complaint within the meaning of California False Claims Act,

19    Cal. Gov. Code §12652(d)(3)(A) and (B), Plaintiff-Relator is concurrently providing to the

20    State Attorney General a disclosure statement summarizing and supported by known

21    material evidence in accordance with the provisions of California False Claims Act, Cal.

22    Gov. Code §12652(c)(3).

23    **V.    JURISDICTION**

24    24.    This Court has jurisdiction over the subject matter of this civil action. The

25    State of California is a named plaintiff.

26    25.    This Court has jurisdiction over Defendant Lilly because the drug company

27    can be found in, is authorized to transact business in, and is now transacting business in the

28    State of California.

- 6 -

**COMPLAINT FOR DAMAGES**

HERSH AND HERSH
A Professional Corporation

VI.    THE MEDI-CAL AND MEDICARE PART D PRESCRIPTION DRUG REIMBURSEMENT BENEFIT

A.    The Medi-Cal Program

29.    Title XIX of the Social Security Act is a program that provides medical assistance for certain individuals and families with low incomes and resources. The program, known as Medicaid, became law in 1965 as a jointly funded cooperative venture between the Federal and State governments to assist States in the provision of adequate medical care to eligible needy Americans. Among the groups of people served by Medicaid are eligible low-income parents and children. Among the health benefits funded by Medicaid up until January 1, 2006 was funding for the prescription drug needs of the Medicaid program beneficiaries.

30.    At all times relevant to the Complaint, in most states, Medicaid was an open-ended federal-state matching program. The federal government contributes a fixed percentage of the state's Medicaid costs each year; however, the exact percentage the federal government contributes varies year to year using a formula that takes into account the state's per capita income relative to the national per capita income.

31.    The percentage of state contribution the funding of prescription drug purchases, and all other covered Medicaid health benefits, typically amounted to at least 40% at all times relevant to the complaint.

B.    The Medicare Part D Program

32.    Medicare is a government financial health insurance program administered by the Social Security Administration of the United States. The health insurance provided to beneficiaries of the Medicare insurance program is paid in whole or in part by the United States.

33.    Medicare was promulgated to provide payment for medical services, durable medical equipment and other related health items for individuals 65 and over. Medicare also makes payment for certain health services provided to additional classes of needy classes of individual healthcare patients pursuant to federal regulation.

- 7 -

COMPLAINT FOR DAMAGES

34.    On December 8, 2003, Congress enacted the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 (the "MMA"). Title I of the MMA created new outpatient prescription drug coverage under Medicare ("Medicare Part D").

35.    Medicare Part D went into effect on January 1, 2006. The Program is administered by the United States Department of Health and Human Services, Centers for Medicare and Medicaid ("CMS"). For "dual eligibles," defined as individuals who received prescription drug coverage under Medicaid in addition to Medicare coverage for other health care in 2005, enrollment in Medicare Part D was compulsory. Such beneficiaries were automatically switched to Part D plans for 2006 and commenced receiving comprehensive prescription drug coverage under Medicare Part D.

36.    Pursuant to the Medicare Part D Program, states, including the Plaintiff State of California provide funding for the purchases of beneficiaries of that program's prescription drugs through what is commonly referred to as "claw back" provisions.

**C.    Reimbursement Limits on Off-Label Drug Prescriptions**

37.    Although Medi-Cal is administered by the State of California, Medi-Cal adheres to federal guidelines. Federal statutes and regulations restrict the drugs and drug uses that the federal and state governments will pay for Medicaid programs.

38.    The Medicaid program includes individualized provisions, by statute and regulation, concerning reimbursement for prescription drugs, drug utilization review, the eligibility of various drugs for federal financial participation ("FFP"), price controls on prescription drugs and drug manufacturer rebate agreements.

39.    According to the Social Security Act, the State of California is entitled to FFP for reimbursement of pharmaceuticals for covered patient drugs. 42 U.S.C.A. §1396r-8. The definition of a "covered outpatient drug" is limited to those drug prescribed to treat medically excepted indications. 42 U.S.C.A. 1396(k)(3). A medically accepted indication is any use approved by the FDA, or supported by one of the three specifically identified compendia. *Id.* (k)(6). The compendia are the American Hospital Formulary Service Drug Information, the United States Pharmacopeia-Drug Information and the Drugdex

- 8 -

COMPLAINT FOR DAMAGES

HERSHANDHERSH
A Professional Corporation