Timothy T. Scott (SBN 126971)
tscott@sidley.com
Geoffrey M. Ezgar (SBN 184243)
gezgar@sidley.com
Paul L. Yanosy (SBN 233014)
pyanosy@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone:   (415) 772-1200
Facsimile:    (415) 772-7400

Paul E. Kalb, M.D.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:   (202) 736-8000
Facsimile:    (202) 736-8711

Nina M. Gussack
Andrew R. Rogoff
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:   (215) 981-4000
Facsimile:    (215) 981-4750

Attorneys For Defendant
ELI LILLY AND COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>Relators,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | Case No. 07-cv-04911-SI<br><br>Assigned to: Hon. Susan Illston<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6) AND 9(b)**<br><br>Date: Nov. 16, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 19th Floor |

Defendant Eli Lilly and Company ("Lilly") hereby requests that this Court take judicial notice of the facts and documents listed below and attached hereto as exhibits, pursuant to Rule 201 of the Federal Rules of Evidence, for purposes of Lilly's concurrently filed motion to dismiss the complaint of *qui tam* plaintiff Jaydeen Vicente in the above-entitled action.

1. <u>Requests No. 1 through 4:</u>   *Eli Lilly and Company* FORMS 10-K, fiscal years 2003, 2004, 2005 and 2006, as filed with the Securities and Exchange Commission ("SEC"). True and correct copies of the relevant pages are attached hereto as **Exhibits 1 to 4**, respectively.

This Court may properly take judicial notice of public documents filed with the SEC to determine what statements the documents contain. *See Kramer v. Time Warner, Inc.*, 937 F. 2d 767, 773 (2d Cir. 1991) (in ruling on a Fed. R. Civ. P. 12(b)(6) motion, "a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"); *see also In re Silicon Graphics Inc. Secur. Litig*. 183 F. 3d 970, 986 (9th Cir. 1999). None of these documents are offered for the truth of the matter asserted therein.

2. <u>Request No. 5:</u>   *Chapter 15 – Covered Medical and Other Health Services* MEDICARE BENEFIT POLICY MANUAL, *available at*:
http://www.cms.hhs.gov/manuals/Downloads/bp102c15.pdf (last visited September 28, 2007). A true and correct copy of the relevant pages are attached hereto as **Exhibit 5**.

This Court may properly take judicial notice of documents upon which the complaint necessarily relies even though not mentioned explicitly therein (e.g., Compl. ¶ 184, alleging the submission of claims to the state of California "for Zyprexa prescribed for an off-label use [] violates Medicare payment rules"); this prevents plaintiff from "deliberately omitting references to documents upon which their claims are based." *See Parrino v. FHP, Inc.*, 146 F. 3d 699, 706 (9th Cir. 1999); *Global Network Communications, Inc. v. City of New York*, 458 F. 3d 150, 156-57 (2d Cir. 2006).

Additionally and independently, this Court may properly take judicial notice of information on official government websites. *See, e.g., In re Agribiotech Sec. Litig.*, No. CV-S-99-144-PMP, 2000 U.S. Dist. LEXIS 5643, at *4-5 (D. Nev. March 6, 2000) ("official government . . . documents

may be judicially noticed insofar as they are available via the world wide web"); *Denius v. Dunlap*, 330 F. 3d 919, 926 (7th Cir. 2003) ("the district court abused its discretion in withdrawing its judicial notice of the information from [a federal government] official website").

Finally, the court may take judicial notice of records and reports of administrative bodies, including government handbooks and other resources. *Barron v. Reich*, 13 F. 3d. 1370, 1377 (9th Cir. 1994) (affirming judicial notice of the Department of Labor Field Operations Handbook).

3.  Request No. 6:    DRUGDEX compendia database entry for Zyprexa (olanzapine), updated February, 2007, a true and correct copy of which is attached hereto as **Exhibit 6**.

The complaint explicitly references and relies on the content of medical compendia, including DRUGDEX. *See, e.g.*, Compl. ¶¶ 39, 41, 43, 50, 70, 111. This Court may properly take judicial notice of documents referenced in the complaint and whose authenticity has not been questioned. *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001).

4.  Request No. 7:    Hollister H. Hovey, *Eli Lilly Discloses U.S. Civil Probe Into Its Practices* WALL ST. J., Mar. 26, 2004 at B2, a true and correct copy of which is attached hereto as **Exhibit 7**.

This Court may properly take judicial notice of publicly available media publications. *Ritter v. Hughes Aircraft Co.*, 58 F. 3d 454 (9th Cir. 1995); *Washington Post v. Robinson*, 935 F. 2d 282, 291 (D.C. Cir. 1991) (taking judicial notice of a newspaper article to show information was in the public domain).

5.  Request No. 8:    Mark Jewell, *Federal Officials Investigate Marketing of Lilly Drugs* AP WIRE, Mar. 25, 2004, a true and correct copy of which is attached hereto as **Exhibit 8**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

6.  Request No. 9:    Randsdell Pierson and Jed Seltzer, *Government Probes Lilly's Marketing Practices*, REUTERS, Mar. 25, 2004, a true and correct copy of which is attached hereto as **Exhibit 9**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

7. <u>Request No. 10</u>: Jeff Swiatek, *Federal Prosecutor Opens Probe of Lilly*, INDIANAPOLIS STAR, Mar. 26, 2004 at 1C, a true and correct copy of which is attached hereto as **Exhibit 10**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

8. <u>Request No. 11</u>: Michele Marcucci and Rebecca Vesely, *Oakland Physician May Lose License*, OAKLAND TRIBUNE, Dec. 4, 2006, a true and correct copy of which is attached hereto as **Exhibit 11**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

9. <u>Request No. 12</u>: Alex Berenson, *Drug Files Show Maker Promoted Unapproved Use*, N.Y. TIMES, Dec. 18, 2006 at A1, a true and correct copy of which is attached hereto as **Exhibit 12**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

10. <u>Request No. 13</u>: Val Brickates Kennedy, *Update: Lilly Denies Report of Zyprexa Wrong-doing*, DOW JONES BUSINESS NEWS, Dec. 18, 2006, a true and correct copy of which is attached hereto as **Exhibit 13**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

11. <u>Request No. 14</u>: Marc Siegel, *Medicine; Doctor Files; Pressured to Prescribe*, L.A. TIMES, Dec. 25, 2006 at F3, a true and correct copy of which is attached hereto as **Exhibit 14**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

12.  Request No. 15:   Avery Johnson, *WSJ (1/5) Update: Lilly Settles 18,000 Zyprexa Claims*, WALL ST. J., Jan. 5, 2007 at A4, a true and correct copy of which is attached hereto as **Exhibit 15**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

13.  Request No. 16:   Alex Berenson, *States Study Marketing of Lilly Pill*, N.Y. TIMES, Jan. 20, 2007 at C1, a true and correct copy of which is attached hereto as **Exhibit 16**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

14.  Request No. 17:   Jerome Burne, *Doped to Keep Them Quiet*, DAILY MAIL, Jan. 30, 2007 at 38, a true and correct copy of which is attached hereto as **Exhibit 17**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

15.  Request No. 18:   Rita Rubin, *Vioxx Whistle-Blower Speaks Up on Demoted Antibiotic Ketek; Graham: 'Nothing has Really Changed' in FDA Oversight*, USA TODAY, Feb. 14, 2007 at 7D, a true and correct copy of which is attached hereto as **Exhibit 18**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

16.  Request No. 19:   Keith J. Winstein, *Congressional Panel to Study Off-Label Use of Stents, Drugs*, WALL ST. J., Mar. 6, 2007 at A12, a true and correct copy of which is attached hereto as **Exhibit 19**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

17.  Request No. 20:   Reuters, *House Panel Chief Seeks Data From Makers of Stents and Drugs*, N.Y. TIMES, Mar. 6, 2007 at C6, a true and correct copy of which is attached hereto as **Exhibit 20**.

This Court may properly take judicial notice of publicly available media publications. *See* authority cited above regarding Request No. 7.

1     18.   Request No. 21:   Petra Pasternak, *Plaintiffs Lawyers Hit on New Pharma Angle:*
2  *State Clients*, THE RECORDER, Apr. 3, 2007, a true and correct copy of which is attached hereto as
3  **Exhibit 21**.

4     This Court may properly take judicial notice of publicly available media publications. *See*
5  authority cited above regarding Request No. 7.

6     19.   Request No. 22:   *Hersh & Hersh Targets Eli Lilly's Most Profitable Anti-*
7  *Psychotic Drug*, BUSINESS WIRE, Feb. 27, 2003, a true and correct copy of which is attached hereto
8  as **Exhibit 22**.

9     This Court may properly take judicial notice of publicly available media publications. *See*
10 authority cited above regarding Request No. 7.

11    20.   Request No. 23:   *State Prosecutors Say Trickle of Off-Label Cases Will Soon*
12 *Turn into a Flood*, RX COMPLIANCE REPORT, Apr. 4, 2007 at 1, a true and correct copy of which is
13 attached hereto as **Exhibit 23**.

14    This Court may properly take judicial notice of publicly available media publications. *See*
15 authority cited above regarding Request No. 7.

16    21.   Request No. 24:   *Pharmacy Claim Form (30-1) Completion*, *available at*:
17 http://files.medi-cal.ca.gov/pubsdoco/publications/Masters-MTP/Part2/pcf30-1comp_p00.doc (last
18 visited September 28, 2007), a true and correct copy of which is attached hereto as **Exhibit 24**.

19    The Complaint alleges Defendant "cause[d false] claims for reimbursement to be submitted
20 to . . . Medi-Cal." Comp. ¶ 44; *see also, e.g., id.* ¶¶ 37-39, 184-85, 217-21. This Court may properly
21 take judicial notice of documents upon which plaintiff's complaint necessarily relies even though not
22 mentioned explicitly in the complaint. *Parrino*, 146 F. 3d at 706.

23    Additionally and independently, a court may properly take judicial notice of information on
24 official government websites, *Agribiotech Sec. Litig.*, 2000 U.S. Dist. LEXIS 5643, at *4-5; as well
25 as of records and reports of administrative bodies. *Barron*, 13 F. 3d at 1377.

26    22.   Request No. 25:   GOVERNMENT CODE SECTIONS 12650 TO 12656, A COMPLETE
27 HISTORY as compiled and certified by Jan Raymond. A true and correct copy of the relevant pages
28 are attached hereto as **Exhibit 25**.

1  This Court may properly take judicial notice of matters of public record, including the legislative history of laws and rules. *See Louis*, 460 F. Supp. 2d at 1156 fn. 4 (taking judicial notice of the legislative history of a California statute on a Fed. R. Civ. P. 12(b)(6) motion); *Wang v. Pataki*, 396 F. Supp. 2d 446 (S.D.N.Y. 2005).

23.  Request No. 26:  *Eli Lilly and Company* FORM 10-Q, for the quarter ending September 30, 2007, a true and correct copy of the relevant pages are attached hereto as **Exhibit 26**.

This Court may properly take judicial notice of public documents filed with the SEC. *See* authority cited above regarding Requests No. 1 to 4. This document is not offered for the truth of the matters asserted therein.

Dated: September 28, 2007          SIDLEY AUSTIN LLP


By:  /s/ Timothy T. Scott
     Timothy T. Scott
     Attorneys For Defendant
     ELI LILLY AND COMPANY