Timothy T. Scott (SBN 126971)
tscott@sidley.com
Geoffrey M. Ezgar (SBN 184243)
gezgar@sidley.com
Paul L. Yanosy (SBN 233014)
pyanosy@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone:     (415) 772-1200
Facsimile:     (415) 772-7400

Paul E. Kalb, M.D.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:   (202) 736-8000
Facsimile:   (202) 736-8711

Nina M. Gussack
Andrew R. Rogoff
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:   (215) 981-4000
Facsimile:   (215) 981-4750

Attorneys For Defendant
ELI LILLY AND COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>Relators,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | Case No. 07-cv-04911-SI<br><br>Assigned to: Hon. Susan Illston<br><br>**NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; MEMORANDUM IN SUPPORT THEREOF**<br><br>[Proposed] Order Granting Motion Filed Concurrently Herewith<br><br>Date: November 9, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 10, 19th Floor |

MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI

SF1 1472101v.1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 9, 2007 at 9:00 a.m. or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in the courtroom of the Honorable Susan Illston, Defendant Eli Lilly and Company ("Lilly") will and hereby does move this Court to stay all proceedings in this matter pending transfer by the Judicial Panel on Multidistrict Litigation. This motion is based on this notice of motion, the accompanying memorandum and exhibits thereto, the pleadings and other papers on file in this action, and on such other evidence and argument as may be presented to the court on reply and at the time of hearing.

## SUMMARY OF ARGUMENT

This action involves allegations about Zyprexa®, a pharmaceutical product manufactured by Lilly, and raises many issues that are already the subject of ongoing multidistrict proceedings before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York as *In Re Zyprexa Products Liability Litigation*, MDL No. 1596.[1] As this case presents common legal and factual issues with the cases before Judge Weinstein, Lilly will request that the Judicial Panel on Multidistrict Litigation ("JPML") transfer this case to the Zyprexa MDL, pursuant to 28 U.S.C. § 1407(a) and consistent with past practice in similar cases.

While transfer to the Zyprexa MDL is pending, this Court should stay all proceedings in this action to conserve the Court's and parties' resources, avoid duplicative litigation, and prevent inconsistent rulings on issues that arise repeatedly in Zyprexa actions. Under similar circumstances, more than 60 district courts throughout the country have granted stays pending transfer to the Zyprexa MDL, including several actions that raise claims similar to the claims in this case.[2] In

---

[1] See *In re Zyprexa Prod. Liab. Litig.*, MDL No. 1596, 314 F. Supp. 2d 1380 (J.P.M.L. 2004) (ordering Zyprexa cases consolidated for pretrial proceedings under 28 U.S.C. § 1407).

[2] *See, e.g., Johnson v. Eli Lilly Co., Inc & Dr. J. Colvin*, No. 4:05-cv-02139-ERW (Doc. #17) (E.D. Mo., February 27, 2006) (finding that a stay "will allow for consistent pretrial rulings and will conserve judicial resources because only one court will need to make such rulings" with regard to the parties' jurisdictional dispute and that the prejudice of a relatively short delay did not outweigh the judicial economy interests). *See also Brownlee v. Lilly, et al.*, CV-06-JEO-0634-W (Doc. #14) (N.D. Ala. April 5, 2006); *Wade v. Lilly*, No. 4:06-cv-1170 (Doc. #6) (S.D. Tex. April 11, 2006); *Strange v. Lilly*, No. 1:06-cv-0992 (Doc. #10) (S.D. Ind., June 29, 2006); *Adams v. Lilly,* No. 06-3483 (Doc. # 16) (N.D. Cal. June 27, 2006); *Hood ex rel. State of Mississippi v. Eli Lilly and Co.*, No. 3:06-cv-110-M-A (Doc. #19)

*(Footnote continued)*

2

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

September 2006, for example, in an action against Lilly that raised allegations regarding Zyprexa similar to those in this case, the Magistrate Judge stayed the action pending transfer to the MDL, holding:

> One of the objectives of transfer for multidistrict litigation is to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." The court finds that these interests are better served by staying the proceedings in this case and allowing the MDL court to exercise jurisdiction, if it so chooses, to coordinate proceedings in this matter.

*See Hood ex rel. State of Mississippi v. Eli Lilly and Co.*, No. 3:06-cv-110-M-A (Doc #19) (N.D. Miss. Sep. 27, 2006) (copy attached as Exhibit A) (internal citation omitted).[3] The reasoning of the court in *Hood* applies with equal force here and dictates that a stay is proper.

## BACKGROUND

### The Zyprexa MDL

Since April 14, 2004, the JPML, pursuant to 28 U.S.C. § 1407, has transferred over a thousand civil actions (involving thousands of plaintiffs) to the Eastern District of New York for coordinated or consolidated pretrial proceedings before the Honorable Jack B. Weinstein. *See In re Zyprexa Products Liability Litigation*, MDL No. 1596, 314 F. Supp. 2d 1380 (J.P.M.L. 2004) (hereafter, "Zyprexa Transfer Order"). In the Zyprexa Transfer Order, the JPML held:

> On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share allegations concerning the safety of Zyprexa, a prescription drug used in the treatment of schizophrenia. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

(N.D. Miss. September 27, 2006); *but see State of West Virginia v. Eli Lilly and Company*, 3:06-0298 (Doc. #13) (S.D.W.Va. May 11, 2006); *Utah v. Eli Lilly and Company*, No. 2:07-CV-380-TS (Doc. #22) (D. Utah Sept. 4, 2007).

[3] Mississippi filed an objection to the Magistrate Judge's stay order with the District Judge. Mississippi's objection remained pending before the District Judge for over four months (during which time the case was stayed), but was never addressed by the District Judge. In the meantime, the MDL Panel rejected Mississippi's opposition to Lilly's tag-along transfer notice and transferred the ease to the Eastern District of New York for pretrial proceedings before Judge Weinstein.

3

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

*Id*. at 1381.

The Zyprexa MDL includes cases involving allegations similar to those of Relator here. *See, e.g., West Virginia v. Eli Lilly & Co.*, 476 F. Supp. 2d 230, 233-34 (E.D.N.Y. 2007) (denying state's remand motion); *In re Zyprexa Prods. Liab. Litig.*, 375 F. Supp. 2d 170, 172-73 (E.D.N.Y. 2005) (same); *Hood v. Eli Lilly and Company*, 07-cv-645 (Doc #23) (E.D.N.Y., June 5, 2007 Order) (same). Currently, transfers are pending for dozens of tag-along Zyprexa actions.

**This Action**

Plaintiff-Relator Jaydeen Vicente ("Relator") brings this action individually and as a *qui tam* action on behalf of the State of California. The State of California, however, has declined to participate in this action. *See* Notice of Election to Decline Intervention Pursuant to Government Code Section 12652(c)(8)(D)(II), filed July 10, 2007 (attached to Notice of Removal).

Relator's Complaint alleges that Lilly violated federal and California law by: (1) promoting Zyprexa for "off-label" indications not approved by the United States Food and Drug Administration ("FDA"), thereby somehow "caus[ing]" pharmacies to submit "false" claims to the State of California, *see*, e.g., Compl. ¶¶ 37-51, 54-64, and (2) paying "kickbacks" to physicians in the forms of "'speaker fees,' honoraria, unrestricted educational grants and other gratuities as quid pro quo for volume prescription writing of Zyprexa" to patients.[4] Compl. ¶¶ 192-201 (pp. 38-39), 202-211 (pp. 43-44).

These allegations raise factual and legal questions common to other cases pending in, or awaiting transfer to, the Zyprexa MDL, including: (1) approved uses of Zyprexa, Compl. ¶¶ 65-70, (2) Lilly's marketing of Zyprexa, Compl. ¶¶ 71-178, and (3) the complex regulatory schemes governing reimbursement for Zyprexa prescriptions, Compl. ¶¶ 29-51. Moreover, the Complaint's

---

[4] As explained in the Motion to Dismiss filed in this matter on September 28, 2007, Relator's claims are without merit for independent reasons. Relator's causes of action under the California's False Claims Act (Counts I and II), Cal. Gov't Code § 12650-12656, fail because California law bars suits based upon previously disclosed allegations where, as here, relator is not an original source. Thus, no court has jurisdiction over those claims. *See* Lilly's Motion to Dismiss, pp. 5-13. These claims also fail because Relator has not identified any false claims submitted to the government or met the stringent pleading requirements of Rule 9(b) that averments of fraud or mistake be pleaded with particularity. *See* Lilly's Motion to Dismiss, pp. 15-21. Relator's unfair competition and false advertising claims (Counts III and IV) fail because Relator lacks standing. *See* Lilly's Motion to Dismiss, pp. 13-15.

4

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

assertion of federal claims and its reliance on federal law led to the removal of the action and plaintiffs may seek to remand the matter. This threshold jurisdictional issue is a question which the Zyprexa MDL has already addressed in multiple cases.[5] Accordingly, in an effort to conserve the resources of both this Court and the parties, Lilly will be filing a Notice of Potential Tag-Along Actions seeking transfer of this case to the Zyprexa MDL, and expects that the Panel will transfer the claims soon by Conditional Transfer Order, consistent with past practice.

## ARGUMENT

Federal courts have inherent power to control their dockets by staying proceedings. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). It is well settled that the district court has the power to stay proceedings pending before it and to control its docket in the interests of judicial economy and that the granting of a stay therefore ordinarily lies within the discretion of the district court. *See, e.g., Gonzales v. General Motors Corp.*, 2007 WL 2406871, at *1 (N.D. Cal. Aug. 20, 2007) (*citing Landis*); *Nielson v. Merck & Co.*, 2007 WL 806510, at *1 (N.D. Cal. March 15, 2007) (same).

In exercising its discretion, the court "must weigh competing interests and maintain an even balance" among the interests of the court, counsel, and litigants. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*quoting Landis*). In particular, when deciding whether to issue a stay of proceedings pending a decision by the Panel on transfer, courts consider the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated and balance the hardship and inequity to the moving party if the action is not stayed against the potential prejudice to the non-moving party. *See, e.g., Gonzales*, 2007 WL 2406871 at *1; *Rivers,* 980 F. Supp. at 1360-62. In this case, each of these factors favor a stay.

**I.    A Stay Will Further Judicial Economy And Avoid Duplicative Litigation**

**A.    Potential for Inconsistent Rulings**

As the JPML explained when it created the Zyprexa MDL, "[c]entralization under

---

[5] On September 21, 2007, Lilly removed the action to this court, based on federal question jurisdiction under 28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308 (2005). *See* Lilly's Notice of Removal of Action Under 28 U.S.C. § 1441(B), filed September 21, 2007, pp. 5-13.

5

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

Section 1407 is . . . necessary in order to . . . prevent inconsistent pre-trial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Zyprexa*, 314 F. Supp. 2d at 1381. Consistent with the JPML's repeated findings, a stay of proceedings by this Court will further the goals of conserving judicial resources and ensuring uniform decisions on an array of pretrial matters. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968).

Although federal jurisdictional questions are far from the only issues that benefit from consistent treatment by an MDL transferee court, many courts have held that the ability of an MDL transferee court to develop expertise and a consistent body of case law on complex jurisdictional issues in related litigation furthers the goals of consistency and judicial economy that go to the heart of whether a stay should be issued. Accordingly, "[t]he 'general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel.'" *North v. Merck & Co., Inc.*, 2005 WL 2921638, at *1 (W.D.N.Y. Nov. 4, 2005) (quoting *Jackson v. Johnson & Johnson, Inc.*, 2001 WL 34048067, at *6 (W.D. Tenn. April 13, 2001)). The propriety of a stay to allow the MDL transferee court to address federal jurisdictional issues has been recognized by many courts.[6]

Here, Lilly has filed a petition for removal asserting the same jurisdictional bases set forth in several removal petitions previously heard by the MDL. *See* Lilly's Notice of Removal of Action Under 28 U.S.C. § 1441(B), filed September 21, 2007, pp. 5-13. A stay is therefore appropriate because any remand motion that Relator may bring would involve issues that are common to other cases in the MDL. In particular, Judge Weinstein has already considered the jurisdictional issues raised by this case in similar cases brought by the States of Louisiana, West

---

[6] *See, e.g., Hardin v. Merck & Co., Inc.*, 2007 WL 1056790, at *2 (N.D. Cal. April 5, 2007) ("Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system"); *Johnson v. Merck & Co., Inc.*, 2007 WL 754882, at *2 (N.D. Cal. March 8, 2007); *Stempien v. Eli Lilly and Co,* 2006 WL 1214836, at *2 (N.D. Cal. May 4, 2006); *English v. Merck & Co.*, 2007 WL 516383, at *1 (E.D. Cal. 2007) ("Given the number of cases that present this exact jurisdictional question and the growing number of cases being transferred to the MDL proceedings, this court, like several other district courts, finds that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding."); *Board of Trustees of the Teachers' Retirement Sys. of the State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 902 (N.D. Ill. 2002) ("the better reasoned view is that a court may stay proceedings even where subject matter jurisdiction is uncertain."); *but see, e.g., Tortola Restaurants, L.P v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1189 (N.D. Cal. 1997) (ruling on motion for remand notwithstanding pendency of MDL transfer motion).

6

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

Virginia, and Mississippi, and faces the same issue in others case by the State of Montana and New Mexico that are pending before him.

In the Louisiana, West Virginia and Mississippi actions, Judge Weinstein, applying *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mf'g*, 545 U.S. 308 (2005), held that allegations similar to those made by Relator here presented substantial federal questions that supported federal question jurisdiction.[7] In the West Virginia case, Judge Weinstein noted the need for "national uniformity in interpretation" in cases by states against drug manufacturers to recover Medicaid payments for drugs. *West Virginia v. Eli Lilly & Co.*, 476 F. Supp. 2d 230, 233-34 (E.D.N.Y. 2007). In the Montana and New Mexico cases, remand motions are pending before Judge Weinstein and will also be resolved in the MDL. *See State of Montana, ex rel., Mike McGrath, Attorney General of the State of Montana v. Lilly*, 6:07-CV00018DWM (Doc. #20) (D. Mon. May 14, 2007) (ordering transfer of case to MDL and terminating motion to remand) and 07-cv-01933-JBW-RLM (Doc # 7) (E.D.N.Y. September 25, 2007) (motion for remand filed in MDL); *State of New Mexico, ex rel., Patricia Madrid, Attorney General of the State of New Mexico v. Lilly*, CIV-06-1148 BB/RLP (Doc. #14) (D.N.M April 27, 2007) (ordering transfer of case to MDL and terminating motion to remand).

Judge Weinstein, who has been managing the Zyprexa-related litigation for more than three years, and who has faced or currently faces jurisdictional determinations in actions raising issues nearly identical to those raised by this case, is well-positioned to assess global jurisdictional issues raised by this action, as well as many other factual and legal issues raised by the Relator's claim against Lilly.

### B.    Increased Efficiency of Pretrial Proceedings

Judicial economy will be further served by a stay of proceedings because of the

---

[7] *See West Virginia v. Eli Lilly & Co.*, 476 F. Supp. 2d 230, 233-34 (E.D.N.Y. 2007) (finding federal jurisdiction over state claim for "injuries arising from payments for drugs made as part of its participation in the federal Medicaid program" because "the question of the state's obligation to reimburse its insureds for Zyprexa, using funds largely provided by the federal government, is essential to the state's theory of damages and presents a substantial and disputed federal issue"); *In re Zyprexa Prods. Liab. Litig.*, 375 F. Supp. 2d 170, 172-73 (E.D.N.Y. 2005) (finding federal jurisdiction over Louisiana claim alleging that Lilly promoted Zyprexa for off-label uses in violation of state law because "the allegations about the violation of federal law through improper off-label use present[ed]" a substantial federal question); *Hood v. Eli Lilly and Company*, 07-cv-645 (Doc. #23) (E.D.N.Y. June 5, 2007) (denying motion to remand in action by Mississippi involving substantially same allegations).

7

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

increased efficiency and coordinated pretrial case management available in the MDL proceedings. A district court should not waste time "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers*, 980 F. Supp. at 1360; *see also Gorea v. Gillette Co.*, 2005 WL 2373440, at *1 (W.D. Tenn. 2005) ("a stay is warranted in this case . . . [because otherwise] the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). It was this concern that prompted a district court to note, "[i]f the MDL motion is granted, all of the Court's time, energy and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) (granting defendant's motion to stay).

As noted previously, Relator's claims against Lilly share questions of fact and law with the hundreds of other pending cases involving Zyprexa, including Zyprexa's safety profile and its marketing. In the MDL proceeding, Judge Weinstein is familiar with the facts and issues presented by this litigation, and is actively managing discovery with respect to these matters. In the Zyprexa MDL, for example, approximately 15 million pages of documents have been produced, and depositions of dozens of current and former Lilly employees, in additions to the depositions of expert witnesses, have been taken. Moreover, Judge Weinstein has made clear that "it is expected that all discovery to date will be shared by past and incoming parties without the need for duplication." *See In re Zyprexa Product Liability Litigation,* MDL 1596 (Doc. # 128) (J.P.M.L. January 5, 2005) (attached as Exhibit B).

Upon transfer, Relator will have access to the voluminous discovery already completed in the Zyprexa MDL. Without a stay, Lilly risks hardship, inconvenience and substantial expense should Relator choose to pursue parallel discovery despite the availability of documents produced and depositions completed in the MDL. Accordingly, a stay of proceedings pending transfer of the claims against Lilly to the MDL will ensure that efficiency is maximized and the efforts of the parties and the Court are neither undercut nor wasted on duplicative discovery.

8

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

### II. The Potential Prejudice to Lilly from Denial of a Stay Far Outweighs Any Potential Prejudice to Plaintiff from Grant of a Stay

The analysis of judicial economy is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied. *See, e.g., Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (granting stay where defendant faced the same or similar jurisdictional issues on remand in eight other cases, because gains in judicial economy outweighed the burden of delay); *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1, *2 (E.D. Pa. May 7, 1992).

In this case, the prejudice to Lilly absent a stay outweighs any perceived or potential prejudice to the Relator if a stay is granted. *See New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D.N.M 2004) (brief delay less prejudicial to the plaintiff than duplication of efforts by the defendant); *American Seafood*, 1992 WL 102762, at *2 ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). As noted above, Lilly should not be forced to engage in unnecessary and duplicative discovery and motion practice or risk inconsistent rulings on important jurisdictional issues. *See Wilbanks v. Merck & Co., Inc.*, 2005 WL 2234071, at *1 (W.D. Tenn. Sept. 13, 2005) (granting stay and noting that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant.")

On the other hand, the potential prejudice to Relator if the action is stayed is negligible. Relator has expended limited resources to date; this action is in its infancy, and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be subsumed and superseded by the substantial coordinated discovery that has already taken place in the MDL and by Case Management Orders addressing a range of issues. As the Magistrate Judge recently held in Mississippi's action against Lilly, "Despite plaintiff's protestations, the procedural posture of this case is such that there has been little or no discovery to date, and thus the case is not so 'advanced' that a stay would be unfair." *Hood*, No. 3:06-cv-110-M-A (Doc. # 19)

9

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI**

SF1 1472101v.1

(N.D. Miss. Sep. 27, 2006) (attached as Exhibit A).

As other courts have noted, "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991); *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting a stay where "a stay pending a final decision by the MDL Panel would likely be brief.")

In sum, a stay of proceedings will, on the whole, benefit the parties in this matter, including Relator, because of the increased efficiency and coordinated pretrial case management available in the MDL proceedings. Because discovery in the Zyprexa MDL is already ongoing, "more time may well be saved than was lost." *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988).

## **CONCLUSION**

Consistent with the orders of many other courts, this Court should grant Lilly's motion to stay all proceedings in this case pending transfer of the case to the Zyprexa MDL in the Eastern District of New York.

Dated: October 3, 2007                           SIDLEY AUSTIN LLP


By: /s/ Timothy T. Scott

Attorneys For Defendant
ELI LILLY AND COMPANY

10

MEMORANDUM IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-SI

SF1 1472101v.1