IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JIM HOOD, ATTORNEY GENERAL OF
THE STATE OF MISSISSIPPI, ex rel
THE STATES OF MISSISSIPPI,                                          PLAINTIFFS

v.                                                       CIVIL ACTION NO. 3:06CV110-M-A

ELI LILLY AND COMPANY,                                              DEFENDANT

## ORDER

The above styled case is a candidate for inclusion in multidistrict litigation styled *In re Zyprexa Products Liability Litigation*, MDL No. 1596, currently pending in the United States District Court for the Eastern District of New York. Defendant has filed a motion to stay the proceedings in the instant case pending a decision on inclusion in the multidistrict litigation. Plaintiff opposes the stay, citing the filing of a motion to remand this action to state court and promotion of judicial efficiency and economy as reasons therefor. The undersigned has reviewed the motion to stay and has conferred with the chambers of the District Judge in this matter and finds that the motion is well taken and should be granted.

The power of this court to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In the instant case, economy of time and effort favors granting the motion to stay. Despite plaintiff's protestations, the procedural posture of this case is such that there has been little or no discovery to date and thus the case is not so "advanced" that a stay would be unfair. One of the objectives of transfer for multidistrict litigation is "to eliminate duplication in

discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)). The court finds that these interests are better served by staying the proceedings in this case and allowing the MDL court to exercise jurisdiction, if it so chooses, to coordinate proceedings in this matter. Accordingly, defendant's motions to stay shall be granted.

It is, therefore, **ORDERED:**

(1)   Defendant's motion to stay is granted.

(2)   That this case is hereby stayed pending transfer to the MDL venue. Any court proceedings that have been scheduled to date are hereby continued until further order of the court. Counsel shall notify the court within five (5) days of a ruling by the Judicial Panel on Multi-District Litigation on the possible transfer of this case.

THIS, the 27th day of September, 2006.

/s/ S. ALLAN ALEXANDER
UNITED STATES MAGISTRATE JUDGE