1  Timothy T. Scott (SBN 126971)
   tscott@sidley.com
2  Geoffrey M. Ezgar (SBN 184243)
   gezgar@sidley.com
3  Paul L. Yanosy (SBN 233014)
   pyanosy@sidley.com
4  SIDLEY AUSTIN LLP
   555 California Street
5  San Francisco, California  94104
   Telephone:     (415) 772-1200
6  Facsimile:     (415) 772-7400

7  Paul E. Kalb, M.D.
   SIDLEY AUSTIN LLP
8  1501 K Street, N.W.
   Washington, D.C.  20005
9  Telephone:     (202) 736-8000
   Facsimile:     (202) 736-8711
10
   Nina M. Gussack
11 Andrew R. Rogoff
   PEPPER HAMILTON LLP
12 3000 Two Logan Square
   Eighteenth and Arch Streets
13 Philadelphia, PA 19103-2799
   Telephone:     (215) 981-4000
14 Facsimile:     (215) 981-4750

15 Attorneys For Defendant
   ELI LILLY AND COMPANY

16

17                                UNITED STATES DISTRICT COURT

18                               NORTHERN DISTRICT OF CALIFORNIA

19                                     SAN FRANCISCO DIVISION

20 | STATE OF CALIFORNIA *ex rel.* JAYDEEN ) | Case No. 07-cv-04911-SI
21 | VICENTE and JAYDEEN VICENTE ) Individually, ) | Assigned to: Hon. Susan Illston
22 |           Relator, ) | **DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION TO PLACE DOCUMENTS UNDER SEAL (L.R. 7-10; STANDING ORDER, PARAGRAPH 3)**
23 |           v. )
24 |                                   )
25 | ELI LILLY AND COMPANY, ) | [Proposed] Order Granting Motion Filed Concurrently Herewith
26 |           Defendant. )

27

28

---

**DEFENDANT ELI LILLY AND COMPANY'S EX PARTE MOTION TO PLACE DOCUMENTS UNDER SEAL**
SF1 1473215v.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, as soon as the matter may be heard, Defendant Eli Lilly & Company ("Lilly") will and hereby does move, pursuant to Local Rules 7-10, 79-5, and paragraph 3 of this Court's Standing Order, *ex parte* for an order granting Defendant leave to place under seal documents previously filed in this action. Timothy T. Scott, one of the counsel for Lilly, has advised Relator's counsel that such an *ex parte* request would be made to this Court. Said counsel has indicated that they will oppose such request.

This motion is based on this notice of motion, the accompanying memorandum, the Declarations of Timothy T. Scott, and Andrew R. Rogoff submitted herewith, the pleadings and other papers on file in this action, and on such other evidence and argument as may be presented to the court on reply and at the time of hearing.

**Background**

1. This action involves allegations about Zyprexa®, a pharmaceutical product manufactured by Lilly, and raises many issues that are already the subject of ongoing multidistrict proceedings before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York as *In Re Zyprexa Products Liability Litigation*, MDL No. 1596 (the "MDL").[1]

2. In the MDL, Judge Weinstein entered a protective order ("CMO-3," attached to the Declaration of Andrew Rogoff ("Rogoff Dec.") as Exhibit A; Rogoff Dec. at ¶ 3). That order was intended to protect confidential information and "[p][revent[] disclosures of documents" in order to "protect[] a vulnerable plaintiff patient population and avoid[] prejudice of potential jurors in any jury trial." *See In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 398 (E.D.N.Y. 2007).

3. The need for protection of confidential Zyprexa-related information has been an important subject in the MDL proceedings. In particular, as a result of a breach of CMO-3 in 2006, which led to the disclosure of confidential Lilly documents to *The New York Times*, the MDL

---

[1] As this case presents common legal and factual issues with the cases before Judge Weinstein, Lilly has requested that the Judicial Panel on Multidistrict Litigation ("JPML") transfer this case to the MDL, pursuant to 28 U.S.C. § 1407(a) and consistent with past practice in similar cases.

Court issued several orders intended to protect Lilly's confidential information. The documents disclosed were, and are, subject to CMO-3.

4. Notwithstanding CMO-3's provisions, however, protected material was leaked to the press, thereby causing "irreparable harm" to Lilly "by revealing its trade secrets, confidential preliminary research, and merchandising techniques." *Id.* at 429. Among these documents were "a substantial number whose publication would be annoying, embarrassing, oppressive, and burdensome to Lilly," as "they reveal trade secrets, confidential preliminary research, development ideas, commercial information, product planning, and employee training techniques." *Id.* at 404.

5. These illegal disclosures of Lilly's confidential information led the MDL court to enter multiple orders enjoining the dissemination of the materials and requiring those in possession of those documents to return them. *Id.* at 405, 407, 408, 427-430.

6. CMO-3 continues to govern the MDL proceedings. All plaintiffs' counsel in the MDL have agreed to the terms of CMO-3, including Hersh & Hersh, Relator's counsel in this action.

**This Action**

7. This is a *qui tam* action on behalf of the State of California under the California False Claims Act, Cal. Gov't Code § 12650 *et seq.*, filed by Relator Jaydeen Vicente ("Relator") through her counsel Hersh & Hersh. Relator filed her complaint on May 11, 2007 under seal in the *Superior Court of the State of California in and for the City and County of San Francisco, captioned as State of California ex. rel. Jaydeen Vicente and Jaydeen Vicente Individually, Plaintiffs, v. Eli Lilly and Company*, Defendant, Case Number CGC-07-463338 (the "Complaint"). Pursuant to Cal Gov't Code § 16252(c)(6)(B), the action has since been unsealed.

8. On September 21, 2007, Lilly removed the action to this court, based on federal question jurisdiction under 28 U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308 (2005). *See* Lilly's Notice of Removal of Action Under 28 U.S.C. § 1441(B), filed September 21, 2007, pp. 5-13.

9. Relator worked for Lilly from 2001-2003. On July 16, 2001, Relator signed an "Employee Confidentiality and Invention Agreement," (the "Confidentiality Agreement," attached to Rogoff Dec. as Exhibit B; Rogoff Dec. at ¶ 7). The Confidentiality Agreement provides, among other things, that: (1) Lilly owns all information related to its products which is not generally known outside Lilly and that the employee will not disclose such information and (2) all materials prepared by an employee in connection with employment for Lilly belong to Lilly and that the employee will also return this information at the end of her employment.

10. As set forth in more detail below, the Confidentiality Agreement constitutes Lilly confidential and proprietary information and should itself be placed under seal.

11. Shortly before the end of her employment with Lilly, in accordance with the Confidentiality Agreement, Relator agreed to make arrangements for the "return of any property belonging to Eli Lilly & Co." (*see* Relator's July 24, 2003 e-mail, attached to Rogoff Dec. as Exhibit C; Rogoff Dec. at ¶ 8).

**The Confidential Complaint Materials**

12. Relator's Complaint contains several confidential and highly sensitive documents as exhibits ("Confidential Complaint Materials"). Some of the Confidential Complaint Materials are essentially the same as documents produced in the MDL and protected by CMO-3. All of the Confidential Complaint Materials appear to be Lilly materials which Relator, in violation of the Confidentiality Agreement, failed to return at the end of her employment.

13. The Confidential Complaint Materials include:

| Reference | Basis for Confidentiality |
|---|---|
| Ex. A to Cmpl. | Pages 3 and 5 are essentially the same as documents covered by CMO-3. The remaining pages contain information contemplated by CMO-3. |
| Ex. C to Compl. | Contains Lilly's confidential human resources information |
| Ex. D to Compl. | Essentially the same as a document covered by CMO-3 |
| Ex. E to Compl. | Essentially the same as a document covered by CMO-3 |
| Ex. F to Compl. | Essentially the same as a document covered by CMO-3 |

4

**DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION TO PLACE DOCUMENTS UNDER SEAL**

| | |
|---|---|
| Ex. G to Compl. | Essentially the same as a document covered by CMO-3 |
| Ex. H to Compl. | Essentially the same as a document covered by CMO-3 |
| Ex. I to Compl. | Contains information contemplated by CMO-3 |
| Ex. J to Compl. | Contains information contemplated by CMO-3 |
| Ex. K to Compl. | Contains information contemplated by CMO-3 |
| Ex. L to Compl. | Contains information contemplated by CMO-3 |
| Ex. M to Compl. | Contains information contemplated by CMO-3 |

*See* Rogoff Dec. at ¶ 7.

14. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal, filed on September 21, 2007, attached a copy of the Complaint and its exhibits, including the Confidential Complaint Materials.

15. On October 2, 2007, Defendant's counsel asked Hersh & Hersh to enter into a stipulation that the Confidential Complaint Materials be placed under seal. Hersh & Hersh refused to enter into such a stipulation. Rogoff Dec. at ¶ 9. On October 9, 2007, Defendant's counsel informed Hersh & Hersh that they would be filing this *ex parte* motion. Hersh & Hersh stated that they would oppose the same. Declaration of Timothy T. Scott, at ¶ 2.

**Grounds For Placing Documents Under Seal**

16. Local Rule 79-5 provides in relevant part that:

> A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c).

17. Here, this standard is clearly met with regard to the Confidential Complaint Materials. As to portions of Exhibit A and all of Exhibits D, E, F, G, and H, which are essentially the same as documents covered by CMO-3, the MDL Court has already determined that disclosure of this information would cause harm to Lilly and therefore warrants protection. In recognition of

5

1  this fact, the MDL Court has made considerable efforts to prevent the disclosure of these kinds of

2  documents. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 398 (E.D.N.Y. 2007). Relator's

3  conduct threatens to undermine the MDL Court's ruling and to cause Lilly irreparable harm.

4         18.    The remainder of Exhibit A as well as the entirety of Exhibits I, J, K, L, and

5  M also merit protection. These documents contain "commercial information, product planning, and

6  employee training techniques," *Id.* at 404, the disclosure of which would harm Lilly by "by

7  revealing its trade secrets, confidential preliminary research, and merchandising techniques." *Id.* at

8  429. In particular, these exhibits provide information regarding Lilly's Zyprexa marketing

9  strategies, information which its competitors would not otherwise be able to obtain.

10        19.    Exhibit C merits protection as well. It contains allegations brought to the

11  attention of Lilly which are irrelevant and immaterial to the Complaint. In particular, this exhibit

12  details Relator's complaints regarding the allegedly inappropriate conduct of a Lilly employee who

13  is not a party to the case. These allegations do not bear any relation to Relator's causes of action.

14  Moreover, allowing these records to remain public would threaten the Lilly employee's

15  constitutionally-protected right of privacy. *See* Cal. Const., art. I, § 1. Public access to such

16  documents via court files may be limited where –as here– the documents may be used for improper

17  purposes, *e.g.*, "to gratify private spite or promote public scandal" or where court files would serve

18  as "reservoirs of libelous statements." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978);

19  *Hagestad v. Tragesser*, 49 F. 3d 1430, 1433-34 (9th Cir. 1995). As Exhibit C contains allegations

20  completely immaterial to the underlying Complaint, it warrants protection; the converse would cause

21  irreparable harm to Lilly.

22        20.    Moreover, all of the Confidential Complaint Materials merit protection for the

23  additional reason that they are Lilly's property pursuant to the terms of the Confidentiality

24  Agreement. Relator signed that agreement, thereby recognizing harm that could result from

25  disclosure of these documents. Relator is wrongfully in possession of these documents and remains

26  in violation of the Confidentiality Agreement as the result of her decision to retain and disclose these

27  documents.

28

21. The Confidentiality Agreement also merits protection. This document contains terms governing Relator's employment with Lilly, which constitute Lilly's proprietary and confidential information. Disclosure of this information would harm Lilly by making public the details of its employment contracts.

***

22. Lilly's request to file documents under seal is narrowly tailored and in accordance with the Court's Standing Order because the public will continue to have access to all information in the Complaint with the limited exceptions of the Confidential Materials described above. Accordingly, Lilly respectfully requests that this Court authorize the Clerk to place the Notice of Removal under seal.

Dated: October 10, 2007                    SIDLEY AUSTIN LLP


                                           By: /s/Timothy T. Scott
                                               Timothy T. Scott

                                           Attorneys For Defendant
                                           ELI LILLY AND COMPANY

7

**DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION TO PLACE DOCUMENTS UNDER SEAL**

SF1 1473215v.1