NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
JEANETTE HAGGAS, ESQ., State Bar No. 244713
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
(415) 441-5544

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>  Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>  Defendant. | CASE NUMBER 07-cv-04911-SI<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION FOR LEAVE TO PLACE DOCUMENTS UNDER SEAL** |

- 1 -
PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION
FOR LEAVE TO PLACE DOCUMENTS UNDER SEAL

## I. INTRODUCTION

Defendant Eli Lilly and Company ("Defendant" or "Lilly") requests the sealing of documents attached to Relator's Complaint that were not obtained pursuant to discovery. Defendant's request clearly implicates the First Amendment to the United States Constitution, yet Defendant's *ex parte* request does not cite a single case or statute that authorizes this Court to enter the requested order.

Defendant failed to include any evidence to support its motion. The Motion is based solely on the conclusory declaration of the Defendant's attorney. Further, Defendant's citation of Case Management Order Number 3 ("CMO-3") from the Zyprexa Multi-District Litigation is completely misplaced. That Case Management Order was entered in the Zyprexa MDL and only governs documents produced in discovery. The documents attached to Relator's Complaint were obtained independent of discovery. That case management order was not based upon the production or review of any specific documents, but was entered prior to the production of documents "To expedite the flow of discovery material, [and] facilitate the prompt resolution of disputes over confidentiality . . . ." *See* first paragraph of CMO-3. Thus, CMO-3 is not relevant to the issue of whether to seal the Complaint.

Finally, Defendant improperly removed this action to federal court and Relator will be filing a motion to remand. Due to the short notice of these *ex parte* proceedings, Relator is not fully briefing this issue here but attaches the decision of four other federal trial courts that remanded nearly identical cases, all involving the drug Zyprexa. *See* Exhibits A, B, C and D to the Declaration of Jeanette Haggas ("Haggas Decl."), filed concurrently herewith.[1] Before this Court issues any orders in this case, it should first determine whether or not it has jurisdiction.

---

[1] *See South Carolina ex. rel. McMaster v. Eli Lilly & Co.*, No. 7:07-1875, Slip Op., 2007 WL 2261693 (D.S.C. Aug. 3, 2007); *Alaska v. Eli Lilly & Co.*, No. 06-88, 2006 WL 2168831 (D. Ak. July 28,

PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION FOR LEAVE TO PLACE DOCUMENTS UNDER SEAL

## II. STATEMENT OF FACTS

This whistleblower action is brought by a former employee of Defendant Eli Lilly and Company. As required, the Relator's Complaint attaches documents substantiating the Relator's claims of illegal conduct. Since the creation of these documents, Lilly has been forced by the FDA to change its safety warnings regarding Zyprexa at least three times. On October 5, 2007, Defendant announced the latest of these changes that describe Zyprexa as causing more diabetic side effects than any other drug in its class. *See* "Lilly Announces Updates to the Zyprexa and Symbyax U.S. Labels," *available at*, http://newsroom.lilly.com/releaseDetail.cfm?ReleaseID=267502 (October 5, 2007) (Haggas Decl., Exh. E). This is an admission that Lilly has denied for the last decade and is a substantial basis for the Relator's claims in this case.

As described in Defendant's papers, numerous documents have been published by the New York Times that are similar to the documents attached to the Complaint. However, the documents attached to the Complaint were not obtained through discovery and are not subject to any protective order. Additionally, documents concerning similar information remain readily available on the internet as of today. *See* "Zyprexa Documents," *available at*, http://www.furiousseasons.com/zyprexadocs.html (Haggas Decl., Exh. F).

## III. ARGUMENT

**A.   THE COURT HAS THE POWER TO ENTER A PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED DURING DISCOVERY, BUT OTHER DOCUMENTS REQUIRE FIRST AMENDMENT SCRUTINY.**

Importantly, the documents at issue here were not produced or obtained through discovery. Documents obtained by discovery are potentially subject to

---

2006); *Utah v. Eli Lilly & Co.*, Slip. Op., No. 07-380 (D. Utah Sept. 4, 2007); *Pennsylvania v. Eli Lilly & Co.*, No. 07-1083, 2007 WL 1876531 (E.D. Pa. June 27, 2007)

PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION FOR LEAVE TO PLACE DOCUMENTS UNDER SEAL

protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"). However, the United States Supreme Court has clearly explained that when information or documents are obtained through means other than discovery, any restraint in the dissemination of those documents must pass a high hurdle of first amendment scrutiny:

> [I]t is significant to note that an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny. *See Gannett Co. v. DePasquale, supra*, at 399, 99 S.Ct., at 2915 (POWELL, J., concurring). As in this case, such a protective order prevents a party from disseminating only that information obtained through use of the discovery process. Thus, **the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes.** In sum, judicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the **First Amendment** rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (emphasis added.).

The Supreme Court has set a high burden for the restriction of speech by the Courts. In the case dealing with what is commonly referred to as "The Pentagon Papers", the United States Government failed to obtain an order prohibiting the publication of highly classified government records. The Court noted "[a]ny system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *New York Times Co. v. U.S.*, 403 U.S. 713, 714 (1971) (citing *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963)); *see also Near v. Minnesota ex rel. Olson*, 283 U.S. 697 (1931).

     Defendant now asks this Court to seal from the public documents that it has not established are not already in the public domain. The only evidence attached is the declaration of an attorney for the Defendant lacks foundation, does not authenticate the documents attached, and does not explain why these documents are entitled to any protection. Thus, the Defendant has failed to establish why these documents should be sealed and the Court should deny the motion.

### B. THE PUBLIC HAS A RIGHT TO COURT RECORDS.

Defendant has not argued that the public does not have a right to records on file with the court. However, the Ninth Circuit has clearly enunciated that the public has a common law right to court records. *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096 (1999). There, the court held "[i]n *Nixon*, the Supreme Court recognized a federal common law right 'to inspect and copy public records and documents.' Federal appellate courts have uniformly concluded that this common law right extends to both criminal and civil cases." *Id.* at 1102 (citing *Nixon v. Warner Communications*, 435 US 589, 597 (1978)) (other citations omitted.)

There is no basis for the Court to grant the extraordinary sealing of documents filed with the Court and the public has a right to these documents. Thus, the Court should not grant any motion sealing any part of the court file.

### C. DEFENDANT HAS NOT SHOWN THAT ANY OF THE DOCUMENTS ARE ENTITLED TO PROTECTION UNDER ANY CIRCUMSTANCES.

When documents are produced in discovery and can be the subject of a protective order, the moving party must make a "good cause" showing under FRCP 26(c) of the need for protection, "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). A protective order should be entered only when the movant makes a particularized showing of 'good cause' by affidavit or testimony of a witness with personal knowledge of the specific harm that would result from disclosure or loss of confidentiality, generalities and unsupported contentions do not suffice. *Cippolone v. Liggett Group Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986). The

burden is on movants to show the necessity of a protective order which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *Id.*

*United States v. IBM*, set forth the test to determine whether commercial information warrants the protection of an order of confidentiality, stating the factors include: (1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard secrecy of the information; and (4) the value of the information to the business and its competitors. *United States v. IBM*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975). The value to the business must be measured by its legitimate business, not by the value of hiding illegal conduct.

Defendant has not provided any specific information or evidence about what value the documents have to it or any of its competitors. Further, Defendant appears to admit that the information is known due to stories and documents published by the New York Times. Thus, even if the Court would seal these documents pursuant to FRCP 26(c), Defendant has not met its burden of showing that the documents are entitled to any protection.

## IV. CONCLUSION

The documents attached to Relator's Complaint and the Complaint itself are protected by the First Amendment and are not subject to any protective order regarding discovery. Defendant failed to make any attempt to explain the value of the attached documents to it or to any competitor. Currently, documents containing the same or similar information are readily available on the internet. Therefore, there is no trade

secret or proprietary valuable information contained in any of the documents or in the Complaint. Thus, Defendant's motion should be denied.

DATED: October 15, 2007.　　　HERSH & HERSH
　　　　　　　　　　　　　　　A Professional Corporation

　　　　　　　　　　　　　　By　 s/ Jeanette Haggas
　　　　　　　　　　　　　　　NANCY HERSH, ESQ., State Bar No. 49091
　　　　　　　　　　　　　　　MARK E. BURTON, JR., ESQ., State Bar No. 178400
　　　　　　　　　　　　　　　RACHEL ABRAMS, ESQ., State Bar No. 209316
　　　　　　　　　　　　　　　JEANETTE HAGGAS, ESQ., State Bar No. 244713
　　　　　　　　　　　　　　　HERSH & HERSH
　　　　　　　　　　　　　　　A Professional Corporation
　　　　　　　　　　　　　　　601 Van Ness Avenue, 2080 Opera Plaza
　　　　　　　　　　　　　　　San Francisco, CA 94102-6388
　　　　　　　　　　　　　　　(415) 441-5544
　　　　　　　　　　　　　　　Attorneys for Plaintiff

PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S *EX PARTE* MOTION FOR LEAVE TO PLACE DOCUMENTS UNDER SEAL