Timothy T. Scott (SBN 126971)
tscott@sidley.com
Geoffrey M. Ezgar (SBN 184243)
gezgar@sidley.com
Paul L. Yanosy (SBN 233014)
pyanosy@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Paul E. Kalb, M.D.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Nina M. Gussack
Andrew R. Rogoff
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

Attorneys For Defendant
ELI LILLY AND COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>　　　　Relator,<br><br>　　v.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　Defendant. | Case No. 07-cv-04911-CRB<br><br>Assigned to: Hon. Charles R. Breyer<br><br>**DEFENDANT ELI LILLY AND COMPANY'S REPLY IN SUPPORT OF *EX PARTE* MOTION TO PLACE DOCUMENTS UNDER SEAL (L.R. 7-10; STANDING ORDER, PARAGRAPH 3)** |

**DEFENDANT ELI LILLY AND COMPANY'S REPLY ISO *EX PARTE* MOTION TO PLACE DOCUMENTS UNDER SEAL**

Defendant Eli Lilly and Company's ("Lilly") Motion to Place Documents Under Seal satisfies the requirements of Civil Local Rule 79-5.

**First, this Court has the authority to seal the records as requested.** Confidential Lilly documents essentially the same as those attached to Relator's Complaint in this action, are already subject to a protective order ("CMO-3") in the parallel multidistrict litigation, *In Re Zyprexa Products Liability Litigation, MDL No. 1596* ("MDL"). Though there is a presumption of public access to court records based on First Amendment grounds, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the court also has inherent supervisory powers over its own records and files, which may be exercised to deny public access to court records where – as here – court-filed documents may be used for "improper purposes." *Id.* at 598. In such circumstances, the court weighs the presumption of public access against "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets," *Hagestad v. Tragesser*, 49 F. 3d 1430, 1434 (9th Cir. 1995) (internal citations omitted), including where court records would serve as "sources of business information that might harm a litigant's competitive standing[.]" *Nixon*, 435 U.S. at 598. Local rules govern the form and content for sealing requests in such circumstances. *See* Civ. L.R. 79-5.

**Second, the identified documents warrant sealing.** "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5. The documents at issue here are so entitled, *Nixon*, 435 U.S. at 598; *Hagestad*, 49 F. 3d at 1434, as evidenced by, among other things, both the judicial findings in the MDL proceedings and the employee confidentiality agreement.

The parallel MDL proceedings and CMO-3 protective order issued therein are not relevant because the protective order has somehow been breached here, but because that order and its ensuing enforcement reflect a judicial determination that these Lilly documents, and other Lilly documents like them, merit protection. As the MDL Court held after examining the leaked documents there:

> The court has examined a sampling of the documents distributed by the conspirators. It has viewed portions of the materials returned to the Special Master for Discovery, Peter Woodin, pursuant to his and the court's orders. Among them are a substantial number whose publication would be annoying, embarrassing, oppressive, and burdensome to Lilly; they reveal trade secrets, confidential preliminary research, development ideas, commercial information, product planning, and employee training techniques. . . . These documents are covered by [the protective order] CMO-3. They are included within the kind of documents protectable under Rule 26 (c) of the Federal Rules of Civil Procedure.[1]

*In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 404 (E.D.N.Y. 2007). The documents attached to the Complaint are essentially the same as those covered by the protective order in the MDL, Rogoff Dec. ¶ 7. Accordingly, these documents warrant the same protection here.

Relator makes much of the fact that these documents were not obtained through discovery and therefore asserts that the documents are not entitled to protection. This assertion ignores the Employee Confidentiality Agreement signed by Relator. This Confidentiality Agreement demonstrates Relator's own acknowledgement of the confidential nature of these documents and that Relator violated her contractual obligation to return these documents upon the conclusion of her employment. Relator's discussion of First Amendment protections for dissemination is therefore immaterial. The documents attached to the Complaint were kept and published by Relator in violation of her contract. There is no First Amendment right to breach a contract, and Relator points to none.[2]

**Third, the motion is narrowly tailored.** The motion here is narrowly tailored to allow public access to Relator's Complaint and all of Relator's allegations. It seeks only to protect the competitively sensitive information contained within the exhibits essentially the same as documents that the MDL court in related litigation already has deemed confidential, and has seen fit

---

[1] The Court noted that some of the disseminated documents were in the process of being declassified. *Id.*

[2] The only public dissemination of these documents of which Lilly is aware is the one that took place in express violation of the MDL protective order. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385. The subsequent intentional placing of confidential documents on the Internet in a blatant and intentional effort to thwart that Court's ability to enforce its own Orders, relying on which Lilly had agreed to provide the documents, *id.*, is the only reason certain documents were publicly exposed. This is not a situation where Lilly previously waived by public disclosure what it now seeks to protect. To deny Lilly the protection it here seeks – on the basis of "public disclosure" – would reward such cynical behavior and compound the exposure of Lilly in its efforts to protect its indisputably confidential information, and would be inconsistent with the objectives of the MDL protective order entered by the MDL court. It would plainly be inequitable.

to afford protections to such documents.  Relator's allegations against Lilly remain public; only Lilly's confidential business information is protected, consistent with the millions of pages of Lilly documents produced in the MDL.

Accordingly, and for the reasons already before this Court, Lilly's request should be granted.

Dated:  October 17, 2007                              SIDLEY AUSTIN LLP


                                                     By: /s/Timothy T. Scott
                                                         Timothy T. Scott

                                                         Attorneys For Defendant
                                                         ELI LILLY AND COMPANY

3

**DEFENDANT ELI LILLY AND COMPANY'S REPLY ISO *EX PARTE* MOTION TO PLACE DOCUMENTS UNDER SEAL**