NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
JEANETTE HAGGAS, ESQ., State Bar No. 244713
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　　Defendant. | CASE NUMBER 07-CV-04911-CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT**<br>[28 U.S.C. §1447]<br><br>Date:　　　November 30, 2007<br>Time:　　　10:00 a.m.<br>Courtroom:　8, 19th Floor<br><br>Honorable Charles R. Breyer |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

III. STATEMENT OF THE CASE ...................................................................................... 3

IV. ARGUMENT .................................................................................................................. 3

    A. THE COURT SHOULD REMAND BECAUSE LILLY CANNOT MEET THE STANDARD FOR REMOVAL AND SHOW FEDERAL QUESTION JURISDICTION EXISTS IN THIS CASE. ............................ 3

    B. PLAINTIFFS' STATE LAW CLAIMS DO NOT RAISE AN "ACTUALLY DISPUTED" OR "SUBSTANTIAL FEDERAL QUESTION" TO CONFER FEDERAL SUBJECT MATTER JURISDICTION. ................................................................................................ 4

    C. FEDERAL COURTS CANNOT USURP STATE COURT JURISDICTION WHERE CONGRESS HAS NOT PROVIDED A CLEAR SIGNAL INDICATING THIS TYPE OF ACTION ARISES UNDER FEDERAL JURISDICTION. ........................................ 7

    D. SEVERAL FEDERAL COURTS HAVE REMANDED CASES ASSERTING STATES' CLAIMS SIMILAR TO PLAINTIFFS' CLAIMS HEREIN. ........................................................................................ 9

        1. The Face Of The Complaint Raises Only State Law Claims. ................. 9

        2. The Embedding Of Federal Law Within A State's Laws, Such As The Inclusion Of A Federally Defined Term Or Issues Regulated By Federal Agencies, Is Not Sufficient To Confer Federal Jurisdiction. ...... 10

        3. The Source Of Medicaid Funds Does Not Confer Federal Jurisdiction. 11

        4. Congress Intended State Courts To Litigate Medicaid Reimbursement Claims By Not Providing A Clear Signal That Federal Courts Should Exercise Jurisdiction Or A Private Right Of Action. ............................. 12

    E. THE COURT SHOULD RULE ON THIS MOTION TO REMAND PRIOR TO MDL TRANSFER. .................................................................. 12

V. CONCLUSION .............................................................................................................. 13

-i-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

# TABLE OF AUTHORITIES

Page

1. 28 U.S.C. §1331 .......... 3, 11
2. 28 U.S.C. §1332 .......... 11
3. 28 U.S.C.A. §1441 .......... 3
4. 28 U.S.C.A. §1447 .......... 13
5. *Alaska v. Eli Lilly & Co.*, No. 06-88, 2006 WL 2168831 (D. Ak. July 28, 2006) .......... 1, 9, 10, 11
6. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) .......... 5
7. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2122 (2006)...3-4, 8, 13
8. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation*, 463 U.S. 1 (1983) .......... 7
9. *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .......... 3
10. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) .......... 4, 6, 7, 8, 13
11. *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005) .......... 9
12. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .......... 3
13. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986) .......... 5, 6, 7, 8
14. *Pennsylvania v. Eli Lilly & Co.*, No. 07-1083, 2007 WL 1876531 (E.D. Pa. June 27, 2007) .......... 1, 7-8, 10, 11, 12, 13
15. *Pennsylvania v. T.A.P. Pharms. Prods. Inc.*, 415 F. Supp. 2d 516 (E.D. Pa. 2005) .......... 6, 7, 12-13
16. *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos*, 272 F. Supp. 2d 919 (N.D. Cal. 2003) .......... 3
17. *South Carolina ex. rel. McMaster v. Eli Lilly & Co.*, No. 7:07-1875, Slip Op., 2007 WL 2261693 (D.S.C. Aug. 3, 2007) .......... 1, 10, 12
18. *Utah v. Eli Lilly & Co.*, Slip. Op., No. 07-380 (D. Utah Sept. 4, 2007)....1, 10-11, 12
19. *West Virginia v. Eli Lilly & Co.*, 476 F. Supp. 2d. 230, 233 (E.D.N.Y. 2007) .......... 7

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

HERSHANDHERSH
A Professional Corporation

## I. INTRODUCTION

Eli Lilly & Company ("Lilly") manufactured a defective and dangerous drug, Zyprexa, which caused the State of California and its citizens to suffer physical injuries, including death. As a result of Lilly's deceptive off-label promotional practices, millions of California citizens bought and ingested Zyprexa and were physically, emotionally, and financially harmed. Plaintiff-Relator Vicente filed this lawsuit individually and on behalf of the State of California to seek reimbursement of the monies the State paid Lilly through the State's payments to Medi-Cal and Medicaid beneficiaries.

Lilly's removal based on federal question jurisdiction lacks merit. Lilly does not (and cannot) demonstrate that Plaintiffs' state law claims invoke "actually disputed" or "substantial federal questions" that would bring this matter before this Court's jurisdiction. Moreover, Congress has not provided a private right of action under federal law for the claims Plaintiffs assert here.

Further, the majority of federal courts has remanded actions asserting similar claims to those in the case at bar because the actions lacked federal question jurisdiction. *See South Carolina ex. rel. McMaster v. Eli Lilly & Co.*, No. 7:07-1875, Slip Op., 2007 WL 2261693 (D.S.C. Aug. 3, 2007) ("South Carolina Order"); *Alaska v. Eli Lilly & Co.*, No. 06-88, 2006 WL 2168831 (D. Ak. July 28, 2006) ("Alaska Order"); *Utah v. Eli Lilly & Co.*, Slip. Op., No. 07-380 (D. Utah Sept. 4, 2007) ("Utah Order"); *Pennsylvania v. Eli Lilly & Co.*, No. 07-1083, 2007 WL 1876531 (E.D. Pa. June 27, 2007) ("Pennsylvania Order"), attached as Exhibits A through D, respectively, to the Declaration of Jeanette Haggas ("Haggas Decl."), filed concurrently herewith. Each of these courts held that the action did not raise a federal issue that was "actually disputed" or constituted a "substantial federal question" to confer federal jurisdiction. Plaintiffs herein are making the same claims for relief as the states in the referenced cases set forth above. This Court should review and follow their well-reasoned opinions.

-1-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

## II. STATEMENT OF FACTS

Plaintiff-Relator Vicente was employed as a sales representative for Lilly and has personal knowledge that Lilly engaged in off-label promotional efforts for Zyprexa in facilities for the elderly and in primary care physicians' offices within California.

The instant matter arises in principal part from Lilly's coordinated, deceptive off-label promotional practices for its antipsychotic drug, Zyprexa, which constituted a pattern of conduct designed to maximize profits at the California Medicaid Program's expense. Specifically, Lilly devised, and successfully implemented through Zyprexa sales representatives, a marketing campaign calculated to increase physicians' off-label use of Zyprexa within the State to treat symptoms, mood disorders and patients within age demographics for which the drug has not received FDA approval, nor which has been supported by the medical compendia DRUGDEX, the American Hospital Formulary Service Drug Information, or the United States Pharmacopeia-Drug Information.

Lilly organized its sales force to set up personal financial incentives in exchange for the unlawful and deceitful off-label promotion of Zyprexa in the elderly demographic. In furtherance of this sales scheme, Lilly also paid kickbacks masquerading as speaker fees, honoraria, unrestricted educational grants, entertainment and other in-kind forms. Lilly disbursed its kickbacks with the specific intent that healthcare providers would increase their usage and/or dosage of Zyprexa in facilities for the elderly. Lilly purposefully engaged in this conduct to increase Zyprexa off-label sales revenues derived in principal part from Medicaid programs all across the country, including Medi-Cal.

The purchases of the billions of dollars of dangerous, off-label Zyprexa prescriptions in California were significantly funded by and through the Medi-Cal program. The State of California would not have funded millions of dollars of Zyprexa purchases since the drug's launch in 1996 but for Lilly's unlawful, deceitful and aggressive marketing tactics, as alleged in the Complaint.

-2-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

### III. STATEMENT OF THE CASE

On May 11, 2007, Plaintiff-Relator commenced this *qui tam* action individually and on behalf of the State of California to recover damages and civil penalties exclusively under California state law: the California False Claims Act and the California Business and Profession Code. *See* Complaint, attached as Exhibit A to the Notice of Removal, filed September 21, 2007. Plaintiff did not allege any violation of federal law. *See* Complaint, attached as Exhibit A to the Notice of Removal, filed September 21, 2007; *see also* Part IV.B., *infra*.

On July 10, 2007, the State of California declined to intervene. Plaintiffs served Lilly with the summons and complaint on Aug. 22, 2007. Notice of Removal ¶3. On September 21, 2007, Lilly removed this case to Federal Court.

### IV. ARGUMENT

**A. THE COURT SHOULD REMAND BECAUSE LILLY CANNOT MEET THE STANDARD FOR REMOVAL AND SHOW FEDERAL QUESTION JURISDICTION EXISTS IN THIS CASE.**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The removing party bears the burden of proving subject matter jurisdiction exists. 28 U.S.C.A. §1441; *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos*, 272 F. Supp. 2d 919 (N.D. Cal. 2003) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption against removal and any doubt is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A case arises under federal law if "a well-pleaded complaint establishes either that the federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." 28 U.S.C. §1331; *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2122, 2131 (2006). Notably, the

-3-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

category of cases falling within federal jurisdiction is "slim" and "it takes more than a federal element 'to open the 'arising under' door.'" *Id.* at 2137.

Thus, the question presented is, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The answer here is no. Plaintiffs' well-pleaded Complaint as well as the fact that no federal question is "disputed" or "substantial" demonstrates that this Court lacks jurisdiction. Also, because Congress did not confer a federal cause of action for reimbursement of Medicaid funds, this action is better left to California state court.

B. **PLAINTIFFS' STATE LAW CLAIMS DO NOT RAISE AN "ACTUALLY DISPUTED" OR "SUBSTANTIAL FEDERAL QUESTION" TO CONFER FEDERAL SUBJECT MATTER JURISDICTION.**

To qualify as "actually disputed" or a "substantial federal question," a federal issue must be "essential to the adjudication of the plaintiff's claim." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005). *Grable* provided an example of an "actually disputed" federal issue that was "essential" to the outcome of the case. There, the court found the issue of interpreting a federal tax statute's notice provision was necessary to determine the plaintiff's quiet title claim. *Id.* at 315. Plaintiff initiated the quiet title claim after the IRS seized the property to satisfy a federal tax deficiency. *Id.* The case at bar differs significantly in that the parties do not contest a single federal factor, legal or factual. Thus, remand is appropriate.

No federal issue is "disputed," "substantial," or "necessary" to the adjudication of this action. Lilly contends that federal issues are critical elements of Plaintiffs' claims because California law implicates federal standards under the Federal Drug and Cosmetic

Act ("FDCA") and the Food and Drug Administration ("FDA"). Several courts deciding similar actions disagree. Haggas Decl. ¶¶3-6, Exhs. A-D; see Part IV.E, *infra*.

The face of Plaintiffs' well-pleaded Complaint raises claims exclusively arising under California state law. Plaintiffs' causes of action invoke California statutes only. Notice of Removal, Exh. A (Complaint) at 44 ("First Cause of Action, California False Claims Act, Ca. Government Code §12650 *et seq.*"), 47 ("Second Cause of Action, Conspiracy to Submit False Claims in Violation of the California False Claims Act, Ca. Gov't Code §12651(a)(3)"), 47 ("Third Cause of Action, Violation of Business & Profession Code §17200"), 50 ("Fourth Cause of Action, Violation of Business & Profession Code §17500"). Plaintiffs' statements that Lilly's conduct is also punishable under federal law are not "causes of action" and do not morph Plaintiffs' asserted state law claims into "substantial federal questions." Also, Plaintiffs sought civil penalties for Lilly's conduct solely under California law:

> in violation of California False Claims Act and the appropriate fines and penalties for violating the protective California laws applicable to the fraudulent and false conduct and the cost of this action with interest . . . [and] the maximum amount allowed pursuant to the California False Claims Act, Cal. Gov. Code §12651(a), plus interest, and all relief to which she is entitled pursuant to said laws . . . . *See* Notice of Removal, Exh. A (Complaint) at 51-52, filed September 21, 2007.

Thus, Plaintiffs' claims are grounded in the California False Claims Act and California Business and Profession Code, not federal law.

Next, Lilly's anticipated affirmative defenses, including federal question defenses such as preemption, do not confer subject matter jurisdiction. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Grable*, 545 U.S. at 318; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption . . . even if both parties concede that the federal defense is the only question truly at issue." (emphasis in original)). As in the instant case, *Merrell Dow* involved

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

allegations that inadequate labeling and promotion of the drug violated the FDCA. *Merrell Dow*, 478 U.S. at 806. But, the FDCA does not create a private right of action of mislabeling. "No court has held that the federal Medicaid Act or the FDCA completely preempts a state's Medicaid recovery action for purposes of removal jurisdiction." Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *11 (emphasis added).

Additionally, California law may be premised on, or incorporate, federal law, and still not "implicate the substantial federal question doctrine." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810-14 (1986) ("mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). *aff'd, Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 318 (2005) ("for if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action."); Haggas Decl. ¶¶5-6, Exhs. C-D. Implication of federally defined term that is incorporated within a state's statute is not essential to the adjudication of Plaintiffs' claims and is not sufficient to confer subject matter jurisdiction. *Pennsylvania v. T.A.P. Pharms. Prods. Inc.*, 415 F. Supp. 2d 516, 524-25 (E.D. Pa. 2005). Pennsylvania's Medicaid recovery action was predicated on allegations of fraudulent pricing, which implicated a federal standard: the federal definition "average wholesale price." *Id.* at 524-25. The court refused to find that the application of the congressionally defined words triggered federal question jurisdiction. *Id.*

The same should hold true here. The question is not whether Lilly caused submissions of a claims for off-label use, as defined by federal law, but rather whether Lilly caused the submission of a false or fraudulent claim, as defined by California laws. Plaintiffs allege that Lilly engaged in deceptive marketing to encourage physicians to prescribe Zyprexa even if the patient did not exhibit the "medically accepted indications" for its use. The FDCA and/or the FDA define those "medically accepted indications".

As *Merrell, Grable,* and *Pennsylvania* held, however, the inclusion of federally defined terms or "federal standards" within a state's statute does not inject a "federal question" into plaintiffs' claims, much less a "substantial" question upon which to base Section 1331 jurisdiction.

Lilly may point to the *West Virginia v. Eli Lilly & Co.,* which directly contradicts the Eastern District of Pennsylvania's decision. First, West Virginia's Medicaid program was chiefly funded by federal money. *West Virginia v. Eli Lilly & Co.,* 476 F. Supp. 2d. 230, 233 (E.D.N.Y. 2007). In fact, it was ranked the highest in the country for percentage of federal funding. *Id.* But, the principal factor enabling federal jurisdiction was that the plaintiffs' complaint turned on the "average wholesale price," the definition of which the court erroneously found encompassed a "broad range of federal regulatory and funding provisions" and not the "definition of a single federal statutory term." *Id.* at 233. Moreover, a "split of authority" on the issue of federal question jurisdiction "is itself sufficient to establish a 'doubtful case' which requires this Court to remand in the absence of some other ground for exercise of jurisdiction." Haggas Decl. ¶5, Exh. C (Utah Order) at *20.

In sum, nothing in Plaintiffs' Complaint or Lilly's anticipated defenses provides this Court with jurisdiction under the federal question doctrine. The parties do not dispute the federal law; therefore, adjudication of Plaintiffs' claims does not depend on the determination of a federal standard and the Court should remand this case.

C. **FEDERAL COURTS CANNOT USURP STATE COURT JURISDICTION WHERE CONGRESS HAS NOT PROVIDED A CLEAR SIGNAL INDICATING THIS TYPE OF ACTION ARISES UNDER FEDERAL JURISDICTION.**

The Supreme Court warned district courts not to "snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation,* 463 U.S. 1, 22 n.22 (1983); Haggas

-7-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

Decl. ¶6, Exh. D (Pennsylvania Order) at *7. Only a "slim category" of state claims invokes a federal question sufficient to confer subject matter jurisdiction. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986). Excluded from this "slim category" are cases where Congress has not provided a private cause of action under a federal statute.

> [T]he Congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a Congressional conclusion that the presence of a claimed violation of the [federal] statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

Congress did not expressly create a federal cause of action to recover reimbursement for Medicaid payments. Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *7 ("There is no meaningful indication that Congress intended to confer federal jurisdiction over state law causes of actions implicating the . . . Medicaid program."). Therefore, Plaintiffs do not have a federal remedy. It follows that both equity and the law interpret Congress' silence to mean that the instant claims are "ordinarily resolved in the state courts" and are not included in the "slim" category of cases that properly invoke federal subject matter jurisdiction. *Id.*; *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2122, 2137 (2006).

Removal disturbs the balance of federal and state courts by trumping Congress' clear signal that the states should litigate violations of Medicaid programs. Moreover, the district court could veto a properly alleged federal question if exercising jurisdiction would disrupt the "state-federal line drawn . . . by Congress." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also* Part IV.B.3., *supra*. Congress has not enabled a private cause of action for reimbursement of Medicaid funds. Also, Plaintiffs' claims are fact-specific and based on state law; "federal jurisdiction will not further uniformity, nor ensure the correct precedential interpretation of federal law." Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *17. Thus, the

-8-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

question of whether Lilly's conduct violated the California law is better left to the state court where Congress has not conferred federal jurisdiction.

### D. SEVERAL FEDERAL COURTS HAVE REMANDED CASES ASSERTING STATES' CLAIMS SIMILAR TO PLAINTIFFS' CLAIMS HEREIN.

District Courts in Pennsylvania, South Carolina, Utah, and Alaska have remanded actions asserting similar claims. Haggas Decl. ¶¶3-6, Exhs. A-D. These courts held that the following factors did not singularly confer federal jurisdiction: (1) the face of the Complaint stated a claim under state law, (2) federal law was embedded within a state's laws, (3) the state law included a federally defined term, (4) federal money funded the state Medicaid program, (5) Congress provided no private right of action, and (6) Congress intended for states to litigate Medicaid reimbursement claims.

#### 1. The Face Of The Complaint Raises Only State Law Claims.

In *Alaska v. Eli Lilly & Co.*, Lilly argued that the plaintiff's complaint raised "disputed" and "substantial" federal questions under the Food, Drug, and Cosmetic Act ("FDCA") as well as federal Medicaid law. The court declined to follow the New York decision denying remand in *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005)[1] and instead held, "[o]n its face, Plaintiffs' Complaint does not state a claim arising under federal law. Plaintiffs seek relief under [state] statutes . . . ." Haggas Decl. ¶4, Exh. B (Alaska Order) at *2. The same is true here. Nowhere in the Complaint does Plaintiff assert a claim under federal law. Notice of Removal, Exh. A (Complaint). Plaintiffs in the case at bar articulated claims only under California state laws and therefore remand is appropriate. *See* Part IV.B., *supra*.

---

[1] The case *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005), erroneously characterized the plaintiffs' allegations. The court did not find an actual controversy between the parties as to a federal law. Here, the parties do not disagree over what the federal law is, but rather that the state law allegations in the complaint and the affirmative defense of preemption, do not confer federal question jurisdiction.

### 2. The Embedding Of Federal Law Within A State's Laws, Such As The Inclusion Of A Federally Defined Term Or Issues Regulated By Federal Agencies, Is Not Sufficient To Confer Federal Jurisdiction.

In *Pennsylvania, South Carolina, Utah,* and *Alaska,* the plaintiffs alleged Lilly fraudulently claimed Medicaid payments through off-label marketing, sales, and uses. Lilly contended that the phrase "medically accepted indication" was defined by federal law and therefore triggered federal jurisdiction. The district courts disagreed. Finding that the phrase "medically accepted indication" was indeed federally defined, the court held "liability under the state law claims presented here nonetheless does not depend on the violation of any federal standard or statute." Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *7. "Lilly's liability will solely depend upon its breach of duties as defined and created by state law" even though state law incorporated the interpretation of the federal standard of what constitutes a "medically accepted indication." *Id.*; Haggas Decl. ¶5, Exh. C (Utah Order) at *13 (holding that plaintiffs' claims arose under state law and the embedding of federal law within the state's laws was not sufficient to confer federal jurisdiction); Haggas Decl. ¶3, Exh. A (South Carolina Order) at *3-*4 (finding all of the South Carolina plaintiffs' claims arose "pursuant to state law" despite the implication of the federally defined standard, "medically accepted indication").

"Simply put, it is not [Lilly's] act of causing the submission of a claim for a non-medically accepted indication that creates liability under the state law causes of action, but rather the act of causing the submission of a false or fraudulent claim." Haggas Decl. ¶3, Exh. A (South Carolina Order) at *4. "Even if the term itself is disputed, it does not define the entire scope of permissible conduct under the [state statutes]." Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *9; Haggas Decl. ¶5, Exh. C (Utah Order) at *8 (finding claims that Lilly's Medicaid submissions were for "not medically necessary"

-10-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

prescriptions or non-"medically accepted indications," were asserted under state law despite implicating federally defined standards).

The Alaska court emphasized that regulation by federal agencies of some issues invoked in plaintiffs' claims (*e.g.* off-label use and truth in advertising) was not sufficient to confer federal jurisdiction. Haggas Decl. ¶4, Exh. B (Alaska Order) at. at *3. Specifically, regulations requiring a federal agency, the FDA, to monitor and approve Zyprexa's labeling, warning, and marketing failed to implicated a substantial federal question. *Id.*

Lilly reasserts these same failed arguments in the case at bar. Notice of Removal ¶32-33. But, Plaintiffs do not allege that the submission of claims for non-medically accepted indications (off-label use) is the tortious conduct; the question is not what is or is not a medically accepted indication or off-label use. Moreover, the parties do not dispute the definition of federally defined terms. Instead, Plaintiffs' claims center on how Lilly's conduct in submitting claims to California's Medicaid program was fraudulent, purposeful, and violated the California laws, the dispute is whether Lilly's conduct constitutes fraud under California law. Federal courts simply cannot determine factual disputes that arise under state law where there is no diversity between the parties. 28 U.S.C. §§1331-32. Because mere incorporation of a federal standard in a state law action does not implicate the substantial federal question doctrine, this Court lacks subject matter jurisdiction and should remand the case.

3.  **The Source Of Medicaid Funds Does Not Confer Federal Jurisdiction.**

The fact that federal money "serves as the initial source of funds [the state] seeks to recover does not, without more, confer federal jurisdiction." Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *13-14; Haggas Decl. ¶4, Exh. B (Alaska Order) at *3 (holding that federal funds comprising 50% of Alaska's Medicaid program did not implicate a

"substantial federal question"). Thus, even if the California Medicaid Program is substantially funded by federal money, that fact alone cannot confer federal jurisdiction.

### 4. Congress Intended State Courts To Litigate Medicaid Reimbursement Claims By Not Providing A Clear Signal That Federal Courts Should Exercise Jurisdiction Or A Private Right Of Action.

"[C]ongressional intent . . . indicates that an exercise of federal jurisdiction would not be proper as . . . Congress has provided no federal cause of action" to seek reimbursement from liable third parties. Haggas Decl. ¶5, Exh. C (Utah Order) at *14-15. Because Congress provided no private right of action in the Federal Medicaid Act, the federal courts should find "compelling evidence that a finding of federal jurisdiction . . . would not be consistent with congressional judgment about the sound division of labor between state and federal courts." Haggas Decl. ¶3, Exh. A (South Carolina Order) at *8. Also, "federal jurisdiction will not further uniformity, nor ensure the correct precedential interpretation of federal law." Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *17.

### E. THE COURT SHOULD RULE ON THIS MOTION TO REMAND PRIOR TO MDL TRANSFER.

Lilly will attempt to escape liability under California laws by transferring this action to the Joint Panel for Multi-District Litigation (MDL). If Lilly is successful, Plaintiffs will experience significant delay in their discovery efforts and ability to take this case to trial. The MDL panel does not determine motions to remand. If transferred to the MDL, this case could sit stagnant for months, even years, without a ruling on whether the action was in the proper jurisdiction. MDL Rules and case law recognize that it is the district court's duty to determine jurisdictional prior to transfer to an MDL.

> A conditional transfer order from the JPML "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." JPML Rule 1.5. Therefore, granting a stay solely based on the existence of a factually-related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law,

congressional intent, and JPML Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns. *Pennsylvania v. Tap Pharm. Prods., Inc.*, 415 F. Supp. 2d 516 (E.D. Pa. 2005). Transferring this case to the MDL would prevent Plaintiffs from propounding discovery as well as confidently pursuing litigation within the correct jurisdiction. Thus, this Court should not permit Lilly's attempt to further delay this case and should rule on this motion.

## V. CONCLUSION

In sum, this case cannot be "squeezed into the 'slim category' of [state-law] cases" that *Grable* and *Empire* allow federal courts to decide. Haggas Decl. ¶6, Exh. D (Pennsylvania Order) at *17. On the face of the well-pleaded Complaint, Plaintiffs do not allege a federal cause of action. No federal issue is "actually disputed" or necessary for the adjudication of Plaintiffs' claims. Further, a finding of jurisdiction here would upset the balances between federal and state courts. Because no federal question exists, this Court lacks jurisdiction and should remand the action pursuant to 28 U.S.C. §1447. Therefore, Plaintiffs' request an Order granting this motion.

DATED: October 19, 2007.          HERSH & HERSH
                                  A Professional Corporation


                                  By      /s/ Jeanette Haggas
                                  NANCY HERSH, ESQ.
                                  MARK E. BURTON, JR., ESQ.
                                  RACHEL ABRAMS, ESQ.
                                  JEANETTE HAGGAS, ESQ.
                                  HERSH & HERSH
                                  A Professional Corporation
                                  601 Van Ness Avenue, 2080 Opera Plaza
                                  San Francisco, CA 94102-6388
                                  Telephone: (415) 441-5544
                                  Facsimile: (415) 441-7586

AND

BRIAN P. KENNEY, ESQ.
MEREDITH T. SHEPHERD, ESQ.
BRANDON J. LAURIA, ESQ.
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Telephone: (610) 940-9099
Facsimile: (610) 940-0284

Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]