# EXHIBIT B

Westlaw Download Summary Report for HAGGAS,JEANETTE 5983402

| Date/Time of Request: | Saturday, October 13, 2007 14:01:00 Pacific |
|---|---|
| Client Identifier: | 2065 |
| Database: | DCT |
| Citation Text: | Slip Copy |
| Lines: | 223 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Alaska v. Eli Lilly & Co.
D.Alaska,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Alaska.
State of ALASKA, Plaintiff,
v.
ELI LILLY & COMPANY, Defendant.
No. 3:06-CV-88 TMB.

July 28, 2006.

TIMOTHY M. BURGESS, District Judge.
*1 The State of Alaska brought suit against Defendant Eli Lilly & Company, ("Lilly"), in state court, seeking damages and penalties arising from the marketing and sale of the prescription drug Zyprexa. Docket 1, Exhibit A (Complaint). The State alleges that Lilly knew of risks associated with Zyprexa that were not revealed to the Food and Drug Administration, the state, physicians, or consumers. *Id.* Furthermore, the State alleges that Lilly advertised and sold Zyprexa for a number of non-approved or "off-label" uses. *Id.* The State alleges fraud and negligent misrepresentation, negligence, strict liability, and violations of the Unfair Trade Practices and Consumer Protection Act, codified in A.S. § 45.50.471, and seeks relief of an award of damages in excess of $100,000 for Zyprexa-related damages of past, present and future medical expenses for recipients of the Alaska Medicaid program, restitution for the cost of all Zyprexa prescriptions paid by the state, civil penalties of $5,000 per violation of the Unfair Trade Practices Act, costs, interest, and actual attorneys' fees. *Id.*

Lilly removed this matter to Federal Court on April 19, 2006, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Docket 1.

Having reviewed the pleadings and heard oral argument on July 24, 2006, the Court now enters the following Order.

Pursuant to 28 U.S.C. § 1441(a), a defendant may generally remove to the appropriate federal district court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."Plaintiff moves for an order of remand pursuant to 28 U.S.C. § 1447(c).Docket 10.Under § 1447© ), a case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."The burden of establishing federal jurisdiction falls to the party invoking the removal statute. *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir.2004).Section 1441(a)"is strictly construed against removal jurisdiction."*Id.*

Plaintiffs argue that removal was improper, because there is no ground for asserting federal jurisdiction

over this case. Docket 11.Plaintiff argues that removal is generally only appropriate in three circumstances: 1) the parties meet the statutory requirements for the Court's diversity jurisdiction;[FN1] 2) the Complaint raises a substantial federal question; or 3) under the "complete preemption" doctrine, Plaintiff's state law claims have been totally subsumed by federal law. Docket 11 at 3 (citations omitted). Plaintiff argues that its claims for relief arise exclusively under state statutory and common law, and do not require the construction or application of federal law as essential elements of those claims.[FN2] Docket 11.Accordingly, there is no substantial federal question, and Plaintiff asserts a remand to state court is required. *Id.*

> [FN1]. Diversity is not an issue in this matter.
>
> [FN2]. Plaintiff notes that "while Defendant's conduct may also be in violation of federal law, it is state law that Plaintiff seeks to enforce."Docket 27 at 3.

*2 Defendant argues that federal question removal is proper, because Plaintiff's Complaint raises substantial and disputed federal questions under the federal Food, Drug and Cosmetic Act, ("FDCA"), and under federal Medicaid law. Docket 23.Defendant relies in part on a decision from *In re Zyprexa Products Liability Litigation, 375 F.Supp.2d 170 (E.D.N.Y.2005)*, in which the United States District Court for the Eastern District of New York found federal question jurisdiction in a similar case.

### The Well-Pleaded Complaint Rule

In determining the presence or absence of federal jurisdiction, the court first applies the " 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."*Lockyer, 375 F.3d at 838* (quoting *Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)*)."The federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.' " *Id.* (quoting *Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936)*). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (quoting *Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)*).

On its face, Plaintiff's Complaint does not state a claim arising under federal law. Plaintiffs seek relief under Alaska statutes which prohibit deceptive trade practices, and under common law negligence and strict liability analyses.

### The Artful Pleading Doctrine

The court's inquiry does not end there. *Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir.2003)*."Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.' " *Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996)* (citation omitted). Courts have applied the artful pleading doctrine in complete preemption cases and substantial question cases, the latter of which includes cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question. *Lippitt, 340 F.3d at 1041-1042*. The Ninth Circuit has described the artful pleading doctrine as "a useful procedural sieve to detect traces of federal subject matter jurisdiction in a particular case," but cautions that "Courts should invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *340 F.3d at 1041* (citations and quotations omitted).

### - Substantial Federal Question

"The artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial federal question."*Lippitt, 340 F.3d at 1042*. A state law claim falls in this category when 1) a substantial, disputed question of federal law is a necessary element of the well-pleaded state claim, or the claim is an "inherently federal claim" articulated in state-law terms, or 2) the right to relief depends on the resolution of a substantial, disputed federal question. *Id.*, (citations omitted). The *Lippitt* court observed that "no specific recipe exists for a court to alchemize a state claim into a federal claim-a court must look at a complex group of facts in any particular case to decide whether a state claim actually 'arises' under federal