NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
JEANETTE HAGGAS, ESQ., State Bar No. 244713
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>            Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>            Defendant. | CASE NUMBER 07-CV-04911-CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Date:          December 7, 2007<br>Time:          10:00 a.m.<br>Courtroom:   8, 19th Floor<br><br>Honorable Charles R. Breyer |

HERSH AND HERSH
A Professional Corporation

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION...................................................................................... 1

II.   STATEMENT OF FACTS........................................................................ 2

III.  STATEMENT OF THE CASE ................................................................ 3

IV.   ARGUMENT .......................................................................................... 3

    A.    JURISDICTION IS THE THRESHOLD ISSUE: THE COURT
        SHOULD RULE ON PLAINTIFFS' MOTION TO REMAND
        FIRST. ........................................................................................ 3

    B.    THIS ACTION DIFFERS SUBSTANTIALLY FROM THE CASES
        IN THE MDL.............................................................................. 5

    C.    GRANTING   DEFENDANT'S   MOTION   TO   STAY   THE
        PROCEEDING WILL NOT FOSTER THE INTERESTS OF
        JUDICIAL ECONOMY AND WILL BE PREJUDICIAL TO
        PLAINTIFFS ............................................................................. 7

        1.    Granting Defendant's Motion To Stay Proceeding Will Not Foster
            The Interests Of Judicial Economy................................................... 7

        2.    A Stay Will Benefit Lilly at Plaintiffs' Expense. ............................. 8

CONCLUSION ................................................................................................ 9

HERSHANDHERSH
A Professional Corporation

MPA IN SUPPORT OF PLTFS' OPP. TO DEF'S MOTION TO STAY ALL PROCEEDINGS PENDING
TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1

2

**TABLE OF AUTHORITIES**

3

Page

1.  R.P.J.P.M.L 7.4(c.) ........................................................................ 7

2.  *Alaska v. Eli Lilly & Co.*, No. 06-88,
    2006 WL 2168831 (D. Ak. July 28, 2006) ............................... 1-2

3.  *Conroy v. Fresh Del Monte Produce, Inc.*,
    325 F. Supp. 2d 1049 (N.D. Cal. 2004) ............................... 3-4, 8

4.  *Empire Healthcare Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121 (2006) .................. 6

5.  *Greene v. Wyeth*, 344 F. Supp. 2d 674, 679 (D. Nev. 2004.) .................................... 7

6.  *Pennsylvania v. Eli Lilly & Co.*, No. 07-1083,
    2007 WL 1876531 (E.D. Pa. June 27, 2007) ........................ 1-2

7.  *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358 (C.D. Cal. 1997) ...................... 7

8.  *South Carolina ex. rel. McMaster v. Eli Lilly & Co.*, No. 7:07-1875, Slip Op.,
    2007 WL 2261693 (D.S.C. Aug. 3, 2007) ............................ 1-2

9.  *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*,
    987 F. Supp. 1186 (N.D. Cal. 1997) .................................. 3-4, 7

10. *Utah v. Eli Lilly & Co.*, Slip. Op., No. 07-380 (D. Utah Sept. 4, 2007) ............... 1-2

11. *Villarreal v. Chrysler Corp.*, No. C-95-4414,
    1996 WL 116832 (N.D. Cal. Mar. 12, 1996) ........................ 3-4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HERSHANDHERSH
A Professional Corporation

MPA IN SUPPORT OF PLTFS' OPP. TO DEF'S MOTION TO STAY ALL PROCEEDINGS PENDING
TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## I.    INTRODUCTION

Eli Lilly & Company ("Lilly") manufactured a defective and dangerous drug, Zyprexa, which caused the State of California and its citizens to suffer physical injuries, including death. As a result of Lilly's deceptive off-label promotional practices, millions of California citizens bought and ingested Zyprexa and were physically, emotionally, and financially harmed. Plaintiff-Relator Vicente filed this lawsuit individually and on behalf of the State of California to seek reimbursement of the monies the State paid Lilly through the State's payments to Medi-Cal and Medicaid beneficiaries.

Lilly's Motion To Stay is a premature attempt to prevent this Court from determining simple and important jurisdictional issues. Lilly hopes that by staying this matter, the Joint Panel on Multi-District Litigation ("the MDL Panel") will eventually transfer this case to the federal proceedings currently before the Honorable Jack B. Weinstein in the United States District Court for the Eastern District of New York ("the MDL"). But, a stay would unduly prejudice Plaintiffs by preventing discovery until the jurisdictional issues are determined. This could take months, even years. Lilly is no more prejudiced by litigating in California than in New York because it maintains offices and counsel throughout the nation. Finally, Plaintiffs would not benefit from the discovery available in the MDL, as the claims in this *qui tam* action differ substantially from the individualized claims litigated in the MDL.

The Court should rule on Plaintiff's Motion To Remand before ruling on any other motion. As fully briefed in Plaintiff's Motion To Remand, this Court lacks jurisdiction. In addition, the majority of federal courts has remanded actions asserting similar claims to those in the case at bar because the actions lacked federal question jurisdiction. *See South Carolina ex. rel. McMaster v. Eli Lilly & Co.*, No. 7:07-1875, Slip Op., 2007 WL 2261693 (D.S.C. Aug. 3, 2007) ("South Carolina Order"); *Alaska v. Eli Lilly & Co.*, No. 06-88, 2006 WL 2168831 (D. Ak. July 28, 2006) ("Alaska Order");

-1-

*Utah v. Eli Lilly & Co.*, Slip. Op., No. 07-380 (D. Utah Sept. 4, 2007) ("Utah Order"); *Pennsylvania v. Eli Lilly & Co.*, No. 07-1083, 2007 WL 1876531 (E.D. Pa. June 27, 2007) ("Pennsylvania Order"), attached as Exhibits A through D, respectively, to the Declaration of Jeanette Haggas ("Haggas Decl."), filed concurrently herewith.

## II.  STATEMENT OF FACTS

Plaintiff-Relator Vicente was employed as a sales representative for Lilly and has personal knowledge that Lilly engaged in off-label promotional efforts for Zyprexa in facilities for the elderly and in primary care physicians' offices within California.

The instant matter arises in principal part from Lilly's coordinated, deceptive off-label promotional practices for its antipsychotic drug, Zyprexa, which constituted a pattern of conduct designed to maximize profits at the California Medicaid Program's expense. Specifically, Lilly devised, and successfully implemented through Zyprexa sales representatives. a marketing campaign calculated to increase physicians' off-label use of Zyprexa within the State to treat symptoms, mood disorders and patients within age demographics for which the drug has not received FDA approval, nor which has been supported by the medical compendia DRUGDEX, the American Hospital Formulary Service Drug Information, or the United States Pharmacopeia-Drug Information.

Lilly organized its sales force to set up personal financial incentives in exchange for the unlawful and deceitful off-label promotion of Zyprexa in the elderly demographic. In furtherance of this sales scheme, Lilly also paid kickbacks masquerading as speaker fees, honoraria, unrestricted educational grants, entertainment and other in-kind forms. Lilly disbursed its kickbacks with the specific intent that healthcare providers would increase their usage and/or dosage of Zyprexa in facilities for the elderly. Lilly purposefully engaged in this conduct to increase Zyprexa off-label sales revenues derived in principal part from Medicaid programs all across the country, including Medi-Cal.

-2-

HERSHANDHERSH
A Professional Corporation

1    The purchases of the billions of dollars of dangerous, off-label Zyprexa
2    prescriptions in California were significantly funded by and through the Medi-Cal
3    program. The State of California would not have funded millions of dollars of Zyprexa
4    purchases since the drug's launch in 1996 but for Lilly's unlawful, deceitful and
5    aggressive marketing tactics, as alleged in the Complaint.

6    ### III.  STATEMENT OF THE CASE

7    On May 11, 2007, Plaintiff-Relator commenced this *qui tam* action individually
8    and on behalf of the State of California to recover damages and civil penalties exclusively
9    under California state law: the California False Claims Act and the California Business
10   and Profession Code. Haggas Decl., Exh. E (Complaint). Plaintiff did not allege any
11   violation of federal law. Haggas Decl., Exh. E (Complaint); *see also* Part IV.A, *infra*.

12   On July 10, 2007, the State of California declined to intervene. Plaintiffs served
13   Lilly with the summons and complaint on Aug. 22, 2007. Notice of Removal ¶3. On
14   September 21, 2007, Lilly removed this case to Federal Court. On October 3, 2007, Lilly
15   filed a Motion To Stay before the Honorable Susan Illston. On October 19, 2007, Relator
16   filed a motion to remand. The motion deadlines were re-set on October 18, 2007. The
17   hearing is scheduled for December 7, 2007.

18

19   ### IV.  ARGUMENT

20   **A.    JURISDICTION IS THE THRESHOLD ISSUE: THE COURT SHOULD**
21   **RULE ON PLAINTIFFS' MOTION TO REMAND FIRST.**

22   This Court has repeatedly held that "motions to remand should be resolved before
23   the panel acts on the motion to transfer." *Tortola Restaurants, L.P. v. Kimberly-Clark*
24   *Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997); *Villarreal v. Chrysler Corp.*, No. C-
25   95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial
26   economy will be best served by addressing the remand issue [as it] will facilitate

27

28

HERSHANDHERSH
A Professional Corporation

litigation in the appropriate forum."); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053-54 (N.D. Cal. 2004) ("The court should give preliminary scrutiny to the merits of the motion to remand" and grant remand "'if a single state-law based theory of relief can be offered for each . . . cause[] of action in the complaint.'") (quoting *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996)). Determining the appropriate forum for an action is a "threshold issue . . . and defendant's petition to the [MDL] Panel does not affect scheduled pretrial proceedings." *Tortola Restaurants*, 987 F. Supp. at 1188-89 (denying defendants' motion for stay pending decision by the MDL Panel and remanding the action to state court for lack of diversity jurisdiction).

The plaintiffs in *Tortola Restaurants* and *Conroy* alleged state-law claims under the California Business and Professions Code as well as common law prohibitions against monopolies and unjust enrichment. The defendants in each case removed based on diversity jurisdiction and also moved to stay the proceedings until the MDL Panel transferred the case. In both cases, the Northern District Court held that these claims were more properly decided in the state court. *Tortola Restaurants*, 987 F. Supp. at 1188-89; *Conroy,* 325 F. Supp. 2d at 1053-54.

Likewise, Plaintiff-Relator Vicente's action also belongs in the state court because each cause of action in the Complaint alleges state-law theories of relief under the California Business and Professions Code. Specifically, Plaintiff-Relator Vicente alleges pure state-law claims. The face of the Complaint invokes California statutes only. Haggas Decl., Exh. E (Complaint) at 44 ("First Cause of Action, California False Claims Act, Ca. Government Code §12650 *et seq.*"), 47 ("Second Cause of Action, Conspiracy to Submit False Claims in Violation of the California False Claims Act, Ca. Gov't Code §12651(a)(3)"), 47 ("Third Cause of Action, Violation of Business & Profession Code §17200"), 50 ("Fourth Cause of Action, Violation of Business & Profession Code §17500"). Plaintiffs' statements that Lilly's conduct is also punishable under federal law

-4-

HERSHANDHERSH
A Professional Corporation

are not "causes of action" and do not morph Plaintiffs' asserted state law claims into "substantial federal questions." Also, Plaintiffs sought civil penalties for Lilly's conduct solely under California law. Because Plaintiffs did not cite to nor invoke federal statutes, rules or regulations relating to federal law, this action should be remanded. *See* Plaintiffs' Motion To Remand and supporting documents, filed October 19, 2007.

## B.  THIS ACTION DIFFERS SUBSTANTIALLY FROM THE HIGHLY INDIVIDUALIZED CASES IN THE MDL.

This particular case does not share common questions of law or fact with the cases in the MDL, which include individual claims for products liability and personal injury. *See* Haggas Decl., Exh. F (Transfer Order). This is not a personal injury or products liability action. Instead, Plaintiff-Relator Vicente's claims center on corporate fraud and deceit, in violation of California's Business and Professions Code. Indeed, none of the cases Lilly cites regarding transfer to an MDL involve *qui tam* actions like the case here.[1] This is because *qui tam* actions raise unique issues that are not shared with individual personal injury actions. For that very reason, the MDL is not likely to subsume this action.

Importantly, actions in the MDL are seeking personalized damages for the physical injuries Lilly caused by marketing an unsafe drug whereas Plaintiff-Relator Vicente seeks to recapture the state funds paid to Lilly as a result of its fraudulent marketing scheme. Plaintiff-Relator Vicente's claims stem from, but do not hinge on, products liability law. Discovery in this action would be different from the MDL and would focus on Lilly's marketing campaign, kickbacks and incentives provided for off-

---

[1] In fact, Lilly cites to several cases involving removal on diversity jurisdiction grounds and transfer to an MDL due to shared factual issues. But here, Lilly alleges federal question jurisdiction. Transfer is therefore unlikely particularly due to the dissimilar factual issues involved in *qui tam* actions as opposed to individual products liability actions.

-5-

HERSHANDHERSH
A Professional Corporation

1  label prescriptions, and falsified claims for reimbursement made to the California Medi-

2  Cal program.  Haggas Decl., Exh. E (Complaint) at ¶¶212-51.  Discovery would also

3  focus on Lilly's relationship with healthcare providers in furtherance of its fraudulent

4  marketing scheme (*Id.* at ¶¶228-33), misrepresentations to the public about the safety of

5  Zyprexa use, purposely downplaying the health hazards and risks associated with

6  Zyprexa (*Id.* at ¶¶234-51).  Further, Lilly can easily reproduce documents if any

7  discovery between this case and the MDL cases overlap. Thus, the primary reason for

8  consolidating cases into an MDL—risk of excessive, burdensome, and duplicative

9  discovery—does not exist here.

10  In addition, keeping this action separate from the MDL does not bear the risk of

11  inconsistent treatment or decisions.  This *qui tam* action involves different statutes than

12  the state products liability laws fueling the actions consolidated within the MDL. Thus,

13  an MDL ruling as to products liability will not affect a ruling on Plaintiff-Relator

14  Vicente's allegations under the California Business and Profession Code. Also, the

15  jurisdictional issues raised here are not shared by the cases in the MDL.

16  In other words, the state laws giving rise to the actions that are consolidated

17  within the MDL do not share essential elements with the state laws giving rise to

18  Plaintiff-Relator Vicente's action.  Further, the individual facts involved in the MDL

19  cases will not shape Plaintiff-Relator Vicente's allegations under the California False

20  Claims Act.  This action also implicates state-specific discovery that would respond to

21  unique California Medicaid issues.  The California Medicaid program is created,

22  implemented, and paid for by the State of California.  The Complaint contains

23  exclusively state-law causes of action and there is no conflict between federal and state

24  law regarding reimbursement claims.  Thus, the action involves state-law claims that are

25  not sufficiently broad to confer federal jurisdiction. *See Empire Healthcare Assurance,*

26

27

28

HERSHANDHERSH
A Professional Corporation

-6-

*Inc. v. McVeigh*, 126 S.Ct. 2121, 2131-36 (2006).  The case at bar and the MDL are too dissimilar to warrant shared discovery or consolidation for fear of inconsistent decisions.

**C.    GRANTING DEFENDANT'S MOTION TO STAY THE PROCEEDING WILL NOT FOSTER THE INTERESTS OF JUDICIAL ECONOMY AND WILL BE PREJUDICIAL TO PLAINTIFFS.**

The factors to consider in deciding whether to grant a Motion to Stay include 1) the interests of judicial economy; 2) hardship and inequity to the moving party if the action is not stayed; and 3) potential prejudice to the non-moving party.  *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Only if the Court deems the jurisdictional issues both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to considering the motion to stay.  *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

**1.    Granting Defendant's Motion To Stay Proceeding Will Not Foster The Interests Of Judicial Economy.**

Lilly argues that if the MDL transfers this action, this Court will have wasted its resources.  But, this action is properly before the California state court, as Plaintiff-Relator alleged solely state-law claims.  Thus, the interest in expediency and judicial economy weighs in favor of determining the threshold issue of jurisdiction, and remanding this action before expending additional federal resources.  *See Greene v. Wyeth*, 344 F. Supp. 2d 674, 679 (D. Nev. 2004.)

This Court may avoid "wasted resources" and best serve judicial economy by deciding jurisdictional issues as early in the litigation process as possible. "Judicial economy will be best served by addressing the remand issue as it will facilitate litigation in the appropriate forum." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (quoting *Villarreal v. Chrysler Corp.*, No. C-95-

-7-

HERSHANDHERSH
A Professional Corporation

4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996)).  Thus, if federal jurisdiction does not exist, which it does not here, the case may be remanded before further federal resources are wasted.  *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004).

Staying the motions will not save either party any time and will force additional and unnecessary motion practice, which will further delay the proceedings.  *See Greene*, 344 F. Supp. 2d at 679.  For instance, Plaintiff to oppose transfer once a conditional transfer to the MDL court is issued.  *See* R.P.J.P.M.L 7.4(c.)  If the case is transferred, Plaintiff will again move for a ruling on jurisdiction to remand this case back to the state court in which it was properly brought.  Currently, this question is before this Court and ready to be heard.

### 2.    A Stay Will Benefit Lilly at Plaintiffs' Expense.

A stay of proceedings pending transfer will unduly delay and prejudice Plaintiffs. The interests of justice in this case weigh heavily in favor of hearing Plaintiffs' Motion to Remand in Plaintiffs' chosen forum in great part because of the hardship that would result if Plaintiffs were forced to argue the motion in New York.  Moreover, this Court is already familiar with the issues of California and Ninth Circuit law that Lilly raised.

Lilly is an Indiana corporation and will be no more inconvenienced litigating this case in California than it would be litigating in New York.  Moreover, these forums are equally convenient for Lilly as it does business throughout the entire United States and maintains counsel all over the United States, including San Francisco.

A stay would prejudice Plaintiffs now, especially while this action is in its infant stages, because: (1) Plaintiffs are opposing transfer to the MDL, and (2) if transfer is successful, Plaintiffs will move to remand the action.  The time it will take this Court to determine the simple jurisdictional issues involved in this case is far less than the time it

-8-

HERSHANDHERSH
A Professional Corporation

1   will take to argue a remand motion before the MDL, if this case ever gets to the MDL.

2   Meanwhile, Plaintiffs would be prevented from conducting discovery[2] and progressing

3   with the merits of this action.

### CONCLUSION

5      Where competing motions for remand and stay are pending, the Court should

6   address the motion to remand before considering a stay. Therefore, Plaintiffs respectfully

7   request the Court deny Lilly's Motion to Stay and hear Plaintiff's Motion to Remand.

9   DATED: November 16, 2007.

HERSH & HERSH
A Professional Corporation

By
NANCY HERSH, ESQ.
MARK E. BURTON, JR., ESQ.
RACHEL ABRAMS, ESQ.
JEANETTE HAGGAS, ESQ.
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA  94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

AND

BRIAN P. KENNEY, ESQ.
MEREDITH T. SHEPHERD, ESQ.
BRANDON J. LAURIA, ESQ.
3031C Walton Road, Suite 202
Plymouth Meeting, PA  19462
Telephone: (610) 940-9099
Facsimile: (610) 940-0284

Attorneys for Plaintiffs

---

[2] Access to discovery in the MDL actions would not benefit Plaintiffs because Plaintiffs' allegations substantially differ from the claims involved in the MDL cases. *See* Part IV.B., *supra*.

-9-

MPA IN SUPPORT OF PLTFS' OPP. TO DEF'S MOTION TO STAY ALL PROCEEDINGS PENDING
TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

HERSHANDHERSH
A Professional Corporation