EXHIBIT I

*Fuewal Agreement*

# (Appendix C)

Agreement to Sponsor Scientific or Medical Education Program

THIS AGREEMENT ("Agreement") is effective on the ___ day of _____, 199__, between Eli Lilly and Company, ("Lilly" or "Sponsor"), and _____
_____ ("Provider").

The parties agree as follows:

Section 1. Purpose. This Agreement covers the terms pursuant to which Lilly will sponsor a medical program to be utilized solely for scientific and educational purposes. The subject matter of the program, which will take place in _____ _____ (location) on _____, 199__, is _____
_____ ("Program"). The budget for the Program is attached as Exhibit A. The parties expressly acknowledge that the Program is not for the purpose of promoting any Lilly product and that any discussion of Lilly products will be objective, balanced and scientifically rigorous.

Section 2. Funding. Lilly will provide funding for the Program in an amount of up to _____ _____ dollars ($_____) by way of a check made payable to the Provider. Provider shall use this funding for scientific and/or educational portions of the Program only, and shall not use any Lilly funding for any entertainment activities scheduled in conjunction with the Program other than modest meal(s) or refreshments made necessary by the length of the Program.

Section 3. Invoices. Provider shall submit invoices to Lilly, which shall itemize expenses in sufficient detail to permit Lilly to evaluate the reasonableness of the charges. The invoice shall be payable within thirty (30) days of its receipt, provided Lilly has no objection to the charges. If Lilly has an objection it will notify Provider within fifteen (15) days of its receipt of the invoice. In no event will Lilly pay any invoices exceeding the lesser of: the budget total stated in the attached Exhibit A, or the funding limit set forth above in Section 2.

Section 4. Presenters and Content.

a) Provider shall exercise full control over the planning of the Program's content consistent with the subject matter specified above in Section 1, including the selection of presenters. Lilly shall not direct or influence the content of the Program and shall play no role in the selection of presenters other than to respond to Provider's request for suggestions of presenters.

b) Lilly will respond in writing to any request received from Provider for suggestions of presenters. When responding to such requests, Lilly will suggest more than one presenter and provide a description of each suggested individual's qualifications along with a disclosure of all known significant financial and other relationships between Lilly and the individuals suggested.

c) Provider agrees to seek suggestions for presenters from sources other than Lilly, and to make an independent judgment as to the most appropriate individuals. In selecting presenters, Provider shall make an effort to select individuals representing an appropriate diversity of legitimate medical opinion on the topic under discussion when the format permits. If Provider selects a presenter suggested by Lilly, Provider will disclose that fact to Program participants at the beginning of the Program.

d) Lilly shall not engage in scripting, targeting of points for emphasis, or other activities that are designed to influence the content of the Program. If requested in writing by Provider, Lilly will provide limited

technical assistance, including the preparation of slides or audiovisual materials for presenters or moderators, and limited logistical assistance.

Section 5. Disclosure of Financial Relationships/Duality of Interest.

a) Provider shall, at live presentations, ensure meaningful disclosure, at the time of the Program, to the audience of:

i) Lilly's funding of the Program, and

ii) any significant relationship between Provider and Lilly and between the individual presenters and Lilly (e.g., employee, grant recipient, owner of significant interest or stock, clinical trial investigator).

b) Provider shall obtain from all presenters a statement concerning any duality of interest prior to the Program. Provider shall advise the audience at the time of the Program of any duality of interest disclosed by the presenters.

Section 6. Ancillary Promotional Activities. Lilly shall not have any promotional activities by sales representatives or promotional exhibits in the same room or in any obligate path to the Program, unless the exhibit is within an area that is designated for general exhibits and includes exhibits from different companies marketing alternative or competing therapies. Provider shall ensure that there are no advertisements for Lilly products in any material disseminated in the Program room.

Section 7. Objectivity and Balance. If a product marketed or under investigation by Lilly or a product in competition with a Lilly product is to be the subject of substantial discussion, Provider will take steps to ensure that the data will be objectively selected and presented and that both favorable and unfavorable information about the product(s) will be fairly represented. Provider shall ensure that there is a balanced discussion of: (i) the prevailing body of scientific information on the product(s); and (ii) reasonable, alternative treatment options.

Section 8. Disclosure of Limitations on Data. Provider shall ensure that there will be meaningful disclosure of any limitations on information presented. Such limitations or uncertainty include, but are not limited to data that represent ongoing research, interim analyses, preliminary data or unsupported opinions.

Section 9. Discussion of Unapproved Uses. If unapproved (unlabeled) uses of any product discussed in the Program are discussed, Provider will require that presenters disclose that the product is not cleared for marketing in the United States for the use under discussion.

Section 10. Opportunity for Debate. In the case of live presentations, Provider shall ensure there is meaningful opportunity for scientific debate or questioning during the Program.

Section 11. Notices. All notices, requests, or other communications relating to this Agreement shall be in writing and shall be deemed given if delivered personally or mailed as follows:

| If to Lilly: | If to Provider: |
|---|---|
| Eli Lilly and Company<br>Lilly Corporate Center<br>Indianapolis, Indiana 46285 | _____<br>_____<br>_____ |
| Attn: Larry Robertson | Attn:_____ |

Section 12. <u>Compliance with AMA Guidelines.</u> Provider agrees to comply with the AMA Guidelines on Gifts to Physicians from Industry ("Guidelines"). Provider further agrees that none of the funding provided under this Agreement will be used in any manner, which violates the Guidelines.

Section 13. <u>Assignability</u>. This Agreement shall not be assignable by either party. Any attempt to assign rights or benefits under this Agreement shall be void. This Agreement shall inure to the benefit of and be binding upon the parties and their respective successors; nothing in this Agreement is intended to confer, expressly or by implication, upon any other person any rights or remedies.

Section 14. <u>Complete Agreement.</u> This Agreement contains the entire Agreement between the parties concerning the transactions contemplated by this Agreement and supersedes all previous negotiations, commitments and agreements of the parties, whether written or oral, with respect to the subject matter of this Agreement.

AGREED:

ELI LILLY AND COMPANY                                  _____("Provider")

By:_____                             By:_____

Printed:_                                              Printed:_

Title:___                                              Title:___

Date:_____                           Date:_____