Timothy T. Scott (SBN 126971)
tscott@sidley.com
Geoffrey M. Ezgar (SBN 184243)
gezgar@sidley.com
Paul L. Yanosy (SBN 233014)
pyanosy@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone:     (415) 772-1200
Facsimile:      (415) 772-7400

Paul E. Kalb, M.D.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 736-8000
Facsimile:      (202) 736-8711

Nina M. Gussack
Andrew R. Rogoff
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:     (215) 981-4000
Facsimile:      (215) 981-4750

Attorneys For Defendant
ELI LILLY AND COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA *ex rel.* JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>Relators,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | Case No. 07-cv-04911-CRB<br><br>Assigned to: Hon. Charles R. Breyer<br><br>**REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Date:  December 7, 2007<br>Time:  10:00 a.m.<br>Place: Courtroom 8, 19th Floor |

**REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB**

SF1 1477647v.1

## SUMMARY OF ARGUMENT

On October 23, 2007, the Judicial Panel on Multidistrict Litigation (the "JPML") conditionally transferred this case to the Zyprexa MDL pending before Judge Weinstein in the United States District Court for the Eastern District of New York. *See* Conditional Transfer Order, attached to T. Scott Declaration, filed concurrently herewith, as Exhibit A. Relator Jaydeen Vicente ("Relator") has filed a notice of opposition to this transfer. The JPML will decide on this issue. Relator, nevertheless, asks this Court to proceed with this case, notwithstanding the likelihood that the JPML will shortly transfer this case to Judge Weinstein for coordinated pretrial proceedings. The interests of judicial efficiency would be best served by staying this matter pending the JPML's decision. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (A stay "is appropriate when it serves the interests of judicial economy and efficiency.")

Relator's Opposition fails to demonstrate otherwise, notwithstanding her arguments that this Court should immediately decide Relator's pending Motion to Remand (Opp. at 3-5), that Relator's claims "differ substantially" from the cases in the MDL (Opp. at 5-7), and that Relator would be prejudiced by the delay that would allegedly be incurred if this case is transferred (Opp. at 7-9). This Court has held that a court should grant a motion to stay, rather than rule on a pending motion to remand, where, as here, the jurisdictional basis for removal withstands preliminary scrutiny and is similar to jurisdictional issues raised in cases transferred or likely to be transferred. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). Moreover, Relator's claim that the cases before the MDL are materially different than this one is not correct. In Numerous cases raising the same allegations concerning Lilly's alleged "off-label" marketing raised here are, or have been, before the MDL. Finally, Relator provides no substance to support her claim of prejudice.

## ARGUMENT

### I. JUDICIAL ECONOMY WILL BE SERVED IF THE MDL COURT ADDRESSES THE REMAND ISSUE

The most significant factor favoring a stay is that the MDL Court has already addressed the issues of federal jurisdiction that are raised in this matter in nearly identical suits

REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB

SF1 1477647v.1

brought by the Attorney Generals of Louisiana, West Virginia, and Mississippi. *See Louisiana ex rel. Foti v. Eli Lilly and Co.*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005) (denying motion to remand in nearly identical case); *West Virginia v. Eli Lilly and Co.*, 476 F. Supp. 2d 230, 234 (E.D.N.Y. 2007) (same); *Mississippi ex rel. Hood v. Eli Lilly and Co.*, 2007 WL 1601482 (E.D.N.Y. June 5, 2007) (same).[1] Moreover, these jurisdictional issues have also been raised in cases filed by the Attorneys General of Montana and New Mexico, both of which are now pending before the MDL. *See State of Montana, ex rel., Mike McGrath, Attorney General of the State of Montana v. Eli Lilly & Co.*, 6:07-CV-00018-DWM (Doc. No. 20) (D. Mon. May 14, 2007) (conditional transfer of case to MDL) and 07-cv-01933-JBW-RLM (Doc No. 7) (E.D.N.Y. September 25, 2007) (motion for remand renewed in MDL); *State of New Mexico, ex rel., Patricia Madrid, Attorney General of the State of New Mexico v. Eli Lilly & Co.*, CIV-06-1148 BB/RLP (Doc. No. 14) (D.N.M April 27, 2007) (ordering transfer of case to MDL).[2]

Relator's only response to these cases is to point out that a district court may address a jurisdictional issue pending transfer. (Opp. at 3-4). However, the mere fact that a court *may* do so is not an argument that it *should* do so. Indeed, as Lilly set forth in its Motion (and Relator tellingly omitted from its Opposition), numerous courts addressing the question of a stay pending transfer to the Zyprexa MDL, *including this Court*, have issued stays. (Motion at 2 fn 2). In *Stempien v. Eli Lilly and Co.*, 2006 WL 1214836, *2 (N.D. Cal. May 4, 2006), for instance, this Court stayed all proceedings pending transfer to the Zyprexa MDL. As Judge Henderson explained,

> The Court finds that the interests in promoting uniformity and consistency therefore counsel in favor of a stay in this case. This is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to [the] MDL, nor is it a case where it is clear from a preliminary review of the notice of removal or motion to remand that the removal was improper. . . .

---

[1] As set forth in Lilly's Opposition to Remand (Doc. No. 45 at 2-4), the case for removal is even stronger here because Relator, in addition to pleading state claims raising "substantial and disputed" federal issues, has also expressly alleged a federal claim.

[2] Plaintiff in the New Mexico case has not yet renewed its motion to remand in the MDL action.

2

REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB

SF1 1477647v.1

*Id.*; *see also Adams v. Eli Lilly and Co.*, 3:06-cv-03483 (Doc. No. 16) (N.D. Cal. June 27, 2006) (granting motion to stay in Zyprexa case); *Bogard v. Merck & Co., Inc*., 2007 WL 460650, *1 (N.D. Cal. February 7, 2007) (citing *Stempien* and granting motion to stay pending JPML's transfer decision in Fosamax litigation).

This Court's decision in *Stempien* is in line with numerous cases from other jurisdictions granting stays pending transfer to the JPML.  *See, e.g., Johnson v. Eli Lilly and Co., & Dr. J. Colvin*, No. 4:05-cv-02139-ERW (Doc. No. 17) (E.D. Mo., February 27, 2006); *Brownlee v. Lilly, et al.,* CV-06-JEO-0634-W (Doc. No. 14) (N.D. Ala., April 5, 2006); *Wade v. Eli Lilly and Co.*, No. 4:06-cv-1170 (Doc. No. 5) (S.D. Tex., April 11, 2006); *Strange v. Eli Lilly and Co.*, No. 1:06-cv-0992 (Doc. No. 10) (S.D. Ind., June 29, 2006); *Hood ex rel. State of Mississippi v. Eli Lilly and Co.*, No. 3:06-cv-110-M-A (Doc. No. 19) (N.D. Miss. September 27, 2006); *but see, e.g., State of West Virginia ex rel. Darrell V. McGraw, Jr. v. Eli Lilly & Co.*, 3:06-cv-00298 (Doc. 13) (S.D.W. Va. May 11, 2006).

The decisions cited by Relator for the uneventful proposition that a court *may* rule on remand notwithstanding the pendency of a transfer motion do not undermine this authority.  As set forth in a case cited by Relator, this Court has held that it is not proper to rule on remand where the jurisdictional basis for removal withstands preliminary scrutiny and is similar to jurisdictional issues raised in cases transferred or likely to be transferred.  *See Conroy,* 325 F. Supp. 2d at 1053 (N.D. Cal. 2004) (cited in Opp. at p. 7).  Only where the case for remand is clear on the face of the pleadings, or where the removal itself is procedurally flawed, is it appropriate for the removal court to resolve the remand issue.  *Id.*

Such circumstances were present in the cases cited by Relator, where the remand issue concerned easily-resolved jurisdictional issues and did not present issues similar to those before the MDL.  *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) (remanding case for failure to plead jurisdictional amount where complaint explicitly stated that plaintiff did not seek damages in excess of the jurisdictional amount); *Villareal v. Chrysler Corp.*, 1996 WL 116832, *3 (N.D. Cal. March 12, 1996) (same); *Conroy*, 325 F. Supp. at

3

REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB

SF1 1477647v.1

1053 (remanding case where court did not need to resolve issues of federal law). Here, however, Lilly's basis for removal is strong and easily withstands preliminary scrutiny. Relator has not only raised the same "substantial and disputed" federal issues found sufficient to confer jurisdiction in the West Virginia, Louisiana, and Mississippi cases but has also expressly pleaded a federal claim. *See* Lilly's Notice of Removal and Opposition to Remand. In addition, as set forth above, the MDL has already considered similar jurisdictional issues in multiple prior cases and has these same issues currently before it.

In short, because "this is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to the MDL, nor is it a case where it is clear from a preliminary review of the notice of removal or motion to remand that the removal was improper," *Stempien,* 2006 WL 1214836 at *2, this case should be stayed pending transfer to allow the pending Motion to Remand to be resolved by the MDL judge.

## II. RELATOR'S CLAIM THAT THIS CASE DIFFERS FROM CASES BEFORE THE MDL IS INDISPUTABLY WRONG

Relator's Opposition attempts to distinguish this case from those in the MDL by claiming that "actions in the MDL are seeking personalized damages for the physical injuries Lilly caused by marketing an unsafe drug whereas [Relator] seeks to recapture the state funds paid to Lilly as a result of its fraudulent marketing scheme." (Opp. at 5:18-20). Relator uses this claim as a springboard for her suggestions that this Court should ignore the risk of inconsistent decisions that would be posed by this Court ruling on the remand issue and that the voluminous discovery from the MDL is irrelevant here.

Relator's claim that "off-label" marketing cases similar to this one are not before the MDL is just wrong, as Relator's counsel should be aware given their involvement in the MDL proceedings. For instance, the Montana Attorney General action raised nearly identical allegations to those brought by Relator here. *See* Complaint in *State of Montana, ex rel. Mike McGrath, Attorney General of the State of Montana v. Lilly*, 07-cv-01933-JBW-RLM (Doc. No. 4) (E.D.N.Y. May 30, 1997), attached to T. Scott Declaration as Exhibit B, at ¶¶ 30-53 (allegations regarding

4

REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB

SF1 1477647v.1

Zyprexa's Long Term Care sales division and off-label marketing); ¶¶ 34, 51 (allegation of "kickbacks" paid to doctors"); ¶ 50 (allegations regarding Zyprexa patient profiles); ¶¶ 110-118 and Prayer For Relief, ¶ 6 (asserting cause of action under Montana False Claims Act alleging the presentation of "false" claims for reimbursement and seeking recovery of the state funds paid to Lilly).

Similarly, the complaint in the New Mexico action before the MDL (which has the same plaintiff's counsel as in the present case), makes "off-label" marketing allegations and seeks recovery of the state funds paid to Lilly as part of the New Mexico Medicaid program. *See* State-Court Complaint attached to Notice of Removal in *State of New Mexico, ex rel., Patricia Madrid, Attorney General of the State of New Mexico v. Lilly*, 1:07-cv-01749-JBW-RLM (Doc. No. 3) (E.D.N.Y. May 3, 2007), attached to T. Scott Declaration as Exhibit C, at ¶ 18(f) and (g) (off-label marketing allegations), Relief Requested ¶ C (seeking reimbursement of funds paid to Lilly); *see also State of West Virginia ex rel Darrell V. McGraw, Jr. v. Lilly*, 06-cv-05826-JBW-RLM (Doc No. 3) (E.D.N.Y. Feb. 7, 2007) at ¶¶ 22(f) and (g), 26(f), 39 (off-label marketing allegations), Relief Requested ¶ D (seeking disgorgement of funds paid to Lilly under West Virginia's Medicaid program); *Mississippi ex rel. Hood v. Eli Lilly and Co.*, 07-cv-00645-JBW-RLM (Doc No. 3) (E.D.N.Y. Feb. 16, 2007), at ¶ 1.1 ("this proceeding is an action to a) recover exclusively state funds expended by the State of Mississippi through its Division of Medicaid in purchasing [Zyprexa], for non-medically accepted indications.")

Relator's claim that a *qui tam* action such as this one raises "unique issues" from those in the MDL is also without merit. (Opp. at 5:15-17). First, *qui tam* actions allow an individual to act on behalf of the state as a "private attorney general" and, as detailed above, numerous state attorney general actions are before the MDL. Second, Relator has not cited any case standing for the proposition that a *qui tam* action is not fit to be heard by an MDL. Indeed, it is not uncommon for MDL courts to hear such cases. *See United States ex rel Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 34 (D.D.C. July 17, 2007) (setting forth procedural history showing that *qui tam* actions under federal False Claims act had been consolidated by the JPML); *In re Cardiac*

5

REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB

SF1 1477647v.1

1  *Devices Qui Tam Litigation*, 254 F. Supp. 2d 1370 (JPML March 5, 2003) (consolidating 35 *qui tam*
2  lawsuits before an MDL).

3        Finally, the question of whether this case is similar to those in the Zyprexa MDL will
4  be addressed by the JPML  Granting a stay will allow the JPML time to decide if in fact there is any
5  merit to Relator's argument that this case is different than those before the MDL.  The interests of
6  judicial efficiency would therefore be served by staying this case until the JPML, the body charged
7  with responsibility for making such decision, has  time to resolve the transfer issue.

8  **III.     RELATOR WILL NOT BE  PREJUDICED BY A STAY.**

9        Relator makes three arguments regarding the alleged prejudice she will suffer if a
10 stay is granted.  None of these arguments withstands scrutiny.  Relator claims that prejudice would
11 result from (1) the "hardship" of Relator having "to argue the motion in New York;" (2) the alleged
12 delay resulting from transfer; and (3) Relator's inability to conduct discovery during the period of
13 time that this action is stayed pending transfer. (Opp. at 8).

14       As to the alleged hardship of having this case heard in New York, Relator gives no
15 explanation as to why this type of *forum non conveniens* argument is relevant to the consideration of
16 a motion to stay.  Moreover, as set forth above, the Zyprexa cases before the MDL include cases
17 from other states distant from New York, including Montana, New Mexico, and Mississippi.  In
18 addition, Relator's counsel in this case is counsel in at least one case pending before the MDL.

19       As to the alleged delay from transfer, Relator does not provide any basis to suggest
20 that the MDL will delay in resolving the remand issues.  In fact, Judge Weinstein has promptly
21 entertained, and swiftly decided, jurisdictional issues in similar actions transferred to the MDL.  In
22 the West Virginia Case, the State renewed its Motion for Remand in the MDL on February 7, 2007.
23 Oral argument on the motion was held on March 5, 2007 and Judge Weinstein entered his Order on
24 March 8, 2007.  *See* Docket in *State of West Virginia ex rel. Darrell V. McGraw, Jr. v. Lilly*, 06-cv-
25 05826-JBW-RLM  (E.D.N.Y.).  Similarly, Mississippi renewed its Motion for Remand on April 17,
26 2007.  Oral argument on the motion was held on May 31, 2007, and Judge Weinstein entered his
27 order on June 5, 2007.  *See* Docket in *Mississippi ex rel. Hood v. Eli Lilly and Co.*, 07-cv-00645-
28

6

**REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB**

JBW-RLM  (E.D.N.Y.).

Finally, as to the discovery issues, upon transfer to the MDL, Relator will have access to millions of pages of documents already produced as well as the transcripts of all of the depositions taken to date.  Moreover, during the brief period of time during which this action is stayed pending transfer, Relator may draft "unique" discovery she believes is necessary.  Upon transfer to the MDL, Relator will have an opportunity, consistent with the Federal Rules of Civil Procedure, to pursue case-specific discovery and to complete such discovery even if this case is remanded to state court.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Lilly's motion to stay all proceedings in this case pending transfer of the case to the Zyprexa MDL in the Eastern District of New York.

Dated:  November 21, 2007                          SIDLEY AUSTIN LLP


                                                   By: /s/ Timothy T. Scott

                                                   Attorneys For Defendant
                                                   ELI LILLY AND COMPANY

7

**REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION – CASE NO. 07-CV-04911-CRB**

SF1 1477647v.1