NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
JEANETTE HAGGAS, ESQ., State Bar No. 244713
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>    Relator,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | CASE NUMBER 07-CV-04911-CRB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT**<br>[28 U.S.C. §1447]<br><br>Date:    December 7, 2007<br>Time:    10:00 a.m.<br>Courtroom:    8, 19th Floor<br><br>Honorable Charles R. Breyer |

## I. INTRODUCTION

Eli Lilly & Company's ("Lilly" or "Defendant") opposition merely points to Plaintiff's complaint that cites federal law as one of the basis of liability. The United States Supreme Court held in *Merrell Dow, infra*, that this circumstance does not confer federal question jurisdiction. Relator's claims are based on state law. Just as the Plaintiff in *Merrell Dow* cited violations of federal law as one basis of liability, similarly, Relator cited violations of federal law. This is not sufficient to create federal question jurisdiction. *Id.* at 816; *see also Casey v. Midwest Title Service*, 2006 WL 2862457 (N.D. Okla. 2006).

Defendant's allegation that there is a "substantial federal" issue actually in dispute also falls flat. While Defendant points to regulations regarding the permissibility of off-label marketing in narrow circumstances and allowable off-label indications, Defendant never provides any explanation of Relator's disagreement with Defendant's interpretation of those statutes. Relator agrees that there are limited exceptions allowing off-label promotion and prescribing. In fact, this motion documents the fact that Defendant has been sued by numerous other states and five federal judges have ruled on the remand of these types of cases; however, Defendant has failed to cite as an example any dispute over the interpretation of federal law in any of these cases.

Therefore, this Court should follow the super majority of District Courts that have remanded similar Zyprexa actions to State Court.

## II. ARGUMENT

### A. RELATOR DID NOT MAKE A CLAIM UNDER THE FEDERAL FALSE CLAIMS ACT.

Relator's claims are based upon the California False Claims Act. Her complaint merely points out that Defendant's actions were illegal under the Federal False Claims Act and that the California Act is not in conflict with Federal law. It is undisputed that in

-1-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

order to make a claim under the Federal False Claims Act, Relator would have needed to comply with a different set of prerequisites, such as service on the United States Attorney General's Office. She has not and she cannot make a claim under the Federal False Claims Act now.

The United States Supreme Court made it abundantly clear that the mere citation of a violation of federal law to support a state court cause of action is not a basis to assert federal jurisdiction. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.") In *Merrell Dow*, the plaintiff's claim for negligence was clearly a state law claim; even though the plaintiff cited the FDCA as one basis for liability, federal law was simply used as an element of a state law claim. *Id.* at 816-17.

Relator's complaint merely cites the violations of federal law to support her state law causes of action. Thus, this case should be remanded.

**B. NO SUBSTANTIAL FEDERAL ISSUE IS ACTUALLY IN DISPUTE.**

Under *Grable, infra,* in order to invoke federal jurisdiction based upon a substantial federal issue, it must be "actually disputed" and "essential to the adjudication of the plaintiff's claim." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 313 (2005). Defendant claims that there are disputes regarding off-label use and off label promotion, but the only issue they actually attempt to identify is California's obligation to provide coverage for any usage listed in the various compendia. However, Relator agrees in her Complaint. *See* ¶39 ("A medically accepted indication is any use approved by the FDA, or supported by one of the three specifically identified compendia."). Similarly, Relator agrees that there are permissible means of off-label promotion.

-2-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

The area of disagreement between the parties concern factual issues, there are no substantial, essential federal issues that require interpretation by a federal court. Thus, remand is appropriate.

C. **DEFENDANT'S OPPOSITION MISREPRESENTS THE RECORD.**

In its desperate attempt to paint Relator's claims as federal ones, Defendant claims that paragraphs 240 and 250, and page 52 of the Complaint seek "any appropriate relief under federal law." Lilly's Opposition at 4:8-10. However, the word "federal" does not appear in either of those paragraphs or that page. Neither does any reference to a federal law exist in the text cited.

This exemplifies Defendant's mischaracterizations of Relator's Complaint and the fact that the Complaint does not make a claim or state a cause of action under federal law.

D. **THE DECISIONS OF THE ZYPREXA MDL JUDGE ARE NOT PURSUASIVE.**

While the Zyprexa MDL Judge has refused remand in three similar actions, four other federal judges have disagreed. *See South Carolina ex. rel. McMaster v. Eli Lilly & Co.*, No. 7:07-1875, Slip Op., 2007 WL 2261693 (D.S.C. Aug. 3, 2007) ("South Carolina Order"); *Alaska v. Eli Lilly & Co.,* No. 06-88, 2006 WL 2168831 (D. Ak. July 28, 2006) ("Alaska Order"); *Utah v. Eli Lilly & Co.,* Slip. Op., No. 07-380 (D. Utah Sept. 4, 2007) ("Utah Order"); *Pennsylvania v. Eli Lilly & Co.,* No. 07-1083, 2007 WL 1876531 (E.D. Pa. June 27, 2007) ("Pennsylvania Order"), attached as Exhibits A through D, respectively, to the Declaration of Jeanette Haggas In Support of Motion To Remand.

Importantly, an examination of the Zyprexa MDL decisions reveals that it invoked a federal issue because "the question of the state's obligation to reimburse its insureds for Zyprexa, using funds largely provided by the federal government, is essential to the state's theory of damages and presents a substantial and disputed federal issue under *Grable.*" Lilly's Opposition at 12:11-14. However, these decisions do not specify

-3-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT [28 U.S.C. §1447]

what about the State's obligation to reimburse its insured is actually in dispute. Relator does not dispute that California had an obligation to reimburse its insureds for Zyprexa. Neither does she dispute that the federal government provides 50% of California's Medicaid funding. See Lilly's Opposition at 9:18-19. Because these decisions do not specify what the dispute is concerning the State's obligations are pursuant to federal funding, they are not persuasive.

### III. CONCLUSION

In sum, this case cannot be "squeezed into the 'slim category' of [state-law] cases" that *Grable* and *Empire* allow federal courts to decide. Haggas Decl. In Support Of Mot. To Remand ¶6, Exh. D (Pennsylvania Order) at *17. On the face of the well-pleaded Complaint, Plaintiffs do not allege a federal cause of action. No federal issue is "actually disputed" or necessary for the adjudication of Plaintiffs' claims. Further, a finding of jurisdiction here would upset the balances between federal and state courts. Because no federal question exists, this Court lacks jurisdiction and should remand the action pursuant to 28 U.S.C. §1447. Therefore, Plaintiffs' request an order GRANTING remand.

DATED: November 21, 2007.

HERSH & HERSH
A Professional Corporation

By _____
NANCY HERSH, ESQ.
MARK E. BURTON, JR., ESQ.
RACHEL ABRAMS, ESQ.
JEANETTE HAGGAS, ESQ.
HERSH & HERSH
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

Attorneys for Plaintiffs