Timothy T. Scott (SBN 126971)
tscott@sidley.com
Geoffrey M. Ezgar (SBN 184243)
gezgar@sidley.com
Paul L. Yanosy (SBN 233014)
pyanosy@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California  94104
Telephone:      (415) 772-1200
Facsimile:       (415) 772-7400

Paul E. Kalb, M.D.
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:      (202) 736-8000
Facsimile:       (202) 736-8711

Nina M. Gussack (admitted *pro hac vice*)
Andrew R. Rogoff (admitted *pro hac vice*)
Allyson L. Baccini (admitted *pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone:      (215) 981-4000
Facsimile:       (215) 981-4750

Attorneys For Defendant
ELI LILLY AND COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA *ex rel*. JAYDEEN VICENTE and JAYDEEN VICENTE Individually,<br><br>　　　　　Relator,<br><br>　　vs.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　　Defendant. | Case No. 07-cv-04911-CRB<br><br>Assigned to: Hon. Charles R. Breyer<br><br>**DEFENDANT ELI LILLY AND COMPANY'S SUPPLEMENTAL NOTICE OF REMOVAL** |

**SUPPLEMENTAL NOTICE OF REMOVAL – CASE NO. 07-CV-04911-CRB**

**Supplemental Notice of Removal**

1.   On September 21, 2007, Defendant Eli Lilly and Company ("Lilly") removed this action to this Court, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, on two separate and independent grounds: (1) Relator Jaydeen Vicente's ("Relator") has expressly alleged violations of, and "liability under," the federal False Claims Act, 31 U.S.C § 3729. *See* Compl. ¶¶ 64, 210 & p. 43, and (2) Relator has asserted state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). (Lilly's Notice of Removal of Action Under 28 U.S.C. § 1441(b), pp. 5-13).

2.   This Court's jurisdiction continues to be proper for both of the reasons set forth in Lilly's Notice or Removal. Relator has recently filed a motion from which Lilly has ascertained that there is an additional basis for this Court's jurisdiction.

**Relator's Subsequent Assertion of a Putative Class Action Removable Under CAFA**

3.   On November 16, 2007, Relator filed her Opposition to Lilly's Motion to Dismiss. In this filing, Relator makes clear that, although her Complaint was not styled as a class action and did not allege class claims, she now purports to bring this action on behalf of a class.

4.   Relator's assertion of a putative class action provides an additional basis for this Court's jurisdiction – diversity jurisdiction pursuant to the provisions of the Class Action Fairness Act of 2005 ("CAFA"). This Court has jurisdiction under CAFA because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a putative class action in which a member of the Plaintiff class is a citizen of a state different from the state of which Lilly, the only defendant, is a citizen. *See* 28 U.S.C. § 1332(d)(2)(A).

  **A.**  **Putative Class Action**

5.   Section 1332(d)(1)(B) provides that "the term 'class action' means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of

1  judicial procedure authorizing an action to be brought by 1 or more representative persons as a class
2  action." California law so provides for such class actions, statutorily authorizing individuals to seek
3  relief on behalf of themselves and others similarly situated "when the question is one of common or
4  general interest, of many persons, or when the parties are numerous, and it is impracticable to bring
5  them all before the court." Cal. Code Civ. Proc., § 382.

6.  Relator's Opposition contains allegations indicating that Relator seeks to bring this action on behalf of a putative class. In particular, Relator now states that she brings this action "on behalf of all California taxpayers whose money funded the State Medicaid Program" and "Relator, as a qui tam plaintiff, is capable of vigorously and tenaciously protecting class interests and acting as a fiduciary for both the class and the State of California." (Relator's Opposition to Lilly's Motion to Dismiss, pp. 6-7).

7.  Further demonstrating the class treatment she seeks, Relator's Opposition asserts that this action "meets the requirements of Section 382," the provision of the California Code of Civil Procedure governing class actions, in that it allegedly involves "(1) an 'ascertainable class' of numerous parties and (2) 'community of interest in the questions of fact and law involved.'" (Relator's Opposition to Lilly's Motion to Dismiss, p. 6).

8.  Finally, in a pleading filed with the MDL, Relator has stated that she "seeks recovery of past, present, and future medical expenses for recipients of the California Medicaid and Medi-Cal program." (Plaintiffs State of California Ex. Rel Jaydeen Vicente's Memorandum in Support of Motion to Vacate The Judicial Panel on Multidistrict Litigation's Conditional Transfer Order, attached hereto (without exhibits) as Exhibit A, at pp. 3-4). This claim suggests that Relator seeks relief on behalf of a class of all "recipients of the California Medicaid and Medi-Cal program." (*Id.*) By seeking relief on behalf of this class, Relator asserts a right to prosecute her claims as a class action.

**B.    Amount In Controversy**

9.  Relator's allegations make clear that she seeks amounts far in excess of the $5,000,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2).

10. Relator's Complaint alleges that "California has been damaged in an amount

that is believed to be in excess of tens of millions of dollars annually for claims submitted for Zyprexa in Northern California alone." (Compl. ¶ 226).

11. Relator further alleges that the State of California funded "millions of dollars" of Zyprexa purchases. (Compl. ¶¶ 11, 16, 185).

### C. Minimal Diversity

12. To satisfy CAFA's minimal diversity requirements, "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (CAFA requires only minimal diversity for covered class actions).

13. Here, Relator is a resident of the State of California.[1] (Compl. ¶ 17). Moreover, Relator's purported class includes "all California taxpayers whose money funded the State Medicaid Program." (Relator's Opposition to Lilly's Motion to Dismiss, p. 6).

14. Lilly is an Indiana incorporation with its principal place of business in Indiana, (Compl. ¶ 18), and thus is a resident and citizen of the State of Indiana. *See* 28 U.S.C. § 1332(c)(1).

15. Because all class members are citizens of California and Lilly is a citizen of Indiana, there is diversity jurisdiction under CAFA. The fact that the State of California is not a citizen of any state does not destroy diversity because CAFA requires minimal, rather than complete, diversity. *See Ponca Tribe of Indians of Oklahoma v. Continental Carbon Company*, 439 F. Supp. 2d 1171, 1177-78 (W.D. Okla. July 13, 2006) (presence of plaintiff that was not a citizen of any state did not destroy diversity over class claims under CAFA).

### D. Statutory Exceptions To CAFA Do Not Apply

16. No defendant in this matter is a "State[], State official[], or other governmental entit[y] against whom the district court may be foreclosed from ordering relief."

---

[1] The Complaint specifically identifies Relator's residence rather than her domicile. (Compl. ¶ 17) (alleging that Relator is a "citizen of the United States and a resident of the State of California.") Other allegations in Relator's pleadings, however, support the conclusion that Relator is also domiciled in the State of California. For instance, Relator alleges in her Complaint that, beginning in 2000, she was employed by Lilly in the State of California. (Compl. ¶ 17). And Relator's Opposition to Lilly's Motion to Dismiss alleges that she is a California taxpayer. (Relator's Opposition to Lilly's Motion to Dismiss, p. 6).

Thus, the exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(5)(A) does not apply.

17. Relator purports to bring this action on behalf of at least 100 class members in that her purported class includes "all California taxpayers whose money funded the State Medicaid Program." (Relator's Opposition to Lilly's Motion to Dismiss, p. 6). Thus, the exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(5)(B) does not apply.

18. The "local controversy" exception of section 1332(d)(4)(A) also does not apply.

> Under the "local controversy" exception, district courts must decline jurisdiction where four circumstances are met: (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case.

*Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (citing 28 U.S.C. § 1332(d)(4)(A)). Here, the second circumstance is not met because there are not any "significant defendants" from the forum state of California. 28 U.S.C. § 1332(d)(4)(A)(II). Lilly, the only defendant to this case, is not a citizen of the forum state of California.

19. Nor does Section 1332(d)(4)(B)'s "home state exception" to CAFA jurisdiction apply. Under the "home state exception," a district court shall decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants, are citizens of the State in which the action was originally filed." Here, Lilly, the only defendant and therefore also the "primary defendant," is not a citizen of the forum state of California. 28 U.S.C. § 1332(d)(4)(B); (Compl. ¶ 18).

20. Because the Northern District of California has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A), and because no statutory exception to such CAFA jurisdiction applies, this case is removable pursuant to 28 U.S.C. § 1441(a).

21. Venue is proper in this district and division under 28 U.S.C. § 1441(a)

4

1 because the removed action has been pending within this district and division.

2. 22. This Supplemental Notice of Removal is timely filed within thirty (30) days after the receipt by Lilly of the pleading from which Lilly could ascertain this additional basis for removal. 28 U.S.C. § 1446(b). Relator first alleged her class claims in her Opposition to Lilly's Motion to Dismiss, filed on November 16, 2007.

23. Pursuant to 28 U.S.C. § 1446(a), Defendant is required to file "a copy of all process, pleadings, and orders served upon" it. Lilly filed the Superior Court papers served upon it as Exhibit A to its initial Notice of Removal, filed on September 21, 2007.

24. By filing this Supplemental Notice of Removal, Defendant does not waive, either expressly or implicitly, its rights to assert any defenses which it could have asserted in the Superior Court of the State of California for the County of San Francisco.

Dated: December 5, 2007                             SIDLEY AUSTIN LLP


By: /s/ Timothy T. Scott
    Timothy T. Scott
    Attorneys For Defendant
    ELI LILLY AND COMPANY