BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: | MDL Docket No. 1596 |
| ZYPREXA PRODUCTS LIABILITY LITIGATION | |

**PLAINTIFFS STATE OF CALIFORNIA EX. REL. JAYDEEN VICENTE'S
MEMORANDUM IN SUPPORT OF MOTION TO VACATE
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S
CONDITIONAL TRANSFER ORDER**

**I.   INTRODUCTION**

The Conditional Transfer Order (CTO-109) was issued on October 23, 2007, ordering transfer of this action to the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. On November 7, 2007, Plaintiff-Relator Jaydeen Vicente, as plaintiff in the action captioned *State of California, ex rel. Jaydeen Vicente v. Eli Lilly & Co.*, USDC, Northern District of California, No. 3:07-4911 (The Honorable Charles R. Breyer), filed a notice of opposition to the Panel's

1

Conditional Transfer Order, pursuant to Judicial Panel on Multidistrict Litigation Rule 7.4(c). Pursuant to Judicial Panel on Multidistrict Litigation Rule 7.4(d), Plaintiff-Relator Vicente now files this Motion to Vacate the Panel's Conditional Transfer Order.

## II. PRELIMINARY STATEMENT

On May 11, 2007, Plaintiff-Relator Vicente filed an action against Eli Lilly & Company (hereinafter "Lilly"), in the Superior Court of California, County of San Francisco. Complaint attached as Exhibit A. Subsequently, on September 21, 2007, Lilly improperly removed that action to the United States District Court for the Northern District of California and now seeks to have the case transferred to the Zyprexa MDL, despite completely unrelated causes of action.

On April 14, 2004, the Judicial Panel on Multidistrict Litigation (hereinafter "Panel") transferred, pursuant to 28 U.S.C. Section 1407, six unrelated civil actions against Lilly to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings. *See In re Zyprexa Products Liability Litigation*, 314 F. Supp. 2d 1380 (J.P.M.L. 2004). On October 23, 2007, the Panel filed a Conditional Transfer Order (hereinafter "CTO") transferring the above-referenced case, stating, "It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of New York and assigned to Judge Weinstein." CTO-109 attached as Exhibit B. By its plain language, the Panel's Order is apparently based on the presumption that Plaintiff-Relator Vicente's action shares common questions of fact with the six originally transferred cases and subsequent filed tag-along cases. A brief examination of the allegations and claims in the Plaintiff-Relator Vicente's Complaint demonstrates that the

Panel's presumption is unwarranted. For that reason, Plaintiff-Relator Vicente has filed this Motion to Vacate the Panel's Order.

### III.   STANDARD FOR TRANSFER

In determining whether or not a potential tag-along case is suitable for consolidation and transfer pursuant to 28 U.S.C. §1407, the Panel must consider to what extent the putative tag-along case and the other actions centralized by the Panel involve common questions of fact and whether centralization under Section 1407 "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of [the] litigation." *In re Unumprovident Corp. Securities, Derivative & "ERISA" Litigaiton*, 280 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003). Where, as here, the putative tag-along action does not share core issues of fact with the other actions transferred to the Eastern District of New York and transfer would neither serve the convenience of the parties and witnesses, nor promote the just and efficient conduct of the litigation, the Panel clearly should vacate the proposed transfer.

### IV.   PLAINTIFF-RELATOR'S *QUI TAM* ACTION

#### A.   The *Qui Tam* Action Alleges Different Causes of Action and Seeks Different Damages.

As stated above, on May 11, 2007, Plaintiff-Relator Vicente filed an action against Eli Lilly & Company. Plaintiff-Relator Vicente asserts causes of action for violations of California False Claims Act (Cal. Gov't Code §12650 *et seq.*), California Business & Profession Code Section 17200 and Section 17500; California common law fraud and fraudulent misrepresentation. The allegations in the Complaint involve Lilly's marketing and promotion of Zyprexa in California and the increased cost to California's Medicaid program resulting from Lilly's conduct in that regard. Plaintiff-Relator Vicente

3

seeks recovery of past, present and future medical expenses for recipients of the California Medicaid and Medi-Cal program, restitution, injunction, civil penalties and other pecuniary relief.

Federal courts have remanded similar actions filed on behalf of the state for lack of federal question jurisdiction. *See South Carolina ex. rel. McMaster v. Eli Lilly & Co.*, No. 7:07-1875, Slip Op., 2007 WL 2261693 (D.S.C. Aug. 3, 2007) ("South Carolina Order"); *Alaska v. Eli Lilly & Co.*, No. 06-88, 2006 WL 2168831 (D. Ak. July 28, 2006) ("Alaska Order"); *Utah v. Eli Lilly & Co.*, Slip. Op., No. 07-380 (D. Utah Sept. 4, 2007) ("Utah Order"); *Pennsylvania v. Eli Lilly & Co.*, No. 07-1083, 2007 WL 1876531 (E.D. Pa. June 27, 2007) ("Pennsylvania Order"), attached as Exhibits C through F, respectively. Each of these courts held that the action did not raise a federal issue that was "actually disputed" or constituted a "substantial federal question" to confer federal jurisdiction. Plaintiff-Relator Vicente herein alleges similar claims for relief as the states in the referenced cases set forth above. This case should likewise not be transferred to the MDL and should be remanded back to California state court.

### B. The State Action and the Originally Transferred and Consolidated MDL Cases Present Uncommon Issues of Fact and Law.

The first prerequisite for transfer pursuant to 28 U.S.C. Section 1407 is that common questions of fact must be present. Implicit in the common question requirement is the notion that it should be more economical or convenient to conduct pretrial proceedings on the common issues in one forum. Accordingly, the common factual issues must be more than minimal.

The six actions that were originally transferred by the Panel on April 14, 2004, share few common factual issues that warrant the transfer of Plaintiff-Relator Vicente's

4

action for consolidated or coordinated pretrial proceedings. Granted, Lilly is a common defendant, but the causes of action are different and the factual issues presented by Plaintiff-Relator Vicente's action are much more complex than the those presented by the individual product liability claims alleged in the other transferred cases.

In its April 14, 2004, Order, the Panel stated that transferring the original six cases would "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, counsel and the judiciary." *In re Zyprexa Products Liability Litigation*, 314 F. Supp. 2d at 1381. The Panel stated that all of the underlying actions contained "product liability claims and factual allegations focusing on the safety of Zyprexa." *Id.* at 1382. Plaintiff-Relator Vicente's action does not fit into the Panel's description of the claims at issue in the six originally transferred cases. Plaintiff-Relator Vicente's case is not an individual product liability case. Instead, Plaintiff-Relator Vicente's action is a whistle-blower action under California's False Claims Act and involves unique claims involving the marketing and promotion of Zyprexa in California and Lilly's conduct in that regard which violated state statutory and common law. Rather than focusing on Lilly's conduct with regard to an individual, and whether appropriate warnings were communicated to physicians or patients, Plaintiff-Relator Vicente's case focuses on Lilly's marketing and promotional conduct in California only and resulting violations of California state law. Additionally, instead of focusing on an individual's personal injury and damages resulting from Lilly's conduct, Plaintiff-Relator Vicente's case involves measures of damage unique to California and the type of action it is pursuing, including statutory civil penalties. Significantly, none of the six originally transferred cases involves damages of the nature sought by a *qui tam* action.

The factual allegations and legal contentions that support the claims in the six originally transferred cases are different from the factual allegations and legal theories of Plaintiff-Relator Vicente's action. There will likely be no discovery or other pretrial matters that are common to the State's action and the other transferred cases. Indeed, Plaintiff-Relator Vicente's action will require its own unique discovery, and pretrial motion work, which will be irrelevant to those cases originally transferred. Furthermore, transfer of Plaintiff-Relator Vicente's action will not serve the convenience of the parties and witnesses, nor will it promote the just and efficient conduct of this litigation.

After the Panel has had an opportunity to review Plaintiff-Relator Vicente's Complaint and compare it to the different claims and allegations contained in the six originally transferred cases, it should be clear that there is no benefit to the parties or the judiciary in transferring Plaintiff-Relator Vicente's action for coordination or consolidation with such dissimilar cases.

## V. FEDERAL QUESTION JURISDICTION DOES NOT EXIST HERE.

Lilly removed the State of Alaska's suit concerning the drug Zyprexa citing the same authority and basis as it did in removing this *qui tam* action. District Court Judge Burgess of the United States District Court for the District of Alaska ruled that "Plaintiff's claims do not implicate a substantial federal question, and the Court does not find complete preemption." See Exhibit E, ¶2. There, the Honorable Burgess engaged in a cogent analysis of federal question jurisdiction as it applies to the same circumstances in the case at hand and remanded the case finding that the State was only seeking damages under State law. *Id.*

Similarly, Plaintiff-Relator Vicente's Complaint does not present a federal question and the only federal issue identified by Lilly is the *defense* of preemption. The

United States Supreme Court and the Tenth Circuit as well as each and every Circuit in this country recognizes that preemption defense does not provide federal question jurisdiction. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); *Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir. 1996) (federal question jurisdiction not appropriate "even if both parties agree that the only issue for decision in a case is the validity of a federal preemption defense").

The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Further, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247; *see also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 & n.2 (2002). The presumption is "against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The party asserting federal jurisdiction has the burden to prove the appropriateness of removal from state to federal court. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir.2005); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir.2001). Thus, doubtful cases must be resolved in favor of remand.

The only authority cited by Lilly in support of its removal is *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). But *Grable* does not support Lilly's position at all and as a matter of fact, the *Grable* Court specifically stated that *Merrell Dow* "is not to the contrary" of the Court's holding in

*Grable*. *Grable*, 545 U.S. at 309. The *Grable* Court held that the case warranted federal jurisdiction because "Grable premised its superior title claim on the IRS's failure to give adequate notice, as defined by federal law. Whether Grable received notice is an essential element of its quiet title claim, and the federal statute's meaning is actually disputed." *Id.* But, *Grable* is a limited ruling and ultimately held that "it takes more than a federal element to "open the 'arising under' door." *Empire Healthcare Assurance Inc. v. McVeigh*, 126 S.Ct. 2121, 2137 (2006).

To the contrary of the circumstance in *Grable*, Plaintiff-Relator Vicente's claims do not contain any essential elements based on federal law. Additionally, Lilly does not claim that the meaning of any federal statue is "actually disputed." The only federal issue in dispute is the defense of preemption which clearly does not confer federal jurisdiction. *See Merrell Dow*, 478 U.S. 804; *Schmeling*, 97 F.3d 1336; *Topeka Housing Authority*, 404 F.3d 1245.

Furthermore, the Supreme Court made it clear that there is no federal jurisdiction even if a violation of federal law forms part of the basis of Plaintiffs' complaint. In *Merrell Dow*, the Court held that district courts do not have federal question jurisdiction over a state law claim when the plaintiff relies on federal law as an element of a claim, unless federal law creates a private cause of action for the alleged violation. *Merrell Dow* at 816-17. The defendant in *Merrell Dow* attempted to remove the case to federal court based on plaintiff's allegations that defendant's actions were negligent per se under the federal Food, Drug and Cosmetic Act ("FDCA"). The plaintiff's claim for negligence was clearly a state law claim, and even though plaintiff cited the FDCA as one basis for liability, federal law was simply used as an element of a state law claim. This was not

sufficient to create federal question jurisdiction, because Congress did not intend to allow private litigants to assert federal claims under the FDCA. *Id.* at 816; *see also Casey v. Midwest Title Service*, 2006 WL 2862457 (N.D. Okla. Oct. 4, 2006). However, the case at bar does not rest on violations of any federal law, nor does federal law comprise any element of Plaintiffs' causes of action.

In removing this action, Lilly's removal papers point to various provisions of the FDCA and generally to Medicaid law claiming that Plaintiff would have to make some sort of showing under these laws in order to prevail. This is simply not true. Plaintiffs' state claims are for violations of California False Claims Act (Cal. Gov't Code §12650 *et seq.*) and California Business & Profession Code Section 17200 and Section 17500. There is no provision of federal law that is an essential element of the Plaintiff-Relator Vicente's state law claims that Lilly over promoted Zyprexa by misrepresenting its safety and effectiveness and as a result more prescriptions for Zyprexa were written then otherwise would have been. Furthermore, Lilly can not point to any provision of federal law that is disputed by the parties. Therefore, the circumstance at bar is analogous to *Merrell Dow*, not *Grable*.

Since *Grable* was decided, several other drug companies have attempted to use *Grable* to support removal and federal jurisdiction of *qui tam* actions and all of those attempts were rejected. *See Hawaii v. Abbott Laboratories, Inc.*, 2006 WL 3457617 (D. Hawai'i 2006) (State brought claim in state court under state tort laws to recover Medicare Part B co-payments from pharmaceutical companies) and *Pennsylvania v. Tap Pharmaceutical Products, Inc.*, 415 F. Supp. 2d 516 (E.D. Pa. 2005).

One of the justifications the *Grable*, Court used for justifying federal jurisdiction was "because it will be the rare state title case that raises a federal-law issue, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor." *Grable*, 545 U.S. at 309.

Here, if the Court were to accept federal question jurisdiction, thousands of pharmaceutical cases with any allegation about inappropriate warnings and/or over promotion would suddenly be subject to federal jurisdiction. Because inappropriate warnings and over promotion are common issues to almost every pharmaceutical case, thousands of cases handled by state courts would be moved into the federal courts, despite the Court's lack of jurisdiction.

## VI. CONCLUSION

Before the Panel may transfer cases pursuant to 28 U.S.C. Section 1407, it must make an affirmative finding that transfer: (1) will be for the convenience of the parties and witnesses; and (2) will promote the just and efficient conduct of the cases. For the foregoing reasons, Plaintiff-Relator Vicente submits that neither of the requisite findings can be made and thus respectfully asks that the Panel vacate the October 23, 2007 Conditional Transfer Order-109 as to Plaintiff-Relator Vicente.

Dated: November 21, 2007

Respectfully submitted,

Jeanette Haggas, CA Bar No. 244713
HERSH & HERSH
A Professional Corporation
2080 Opera Plaza
601 Van Ness Avenue
San Francisco, CA 94102-6388
(415) 441-5544