**FILED**

A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Feb 13, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 13, 2008**

**FILED
CLERK'S OFFICE**

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ZYPREXA PRODUCTS LIABILITY LITIGATION
State of California ex rel. Jaydeen Vicente v. Eli Lilly & Co.,   )
N.D. California, C.A. No. 3:07-4911                                )         MDL No. 1596

## TRANSFER ORDER

**Before the entire Panel**: Plaintiff-relator in this Northern District of California action moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Eastern District of New York for inclusion in MDL No. 1596. Defendant Eli Lilly and Co. (Lilly) opposes the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of New York, and that transfer of this action to the Eastern District of New York for inclusion in MDL No. 1596 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of New York was a proper Section 1407 forum for actions involving claims of injury related to the prescription drug Zyprexa. *See In re Zyprexa Products Liability Litigation*, 314 F.Supp.2d 1380 (J.P.M.L. 2004).

Plaintiff-relator argues against transfer, *inter alia*, that the action, which pleads statutory claims under state law on behalf of the state, does not share sufficient questions of fact with the products liability claims in the actions previously centralized in MDL No.1596, which primarily arise from product defect and failure to warn, to warrant transfer. We are unpersuaded by this argument. Regardless of the differences in legal theory, the present claims similarly arise from representations about the safety of Zyprexa and its adverse effects, in particular, the incidence of diabetes and related diseases in users. Moreover, similar claims brought by the attorneys general of other states are already pending in MDL No. 1596. Inclusion of the present claims in MDL No. 1596 will have the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that (1) prevents repetition of previously considered matters; and (2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| D. Lowell Jensen | J. Frederick Motz |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |